1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            WESTERN DISTRICT OF WASHINGTON

10                     AT SEATTLE

11   AMIGA, INC., a Delaware corporation,        CAUSE NO.: CV07-0631-RSM

12              Plaintiff,                        **DECLARATION OF MORGAN W. TOVEY
                                                 IN SUPPORT OF PLAINTIFF AMIGA,**
13         vs.                                   **INC.'S EX PARTE APPLICATION FOR
                                                 ORDER GRANTING EXPEDITED**
14   HYPERION VOF, a Belgium corporation,        **DISCOVERY**

15              Defendant.                        **NOTE ON MOTION CALENDAR:
                                                 MAY 11, 2007**

16
                                                 **ORAL ARGUMENT REQUESTED**
17
                                                 **COURT:      HON. RICARDO MARTINEZ**
18

19

20

21        1.    I, MORGAN W. TOVEY, declare:

22        2.    I am an attorney at law licensed to practice before the Courts of the State of

23   California and have a Pro Hac Vice application pending to practice before this Court. I am a partner

24   with the law firm of REED SMITH LLP, attorneys of record for Plaintiff Amiga, Inc. ("Amiga"). I

25   make this Declaration in support of Plaintiff's Ex Parte Application for Order Granting Expedited

26   Discovery. I have personal knowledge of the matters set forth in this Declaration. If called as a

27   witness, I could and would competently testify to these matters.

28

TOVEY DECLARATION          - 1 -         CABLE, LANGENBACH, KINERK & BAUER LLP
CV07-0631-RSM                            1000 SECOND AVENUE BUILDING, SUITE 3500
                                         SEATTLE, WASHINGTON 98104-1048

1         3.    The parties have been attempting to resolve their dispute informally since

2    approximately September 2005.  On April 26, 2007, Amiga filed its Complaint against Hyperion

3    VOF ("Hyperion").

4         4.    Today, April 27, 2007, our office notified chambers, via telephone, that

5    Amiga would be presenting its Motion for Expedited Discovery today pursuant to Local Rule 7(d).

6         5.    Attached hereto as Exhibit A is Plaintiff Amiga's First Set of Requests for

7    Production of Documents and Things.

8         6.    Attached hereto as Exhibit B is Plaintiff Amiga's First Set of Requests for

9    Admission.

10        7.    Attached hereto as Exhibit C is Plaintiff Amiga's First Set of Interrogatories.

11        8.    I declare under penalty of perjury under the laws of the United States that the

12   foregoing is true.

13

     DATED this the 27th day of April, 2007.

14

15

16                               Morgan W. Tovey

17                               Attorneys for Plaintiff
                                 Amiga, Inc.

18   DOCSSFO-12465371.1

19

20

21

22

23

24

25

26

27

28

         - 2 -         CABLE, LANGENBACH, KINERK & BAUER LLP
                       1000 SECOND AVENUE BUILDING, SUITE 3500
                                        SEATTLE, WASHINGTON 98104-1048

# EXHIBIT A

1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 WESTERN DISTRICT OF WASHINGTON

10 AT SEATTLE

11 AMIGA, INC., a Delaware corporation, | CASE NO.: CV07-0631-RSM

12 Plaintiff, | **PLAINTIFF AMIGA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

13 vs.

14 HYPERION VOF, a Belgium corporation,

15 Defendant.

16

17

18

19

20

21 **PROPOUNDING PARTY:**          Plaintiff Amiga, Inc.

22 **RESPONDING PARTY:**          Defendant Hyperion VOF

23 **SET NUMBER:**          One (1)

24

25 Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Amiga, Inc. requests that

26 Defendant Hyperion VOF produce for inspection and copying the following documents and

27

28

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1  things at the offices of Reed Smith LLP, Two Embarcadero Center, Suite 2000, San Francisco,

2  California, 94111 on _____ at 10:00 a.m.

3

4  **DEFINITIONS**

5  The following terms have the meanings indicated below:

6  1.    The terms "**YOU**," "**YOUR**" and "**HYPERION**" refer to Defendant Hyperion

7  VOF and include all subsidiaries, divisions, predecessors or successors-in-interest, affiliates,

8  parents, officers, directors, employees, agents, contractors, and other persons controlled by or

9  acting on behalf of Hyperion VOF.

10  2.    The term "**AMIGA**" refers to Plaintiff Amiga and includes all subsidiaries,

11  divisions, predecessors or successors-in-interest, affiliates, parents, officers, directors,

12  employees, agents, contractors, and other persons controlled by or acting on behalf of Plaintiff

13  Amiga, Inc.

14  3.    The term "**LICENSE AGREEMENT**" refers to any agreement or sub-agreement

15  relating to the licensing of intellectual property.

16  4.    The terms "**OS 4**" and "**OS 4.0**" refer to the Amiga operating systems that were

17  developed and are being developed by Hyperion and were the subject of the 2001 OEM License

18  and Software Development Agreement between Amiga and Hyperion.

19  5.    The term "**SOURCE CODE**" refers to software when written in a form or

20  language understandable to humans, generally in a higher level computer language, and further

21  including embedded comments in the English language.

22  6.    The term "**OBJECT CODE**" refers to software in a machine readable form that

23  is not convenient to human understanding of the program logic, and that can be executed by a

24  computer using the appropriate operating system without compilation or interruption.

25  7.    The use of the singular shall be deemed to include the plural, and use of one

26  gender shall include all others as appropriate in the context.

27  8.    The terms "and" and "or" mean either the conjunctive or the disjunctive as

28

1ST SET OF REQUESTS FOR PRODUCTION    - 2 -
CV07-0631-RSM

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206 292-8800

1  context may require so that the meaning is inclusive rather than exclusive.

2      9.      The term "including" means including but not limited to.

3      10.     The term "each" means each and every.

4      11.     The term "any" means any and all.

5

6      12.     The terms "**REFER TO,**" "**REFERRING TO,**" "**RELATE TO**" and

7  "**RELATING TO**" request all documents and tangible things which in any way explicitly or

8  implicitly refer to, or could be reasonably construed to refer to, the subject matter of the request,

9  including, but not limited to, all documents and tangible things, which reflect, record,

10  memorialize, discuss, consider, review or report on the subject matter of the request.

11     13.     The term "**COMMUNICATION**" is used in the broadest possible sense, and

12  means any transmission or exchange of information from one person or entity to another, by any

13  means.

14     14.     The term "**DOCUMENT**" is used in the broadest possible sense, and means,

15  without limitation, any written, printed, typed, photostatic, photographed, recorded or otherwise

16  reproduced communication or representation, whether comprised of letters, words, numbers,

17  pictures, sounds or symbols, or any notes, records, letters, envelopes, telegrams, messages,

18  studies, analyses, contracts, agreements, projections, estimates, working papers, summaries,

19  statistical statements, financial statements or work papers, accounts, analytical records, reports

20  and/or summaries of investigations, opinions or reports of consultants, opinions or reports of

21  accountants, or other reports, trade letters, press releases, comparisons, books, diaries, articles,

22  magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts,

23  drawings, diagrams, instructions, minutes of meetings or other communications of any type,

24  including interoffice and intra office communications of any type, questionnaires, and surveys,

25  charts, graphs, photographs, phonographs, films, videotapes, disks, data cells, drums, printouts

26  and all other data compilations from which information can be obtained, any preliminary

27  versions, drafts or revisions of any kind of the foregoing, and other writings or documents of

28

1ST SET OF REQUESTS FOR PRODUCTION    - 3 -

CV07-0631-RSM

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206 292-8800

1  whatever description or kind, whether produced or authored by you or by anyone else, including

2  non-identical copies of any of the foregoing, now in your possession, custody, or control.

3     15.    The **AMIGA TRADEMARKS** refer to the AMIGA®, POWERED BY AMIGA

4  and "Boing Ball."

5                                 **INSTRUCTIONS**

6     1.    If any portion of a document or tangible thing is responsive to a request, the entire

7  document or tangible thing shall be produced, redacting only privileged material, if any.

8     2.    **YOU** are to produce the original and each non-identical copy of each document or

9  tangible thing requested herein which is in **YOUR** possession, custody or control.

10    3.    Documents produced pursuant to these requests shall be produced in the original

11 files and shall not be shuffled or otherwise rearranged.  Documents which were stapled, clipped

12 or otherwise fastened together shall be produced in that form.  Documents previously produced

13 by **YOU** need not be produced again.

14    4.    Tangible things produced pursuant to these requests shall be produced in their

15 present form and shall not be changed or modified in any way.

16    5.    These requests are of a continuing nature, and any additional responsive

17 documents discovered subsequent to the scheduled date of production herein should promptly be

18 produced to Defendants.

19    6.    If **YOU** claim that the attorney-client privilege or any other privileges may be

20 applicable to any document or written communication, the production of which is sought by

21 these requests, **YOU** shall, where applicable:

22

23        (a)    Describe generally the subject matter of the document and/or

24               communication;

25        (b)    Identify the author and addresses and recipients of the documents;

26

27

28

(c) Identify the participants in and witnesses to, the communication and all other persons to whom the substance of such communications has been disclosed;

(d) State the date on which the document was prepared or that communication was made;

(e) Identify each person who has ever had possession, custody or control of the document or any copy thereof; and

(f) Provide sufficient further information concerning the document and/or communication to explain the privilege and to allow a court to adjudicate the propriety of such claim.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS that REFER or RELATE to LICENSE AGREEMENTS for the development OS 4 and OS 4.0, including all LICENSE AGREEMENTS, Third Party Contract Agreements, Sublicenses and COMMUNICATIONS that REFER or RELATE to said DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 2**

The SOURCE CODE and OBJECT CODE to OS 4 and OS 4.0.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS that reflect in any way the extent to which Hyperion has marketed, distributed or sold OS 4 and OS 4.0, including but not limited to, any marketing materials, advertisements, Internet web site pages, sales documents and sales contracts, including but not limited to all agreements and written communications with ACube SRL, relating to OS 4 and OS 4.0.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS that reflect the extent to which Hyperion has used any or all of the

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206 292-8800

1  AMIGA TRADEMARKS in any way, including but not limited to, use of the AMIGA

2  TRADEMARKS to market, distribute or sell any computer software or computer hardware.

3  **REQUEST FOR PRODUCTION NO. 5**

4      All DOCUMENTS the REFER or RELATE to monetary payments exchanged between

5  YOU and AMIGA.

6  **REQUEST FOR PRODUCTION NO. 6**

7      All DOCUMENTS that REFER or RELATE to COMMUNICATIONS between YOU

8  and AMIGA regarding OS 4 and OS 4.0.

9  **REQUEST FOR PRODUCTION NO. 7**

10      All DOCUMENTS that reflect the current status and locations of the source code, object

11  code and intellectual property to OS 4 and OS 4.0.

12  **REQUEST FOR PRODUCTION NO. 8**

13      All DOCUMENTS that reflect the actions or steps, if any, that YOU contend Hyperion

14  VOF must take in order to obtain possession of the source code, object code and/or intellectual

15  property to OS 4 and OS 4.0.

16

17

18

19

20

21

22

23

24

25

26

27

28

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206 292-8800

1    DATED this the _____ day of _____, 2007.

2                    CABLE, LANGENBACH, KINERK & BAUER, LLP

3

4

5    By: _____
         Lawrence R. Cock, WSBA No. 20326
6        lrc@cablelang.com
         Cable, Langenbach, Kinerk & Bauer, LLP
7        1000 Second Avenue
         Suite 3500
8        Seattle, WA  98104
         Telephone:  (206) 292-8800
9        Facsimile:  (206) 292-0494

10       Scott D. Baker (Pro Hac Vice application pending)
         sbaker@reedsmith.com
11       Morgan W. Tovey (Pro Hac Vice application pending)
         mtovey@reedsmith.com
12       Alison B. Riddell Pro Hac Vice application pending)
         ariddell@reedsmith.com
13       Reed Smith LLP
         Two Embarcadero Center, Suite 2000
14       San Francisco, CA  94111-3922
         Telephone:  (415) 543-8700
15       Facsimile:  (415) 391-8269

16       Attorneys for Plaintiff

17    DOCSSFO-12465524.1

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9              WESTERN DISTRICT OF WASHINGTON

10                       AT SEATTLE

11  AMIGA, INC., a Delaware corporation,          CASE NO.: CV07-0631-RSM

12              Plaintiff,                        **PLAINTIFF AMIGA, INC.'S FIRST
                                                  REQUEST FOR ADMISSIONS**
13        vs.

14  HYPERION VOF, a Belgium corporation,

15              Defendant.

16
17
18
19
20  **PROPOUNDING PARTY:**          Plaintiff Amiga, Inc.

21  **RESPONDING PARTY:**           Defendant Hyperion VOF

22  **SET NUMBER:**                 One (1), Requests for Admissions Nos. 1-

23        Pursuant to Federal Rule of Civil Procedure § 36, Plaintiff Amiga, Inc. requests that

24  Defendant Hyperion VOF respond to the following requests for admissions within ten (10)

25  days of the Order Granting Expedited Discovery.

26                       **DEFINITIONS**

27        The following terms have the meanings indicated below:

28        1.      The terms "**YOU**," and "**YOUR**" and "**HYPERION**," refer to Defendant

---

1   Hyperion VOF and include all subsidiaries, divisions, predecessors or successors-in-interest,

2   affiliates, parents, officers, directors, employees, agents, contractors, and other persons

3   controlled by or acting on behalf of Defendant Hyperion VOF.

4   2.    The terms "**PLAINTIFF**" and "**AMIGA**" refer to Plaintiff Amiga, Inc., and

5   include all subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parents,

6   officers, directors, employees, agents, contractors, and other persons controlled by or acting

7   on behalf of Plaintiff Amiga, Inc.

8   3.    The term "**AGREEMENT**" refers to the OEM License and Software

9   Agreement entered into by Plaintiff Amiga, Inc. and Defendant Hyperion VOF on November

10   3, 2001.

11   4.    The term "**SOFTWARE**" refers to the source code of Amiga OS 3.1 and the

12   upgrades of Amiga OS 3.1, including but not limited to OS 3.5 and OS 3.9 and associated

13   "Boing Bags."

14   5.    The term "**TARGET HARDWARE**" refers to the PPC based hardware

15   developed and marketed for the Amiga platform.

16   6.    The terms "**OS 4**" and "**OS 4.0**" refer to refer to the Amiga operating systems

17   that were developed and are being developed by Hyperion and were the subject of the 2001

18   OEM License and Software Development Agreement between Amiga and Hyperion.

19   7.    The term "**AMIGA TRADEMARKS**" refers to AMIGA®, "POWERED BY

20   AMIGA" and "Boing Ball."

21   **REQUESTS FOR ADMISSIONS**

22   **REQUEST FOR ADMISSION NO. 1**

23   Admit that the provision in Section 2.01 of the **AGREEMENT** providing **YOU** "a

24   right and license to use and modify the **SOFTWARE** and an exclusive right and license to

25   market and distribute **OS 4** as a standalone version for the **TARGET HARDWARE** and as

26   an OEM version shipped with the Amiga One" does not survive termination of the

27   **AGREEMENT** under Section 6.03 of the **AGREEMENT**.

28

**REQUEST FOR ADMISSION NO. 2**

Admit that the provision in Section 2.01 of the **AGREEMENT** providing **YOU** "a right and license to use the Amiga trademarks in conjunction with the Amiga One" does not survive termination of the **AGREEMENT** under Section 6.03 of the **AGREEMENT**.

**REQUEST FOR ADMISSION NO. 3**

Admit that **YOU** never received any other rights or licenses for the use of Amiga's **SOFTWARE** or for the use of the **AMIGA TRADEMARKS** from **AMIGA** other than the rights and licenses **YOU** received in the **AGREEMENT**.

**REQUEST FOR ADMISSION NO. 4**

Admit that **YOU** marketed and distributed **OS 4** for platforms other that the **TARGET HARDWARE**.

**REQUEST FOR ADMISSION NO. 5**

Admit that **YOU** used the **AMIGA** trademarks in conjunction with computer software and computer hardware other than the Amiga One.

**REQUEST FOR ADMISSION NO. 6**

Admit that **YOU** continue to use the **SOFTWARE** by, among other things, creating derivative works based on the **SOFTWARE**, including but not limited to **OS 4** and **OS 4.0.**

**REQUEST FOR ADMISSION NO. 7**

Admit that **YOU** continue to use the **AMIGA TRADEMARKS** in the marketing and distribution of computer software and computer hardware.

**REQUEST FOR ADMISSION NO. 8**

Admit that the provision in Section 3.01 of the **AGREEMENT** provides that "**AMIGA** may, at any time but no later than six (6) month after the completion of **OS 4.0**, elect to pay **HYPERION** twenty-five thousand USD (25,000 USD) in order to acquire the object code, source code and intellectual property of **OS 4.0.**"

**REQUEST FOR ADMISSION NO. 9**

Admit that **AMIGA** tendered twenty-five thousand USD (25,000 USD) to **YOU** and requested that **YOU** turn over to **AMIGA** the object code, source code and intellectual

1  property of **OS 4.0**.

2

3  **REQUEST FOR ADMISSION NO. 10**

4      Admit that YOU have refused and continue to refuse to turn over the object code,

5  source code and intellectual property of **OS 4.0** to **AMIGA**.

6

7      DATED this the ___th day of April, 2007.

8          CABLE, LANGENBACH, KINERK & BAUER, LLP

9

10      By:   _____

Lawrence R. Cock, WSBA No. 20326
lrc@cablelang.com
Cable, Langenbach, Kinerk & Bauer, LLP
1000 Second Avenue
Suite 3500
Seattle, WA 98104
Telephone: (206) 292-8800
Facsimile: (206) 292-0494

Scott D. Baker (Pro Hac Vice application pending)
sbaker@reedsmith.com
Morgan W. Tovey (Pro Hac Vice application pending)
mtovey@reedsmith.com
Alison B. Riddell (Pro Hac Vice application pending)
ariddell@reedsmith.com
Reed Smith LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Attorneys for Plaintiff

DOCSSFO-12465536.1

# EXHIBIT C

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                      WESTERN DISTRICT OF WASHINGTON

10                               AT SEATTLE

11   AMIGA, INC., a Delaware corporation,        CASE NO.: CV07-0631-RSM

12                    Plaintiff,                  **PLAINTIFF AMIGA, INC.'S FIRST SET
                                                 OF INTERROGATORIES**
13          vs.

14   HYPERION VOF, a Belgium corporation,

15                    Defendant.

16
17
18
19
20   **PROPOUNDING PARTY:**          Plaintiff Amiga, Inc.

21   **RESPONDING PARTY:**           Defendant Hyperion VOF

22   **SET NUMBER:**                 One (1), Special Interrogatory Nos. 1 – 55

23

24        Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Amiga, Inc. requests that you

25   answer the following interrogatories fully in writing under oath, in accordance with the

26   Definitions and Instructions set forth below:

27
28

## DEFINITIONS

The following terms have the meanings indicated below:

The terms "**YOU**" and "**YOUR**" refer to Hyperion VOF and include all subsidiaries, divisions, predecessors or successors-in-interest, affiliates, parents, and all persons acting on its behalf, including officers, directors, agents, servants, employees, attorneys, consultants, and representatives, past or present, whether or not they were acting within the scope of their employment, and all other parties acting, or purporting to act, on its behalf.

The use of the singular shall be deemed to include the plural, and use of one gender shall include all others as appropriate in the context.

The terms "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the meaning is inclusive rather than exclusive.

The term "including" means including but not limited to.

The term "each" means each and every.

The term "any" means any and all.

As used herein, the term "**IDENTIFY**" when used with respect to a natural person requires **YOU** to provide:

   a. The person's full name;

   b. The person's current or last known residence address and telephone number;

   c. The person's current or last known business address and telephone number;

   d. The person's current or last known employer and job title for such employer; and

   e. A statement of precisely what such person said and did with respect to the matter inquired into by such Interrogatory.

As used herein, "**IDENTIFY**" when used with respect to a person other than a natural person requires **YOU** to provide:

1ST SET OF INTERROGATORIES  - 2 -  CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
Case No. CVO7-0631-RSM  SEATTLE, WASHINGTON 98104-1048
(206 292-8800

f.    The entity's full and official name;

g.    The present or last known address of its principal office or principal place of doing business;

h.    The type of entity (for example, governmental entity, corporation, partnership, unincorporated association);

i.    The current or last known names of any agents or employees who have knowledge of the matter inquired into by such Interrogatory; and

j.    A statement of precisely what the entity did with respect to the matter inquired about by such Interrogatory.

## INSTRUCTIONS TO RESPONDING PARTY

1.    In answering these Interrogatories, **YOU** are required to furnish truthfully and in good faith all information that is in **YOUR** possession, custody, or control, including information in the possession of **YOUR** attorneys, or other persons directly or indirectly employed or retained by **YOU** or connected with **YOU** or **YOUR** attorneys, and anyone else acting on **YOUR** behalf or otherwise subject to **YOUR** control.

2.    In answering these Interrogatories, **YOU** must make a diligent search of **YOUR** records, and of other papers and materials in **YOUR** possession or available to **YOU**, **YOUR** agents, employees or representatives.

3.    Each Interrogatory shall be accorded a separate answer and each subpart in an Interrogatory should be accorded a separate answer.  Interrogatories or subparts thereof should not be combined for the purposes of supplying a common answer thereto.

4.    Each Interrogatory shall be answered fully unless it is in good faith objected to.  If **YOU** cannot answer any Interrogatory in full, answer to the fullest extent possible, explain why **YOU** cannot answer the remainder, and state the nature of the information or knowledge that **YOU** cannot furnish.

5.    Estimates or approximations should be given when, but only when, exact

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206 292-8800

1    data cannot be supplied. Any estimates or approximates should be designated as such.

2               6.      **YOUR** answers hereto are to be signed and verified by the person making

3    them.

4               INTERROGATORY NO. 1

5               Identify all witnesses **YOU** intend to present or submit in declaration or affidavit

6    form at the Preliminary Injunction Hearing in this action.

7               INTERROGATORY NO. 2

8               If any of **YOUR** responses to the Requests for Admission are anything but an

9    unqualified admission, please state all facts upon which **YOU** base **YOUR** response, and state

10    the names, addresses and telephone numbers of all persons who have knowledge of those facts,

11    and **IDENTIFY** all documents, tangible things and electronically stored information that support

12    your response and state the name, address and telephone number of the person who has each

13    document, tangible thing or electronically stored information.

1ST SET OF INTERROGATORIES       - 4 -      CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
Case No. CVO7-0631-RSM                  SEATTLE, WASHINGTON 98104-1048
(206 292-8800

DATED this the _____ day of _____, 2007.

CABLE, LANGENBACH, KINERK & BAUER, LLP

By: _____
Lawrence R. Cock, WSBA No. 20326
lrc@cablelang.com
Cable, Langenbach, Kinerk & Bauer, LLP
1000 Second Avenue
Suite 3500
Seattle, WA 98104
Telephone: (206) 292-8800
Facsimile: (206) 292-0494

Scott D. Baker (Pro Hac Vice application pending)
sbaker@reedsmith.com
Morgan W. Tovey (Pro Hac Vice application pending)
mtovey@reedsmith.com
Alison B. Riddell (Pro Hac Vice application pending)
ariddell@reedsmith.com
Reed Smith LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Attorneys for Plaintiff

DOCSSFO-12465480.1