UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HYPERION VOF, a Belgium corporation,<br><br>Defendant. | No. 07-0631-RSM<br><br>**HYPERION'S OBJECTION TO AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR EXPEDITED DISCOVERY** |

## I. INTRODUCTION

COMES NOW defendant Hyperion VOF, by and through its undersigned counsel, and objects to the plaintiff's ex-parte motion for expedited discovery. That motion should be denied because (1) Amiga has failed to provide Hyperion with an adequate opportunity to respond to this motion, (2) Amiga improperly seeks to achieve the major purpose of its suit through this supposedly "limited" motion for expedited discovery, and (3) Hyperion would be substantially prejudiced by the entry of the requested order for expedited discovery because the sweeping effort required to respond to that order in only 10 day's time would hinder its ability to respond to the pending motion for preliminary injunction.

HYPERION'S OBJECTION TO AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR EXPEDITED DISCOVERY - 1

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Dockets.Justia.com

## II.   FACTS

Plaintiff's filing of what it expected to be an ex-parte motion for expedited discovery, with its subsequent service of an English-language copy on Hyperion in Belgium on April 30, 2007[1], has significantly hampered and prejudiced defendant's ability to appear and oppose this motion. Because Hyperion will dispute vigorously Amiga's factual version of events when it has the opportunity to do so, defendant objects to the Court hearing this motion in the time and manner noted by Amiga.

Given the limited opportunity to oppose this motion, Hyperion notes that the record still supports the following facts:

(1) Amiga served Hyperion with English-language versions of the pleadings in this case, rather than in any of the three official languages of Belgium. (The official languages of Belgium are Dutch, French and German.)

(2) Amiga claims that it seeks permission to seek "very limited" discovery, when in fact a review of the proposed discovery attached to the Declaration of Morgan W. Tovey shows that the proposed discovery is drafted so broadly that they likely encompass a large majority of discoverable material covering a six-year relationship.

(3) Amiga seeks through a discovery request to obtain a major part of its sought-for relief from the lawsuit. Namely Request for Production No. 2 seeks the production of "The SOURCE CODE and OBJECT CODE to OS 4 and OS 4.0." (Tovey Dec., Ex. A, p. 5.) Hyperion disputes Amiga's entitlement to that intellectual property, and it quite simply is not proper to grant Amiga's ultimate legal objective through expedited discovery.

(4) Amiga presents no evidence that Hyperion has previously disregarded court orders, or concealed or destroyed evidence, as is required for the type of order sought here.

---

[1] The court's docket reflects plaintiff's filing of a proof of service bearing that date in Belgium.

HYPERION'S OBJECTION TO AND MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR
EXPEDITED DISCOVERY - 2

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

## III. ARGUMENT

### A. PLAINTIFF HAD NO GOOD GROUNDS FOR SEEKING EX-PARTE OR EXPEDITED RELIEF

Amiga asserts that it filed this motion under Local Civil Rule 7(d)(2). That rule states in relevant part that "for any motion brought pursuant to this subsection, the moving party shall ensure that the motion papers are received by the opposing party on or before the filing date." This Amiga failed to do, no doubt because (as it states in its moving papers) it expected this motion to be heard and decided ex-parte. While Hyperion now has the opportunity to lodge an objection to this motion, the shortness of time prevents defendant from presenting a factually-based defense, making the ex-parte standards of continuing relevance. As stated in Renaud v. Gillick:

> Before the Court can decide whether or not expedited discovery is appropriate, it must first address the threshold question of whether the plaintiff has presented adequate justification for the filing of the motion without providing notice to the defendant. Because the opposing party is not given the opportunity to respond to an ex parte motion, such motions trigger "intense judicial scrutiny of a plaintiff's claims, the relief it seeks, and most importantly, its proffered justification for proceeding ex parte." Adobe Systems, Inc. v. South Sun Products, Inc., 187 FRD 636, 638 (S.D. Cal. 1999). Such scrutiny is particularly important in cases such as this where the defendant is unaware that judicial proceeds have even been commenced against them. Adobe Systems, Inc., 187 F.RD. at 639.

(Declaration of William A. Kinsel In Opposition to Amiga's Motion for Expedited Discovery, at Exhibit A, p. 2.) Here, defendant has received inadequate notice of this motion, and Amiga has completely failed to explain why it could not have waited to file the motion after commencing the main litigation. The above-standards should therefore continue to apply. Indeed, the Renaud court quoted the US Supreme Court when it observed that "the stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken

HYPERION'S OBJECTION TO AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR EXPEDITED DISCOVERY - 3

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

*before reasonable notice* and an opportunity to be heard has been granted both sides of a dispute." Id., p. 3, emphasis added.

In denying the Renuad's motion for ex-parte relief, Judge Lasnik observed that "[p]laintiffs must show that defendant . . . has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history. . . . Plaintiffs have made no showing that defendant has a history of disposing of evidence or violating court orders." Id., p. 4. Here, Amiga has presented no evidence to support any conclusion that Hyperion would dispose of evidence between now and when the subject evidence would ordinarily be produced, nor has Amiga produced any evidence that Hyperion has a history of violating court orders. Put differently, Amiga completely fails to show that it will suffer any injury, let alone an irreparable injury, by a denial of its motion for expedited discovery.

**B.    PLAINTIFF IS IMPROPERLY ATTEMPTING TO ACCOMPLISH THE ENTIRE PURPOSE OF ITS LAWSUIT THROUGH EXPEDITED DISCOVERY**

Amiga repeatedly claims that it is asking the Court to require Hyperion to respond only to "very limited expedited discovery related to the Motion for Preliminary Injunction." (Amiga's motion, p. 2, line 17. See also Id., p. 6, lines 5-6.) In fact, a review of the proposed discovery shows them to be so broadly drafted as to require Hyperion to produce (*from Belgium*) the vast bulk of evidence that will be relevant in this case within just ten days of the Court's order. For instance, Requests for Production Numbers 1, 3, 4, 5, 6, 7 and 8 demand the production of "ALL DOCUMENTS" related to core facts and issues underlying Amiga's causes of action. Quite simply, Amiga is being disingenuous in the descriptions of its discovery requests.

Furthermore, Amiga misleading states that its requests are "narrowly tailored to explore . . . the extent of Hyperion's breaches and Hyperion's apparent "defense" that it somehow does not possess or have access to the source code, object code and intellectual property to OS 4.0. . . ." (Amiga's Motion at p. 7, lines 10 to 13.) Yet, Request for Production No. 2 demands the

HYPERION'S OBJECTION TO AND MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR
EXPEDITED DISCOVERY - 4

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

production within 10 days of the source code and object code to OS 4 and OS 4.0. (Tovey Dec., Exhibit A, p. 5.) This request seeks precisely that relief which Amiga seeks in its First, Second, and Seventh Claims for Relief of the Complaint, and it is the subject of the Motion for a Preliminary Injunction. Amiga furthermore demands this production without any protective order or similar device in place to protect Hyperion's legitimate interests in this intellectual property. Clearly, Amiga is overreaching and this motion should be denied.

C.   **THERE IS NO SOUND REASON TO JUSTIFY EXPEDITED DISCOVERY**

Amiga asks this Court to require Hyperion to respond to interrogatories, requests for production and requests for admission within 10 days of the Court's order, despite the fact that the Federal Rules of Civil Procedure clearly provide the responding party 30 days in which to prepare its responses to those discovery tools. In doing so, Amiga completely ignores the burdens that a Belgium company will face in pulling together documents covering the roughly six-year history of these companies' relations, sending those documents to its counsel, providing its counsel with time to conduct a privilege review, and then, providing sufficient time to number stamp those materials so they can be properly controlled for evidentiary purposes throughout the history of this case. It seems virtually impossible even for a Seattle company to complete such a task, let alone for a company located in Europe.

In addition to these burdens of a substantial document production, Amiga obviously wishes to rush Hyperion's responses to an important set of Requests for Admissions, and then in "one" of its interrogatories, plaintiff demands complete explanations for each response that is "anything but an unqualified admission." (Tovey Dec., Ex. C.) Amiga clearly has no grip on reality when it claims that it seeks merely to seek "very limited" discovery, and its motion should be denied.

Amiga relies heavily on Semitool Inc. v. Tokyo Electron America, Inc., 208 FRD 273 (ND CA 2002) to support its claimed entitlement to expedited discovery. An examination of the decision, however, undermines Amiga's motion. To explain, in Semitool the plaintiff filed

HYPERION'S OBJECTION TO AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR EXPEDITED DISCOVERY - 5

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

its motion to expedite on March 15, 2002, or two months *after* it had filed the complaint. 208 FRD at 274. Plaintiff further sought permission to advance the propounding of discovery by only three weeks prior to the FRCP 26(f) discovery conference, while here the FRCP 26(f) discovery conference is some time off. Id. at 277. Admittedly, Semitool did seek to reduce the response period from 30 to 10 days, but the court specifically observed that the defendant "has had notice that Plaintiff has been seeking this information *for over a year* as there were pre-litigation disclosure requests made by Plaintiff. . . ." Id. at 277-8, emphasis added. Even so, the Northern California court granted Semitool's motion only with respect to some specific limited discovery requests, denying it with respect to others.

In the case at bar, of course, Hyperion has not had a year's notice of Amiga's desired discovery, nor was the complaint served more than two month's prior to the filing of the motion for expedited discovery. Quite simply, Amiga has failed to establish that it meets the burden of justifying expedited discovery.

**D.    HYPERION WILL BE PREJUDICED IN ITS DEFENSE AGAINST THE MOTION FOR A PRELIMINARY INJUNCTION BE THE IMPOSITION OF EXTENSIVE, EXPEDITED DISCOVERY DEMANDS**

Amiga blithely asserts that Hyperion will not be prejudiced by an order requiring a massive document production in the next ten days—the ten days that just happen to cover the time needed to respond to Amiga's motion for a preliminary injunction. Amiga knows, however, that the burden of responding to an expedited discovery order will significantly hinder its ability to allocate the resources needed to respond to that motion for a preliminary injunction. Indeed, Amiga implicitly acknowledges that Hyperion must devote substantial resources to the effort to respond to that motion because its <u>first</u> interrogatory is a demand that Hyperion identify the individuals it intends to have submit affidavits or declarations on its behalf. (Tovey Dec., Ex. C.) This prejudice to Hyperion's legitimate right to prepare its defense to this case is sufficient in and of itself to result in the denial of Amiga's motion for expedited discovery.

HYPERION'S OBJECTION TO AND MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR
EXPEDITED DISCOVERY - 6

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

## IV. CONCLUSION

For all of the above reasons, Amiga's motion for expedited discovery should be denied.

DATED this 8th day of May, 2007.

KINSEL LAW OFFICES, PLLC

By: /s/ William A. Kinsel
William A. Kinsel, WSBA #18077
Attorney for Defendant Hyperion VOF

William A. Kinsel, Esq.
Kinsel Law Offices
2025 First Avenue, Suite 440
Seattle, WA 98121
Phone: (206) 706-8148
Fax:    (206) 374-3201
Email: wak@kinsellaw.com

501p.doc

HYPERION'S OBJECTION TO AND MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR
EXPEDITED DISCOVERY - 7

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148