UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HYPERION VOF, a Belgium corporation,<br><br>Defendant. | No. 07-0631-RSM<br><br>**DECLARATION OF WILLIAM A KINSEL IN SUPPORT OF HYPERION'S OBJECTION TO AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EX-PARTE MOTION FOR EXPEDITED DISCOVERY** |

WILLIAM A. KINSEL, under penalty of perjury, declares and states as follows:

1. I am the attorney for defendant Hyperion VOF in this matter and am competent to testify.

2. Attached hereto as Exhibit A is a true and accurate copy of the "Order Denying Ex Parte Motion for Early Confidential Discovery" in the Renaud v. Gillick matter.

3. I am currently researching whether Amiga has complied with the provisions of the Hague Convention for service of process overseas. My investigation to date indicates that the pleadings were served on Hyperion in English, rather than one of the three official languages of Denmark, namely Dutch, French and German.

DECLARATION OF WILLIAM A. KINSEL - 1

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  **I DECLARE UNDER PENALTY OF PERJURY UNDER THE**
2  **LAWS OF THE STATE OF WASHINGTON THAT THE**
   **FOREGOING IS TRUE AND CORRECT.**

3

4  _May 8, 2007_                              _William A. Kinsel_
   Date                                       WILLIAM A. KINSEL
5

6  Seattle, Washington
   Place

7  502p.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF WILLIAM A. KINSEL - 2

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIK PIERRE RENAUD, individually, JENNIFER MARY ZWIEFEL RENAUD, individually, and the marital community composed thereof,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARK WILLIAM GILLICK, individually; and the marital community of MARK WILLIAM GILLICK and JULIE A. GILLICK,<br><br>    Defendants. | No. CV6-1304RSL<br><br>ORDER DENYING EX PARTE MOTION FOR EARLY, CONFIDENTIAL DISCOVERY |

This matter comes before the Court on plaintiffs' "Ex-Parte Motion for Permission to Conduct Early Confidential Discovery." (Dkt. #3). Plaintiffs seek permission to issue third-party document subpoenas to a number of financial institutions before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). They also ask the Court to direct the third-party recipients of these subpoenas not to inform defendant of the receipt of these subpoenas until after plaintiff has served defendant with the summons and a copy of the complaint, or 90 days after the third parties respond to the subpoena, whichever happens earlier. Plaintiffs make this motion on an ex-parte basis.

ORDER DENYING EX PARTE
MOTION FOR EARLY, CONFIDENTIAL
DISCOVERY -1

**EXHIBIT A**

# I. Background

Plaintiffs filed the underlying complaint in this action on September 11, 2006, and proceeded to file the current motion on an ex parte basis three days later on September 14, 2006. Defendant has not been served with a summons or a copy of the complaint and presumably he is unaware that this action has been filed against him.

Plaintiffs request expedited and confidential third-party discovery on the grounds that providing notice to the defendant will cause him to move the money at issue. Though plaintiffs do not seek a temporary restraining order at this point, they argue that the discovery sought is necessary for such a motion in the future.

# II. Discussion

Before the Court can decide whether or not expedited discovery is appropriate, it must first address the threshold question of whether the plaintiff has presented adequate justification for the filing of the motion without providing notice to the defendant. Because the opposing party is not given the opportunity to respond to an ex parte motion, such motions trigger "intense judicial scrutiny of a plaintiff's claims, the relief it seeks, and most importantly, its proffered justification for proceeding ex parte." Adobe Systems, Inc. v. South Sun Products, Inc., 187 F.R.D. 636, 638 (S.D. Cal. 1999). Such scrutiny is particularly important in cases such as this where the defendant is unaware that judicial proceedings have even been commenced against them. Adobe Systems, Inc., 187 F.R.D. at 639.

Plaintiffs have failed to persuade the Court that there is sufficient justification to proceed with the current motion on an ex parte basis. To support the contention that they are entitled to pursue accelerated third-party discovery on an ex parte basis, plaintiffs rely heavily on the assertion that they would be entitled to make an ex parte motion for a temporary restraining order. Based on that assertion, plaintiffs argue that it is therefore logical that they also should be entitled to confidential, early discovery to adequately prepare for such a motion. Plaintiffs are mistaken. Based on the allegations contained in plaintiffs' motion and declarations, plaintiffs

ORDER DENYING EX PARTE
MOTION FOR EARLY, CONFIDENTIAL
DISCOVERY -2

would not be permitted to pursue injunctive relief without first providing notice to defendants. As such, it would not be appropriate to allow them to conduct third-party discovery in anticipation of a motion for injunctive relief without first providing notice to defendant.

Federal Rule of Civil Procedure 65(b) authorizes the Court to issue a temporary restraining order without any written or oral notice to the adverse party only when:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). The Supreme Court has been clear as to why it is necessary for ex parte injunctive relief to be granted sparingly: "The stringent restrictions imposed...by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39, 94 S.Ct. 1113, 1124, 39 L.Ed. 2d 435 (1974); see also United States v. Innamorati, 996 F.2d 456, 487 (1st Cir. 1993) ("[T]he ex parte submission of information from a party to the court and the court's ruling on that information without notice to or participation of the opposing party is fundamentally at odds with our traditions of jurisprudence...and can be justified only in the most extraordinary circumstances.") (internal citation omitted).

Because of the stringent restrictions imposed by Rule 65(b), courts have generally confined ex parte injunctive relief to two situations. First, a plaintiff may obtain ex parte relief where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing. See Reno Air Racing Assn., Inc v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). Second, courts have recognized a "very narrow band of cases in which ex parte orders are proper because notice to

ORDER DENYING EX PARTE
MOTION FOR EARLY, CONFIDENTIAL
DISCOVERY -3

the defendant would render fruitless the further prosecution of the action." Id. (quoting Am. Can Co. v. Mansukhani, 742 F.2d 314, 322 (7th Cir. 1984)).

Plaintiffs here do not allege that defendant cannot be located, but instead rely on the latter ground and contend that providing notice to the defendant would cause him to dispose of the money owed to them. To support their contention, plaintiffs rely on three primary allegations: (1) that defendant has admitted to having possession of $1,605,000 of plaintiffs' money; (2) that defendant has repeatedly failed to deliver this money to plaintiffs despite his acknowledgment that plaintiffs have a right to such funds; and (3) that defendant has indicated that he has moved this money between a number of financial institutions.

Plaintiffs have failed to demonstrate how "notice to the defendant would render fruitless the further prosecution of the action." Reno Air Racing Assn., Inc., 452 F.3d at 1331. To justify an ex parte proceeding on this ground, the party "must do more than assert that the adverse party would dispose of evidence if given notice." Id. Nor is simply demonstrating that the defendants have the opportunity to conceal or destroy evidence sufficient to justify an ex parte proceeding. First Tech. Safety Sys. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993). If this were sufficient, courts everywhere would be inundated with such requests in nearly every action filed.

Rather, "[p]laintiffs must show that defendants would have disregarded a direct court order and disposed of the goods within the time it would take for a hearing...[and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." Reno Air Racing Assn., Inc., 452 F.3d at 1331. Plaintiffs have made no showing that defendant has a history of disposing of evidence or violating court orders. Nor have they alleged that persons similar to the defendant have such a history. The closest they come is with allegations that defendant has repeatedly told plaintiffs differing stories as to where the money in question is located and that he has a number of outstanding judgments against him. While such evidence

ORDER DENYING EX PARTE
MOTION FOR EARLY, CONFIDENTIAL
DISCOVERY -4

may be relevant to a request for expedited discovery in which all parties are given proper notice, it is not evidence that would compel this Court to authorize confidential third-party discovery of defendant's bank records without first giving defendant notice and the opportunity to respond.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiffs' ex parte motion for early, confidential third-party discovery is DENIED. Plaintiffs are free to re-file a motion for expedited discovery provided they follow the notice requirements laid out in Federal Rule of Civil Procedure 5(a).

DATED this 29th day of September, 2006

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING EX PARTE
MOTION FOR EARLY, CONFIDENTIAL
DISCOVERY -5