UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HYPERION VOF, a Belgium corporation,<br><br>　　　　　Defendant. | CAUSE NO.: CV-07-0631-RSM<br><br>**PLAINTIFF AMIGA, INC.'S REPLY TO HYPERION'S OBJECTION TO AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**<br><br>**NOTE ON MOTION CALENDAR: MAY 11, 2007**<br><br>**COURT:  HON. RICARDO MARTINEZ** |

REPLY IN SUPPORT OF EXPEDITED DISCOVERY MOTION

Case No. CV07-0631-RSM

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Dockets.Justia.com

## I. INTRODUCTION

After months of purporting to negotiate an informal resolution of Amiga's breach of contract and intellectual property infringement claims, Hyperion abruptly announced – in a press release written in English – that it had entered an agreement with a company called ACube Systems Srl ("ACube") to distribute Amiga's next generation Operating System ("OS 4.0") under Amiga's marks without license or consent from Amiga.  Realizing that Hyperion was attempting not only to hijack Amiga's source code and infringe its trademarks but also wrongfully usurp Amiga's exclusive right to market OS 4.0, Amiga initiated this action in the contractually stipulated forum.  Given the serious and irreparable nature of the harm caused by Hyperion's actions, Amiga filed its Motion for a Preliminary Injunction the next day.  In aid of that motion, Amiga concurrently filed the instant Motion for Expedited Discovery and thereafter provided Hyperion with actual notice of the Complaint, proposed discovery and the motions by employing a Belgian judicial official to serve Hyperion pursuant to the Hague Convention.

In opposing Amiga's Motion for Expedited Discovery, Hyperion advances three dubious arguments, each of which should be rejected.  Specifically, Hyperion's first two arguments, that (1) Amiga did not receive adequate notice of this motion and (2) Amiga seeks to "achieve a major purpose of this suit" by its motion, both misstate the law and mischaracterize the facts.  Hyperion's final argument – that expedited discovery would somehow prejudice its ability to respond to the motion for a preliminary injunction – fares no better, both because Hyperion misstates governing law, and because it offers no competent evidence to support its argument.

What's worse, Hyperion invites the Court to conclude that Amiga's motion should be denied based on the specious premise that Hyperion does not understand English and that all the properly served pleadings, moving papers and proposed discovery require translation to one of Belgium's three official languages.  Once again, Hyperion's argument not only misstates the law and mischaracterizes the facts, it simply defies credulity for multiple reasons:  (1) as a matter of law, translation of documents is not required when the papers are served through a judicial officer of the country of destination, as they were here [*See Lemme v. Wine of Japan Import*, 631

REPLY IN SUPPORT OF EXPEDITED DISCOVERY MOTION - 1 -
Case No. CV07-0631-RSM

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

F. Supp. 456, 464 (E.D.N.Y. 1986)]; (2) the Agreement is written in English; (3) all written and oral communications between the parties before and after execution of the Agreement were conducted in English; (4) Hyperion's infringing marketing and promotion efforts have appeared in English; and (5) Hyperion's counsel of record and Belgian counsel are all able to communicate effectively with their client and the Court in English.

More specifically, because Amiga properly served the Complaint, its moving papers, and its proposed discovery under the Hague Convention, Hyperion's reliance on cases governing *ex parte* proceedings *without* notice is misplaced. Although the Court's Local Rules contemplate that parties opposing motions for expedited relief will receive seven days to oppose such motions, here, Hyperion received actual notice of the moving papers and proposed discovery *eleven* days before the noted date on the motion calendar and *eight* days before its opposition was due. Accordingly, Hyperion received more than adequate actual notice of the relief sought and the proposed discovery, and good cause for expedited discovery exists. Tellingly, Hyperion has failed to offer *any* evidence in support of its attorney's argument that the requested discovery is unduly burdensome. Finally, the discovery requests are, in fact, narrowly tailored and do not seek the ultimate relief in this case; rather, Amiga is entitled to preserve material evidence and to receive sworn discovery responses regarding Hyperion's concocted, moving target defenses. Indeed, the Court is empowered to enter a protective order that would accomplish these objectives without deciding the merits. Accordingly, and for the reasons discussed more fully below, Amiga's Motion for Expedited Discovery should be granted.

## II. ARGUMENT

**A.  Amiga Properly Effected Service Of Its Pleadings, Including This Motion For Expedited Discovery, And Hyperion Had More Than Adequate Opportunity To Respond**

Hyperion's conclusory allegation that it "has received inadequate notice of this motion" [Opposition, p.3] misstates the governing law and ignores the relevant facts. As a threshold matter, Amiga's service of the pleadings and moving papers, written in English, complies with

REPLY IN SUPPORT OF EXPEDITED DISCOVERY MOTION - 2 -
Case No. CV07-0631-RSM

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1  the Hague Convention.  The complaint and all of the moving and supporting papers were

2  properly served by a Belgian judicial officer on April 30, 2007, a method of service accepted by

3  Belgium under the Hague Convention.  *See* Hague Convention, 28 U.S.C.A. Article 10(c)

4  (Appendix following Fed. R. Civ. P. 4).   Translation "may" only be required when the Central

5  Authority (another acceptable method of service under Article 5(1) of the Hague Convention)

6  serves the document, not through other methods of service, such as the type of service here.

7  *Lemme*, 631 F. Supp. at 464 ("the translation 'requirement' is triggered only when it is the

8  Central Authority that serves the document"); Hague Convention, 28 U.S.C.A., Article 5(3).  Not

9  surprisingly, Hyperion offers no authority to support its contention that a translation of papers in

10 this case is required, because none exists.

11     Because the Complaint, moving papers and proposed discovery were properly served

12 under the Hague Convention, Hyperion's reliance on case law governing *ex parte* proceedings

13 without notice is misplaced.  Here, Hyperion received more than adequate actual notice of

14 Amiga's motion.  Specifically, Amiga filed its Motion for Expedited Discovery on April 27,

15 2007.  Amiga then properly served the papers, along with the complaint, on Hyperion on April

16 30, 2007.  Because Hyperion noticed its motion for May 11, 2007, Hyperion actually received

17 double the time contemplated by the Local Rules to respond to the motion.[1]

18     Hyperion cannot seriously argue that discovery should be delayed because Hyperion does

19 not understand English-written documents.  Hyperion has communicated with Amiga in English

20 since 2001 when negotiations for the Agreement began.  The Agreement itself is in English, and

21 all written and oral communications concerning negotiations, performance and breach, both

22 before and after the execution of the Agreement, were in English. [Moss Dec. ¶¶ 4-5; McEwen

23 Dec. ¶¶ 4-5.]   Not once in Amiga's entire relationship with Hyperion has Hyperion ever

---

[1] Under Local Rule 7(d)(2) parties may file expedited discovery motions seven days before the motion is set for hearing.  The opposing party must then file and opposition three days before the motion is set for hearing, giving an opposing party four days to oppose the motion.  Here, Amiga had eight days to respond to Amiga's motion.  While the rule contemplates that the motion will be served on or both the date the motion is filed, Hyperion's objection to notice elevates form over substance; Hyperion received *actual* notice in excess of that required by Local Rule 7(d)(2).

REPLY IN SUPPORT OF EXPEDITED DISCOVERY MOTION - 3 -
Case No. CV07-0631-RSM

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

suggested that it does not understand English. Indeed, even a cursory review of the communications between the parties demonstrates Hyperion's facility with the English language. [McEwen Dec., Ex. A.] Further, Hyperion has infringed, and continues to infringe, Amiga's trademarks by unlawfully promoting Amiga's OS 4.0 in English.

**B.     Amiga Has Established That Good Cause Exists For Expedited Discovery, And Hyperion Will Not Be Harmed Or Prejudiced By Expedited Discovery**

In its unsupported argument that Amiga does not have good grounds for seeking expedited discovery, Hyperion relies on the wrong legal standard, i.e., that Amiga need establish Hyperion has a history of disposing of evidence or violating court orders. Specifically, Hyperion relies upon *Renaurd v. Gillick*, an unpublished decision analyzing whether an *ex parte* motion -- *without notice* -- for expedited discovery should be granted.[2] Because Hyperion was properly served and received ample actual notice of the motion, the "good cause" standard governs.

Hyperion compounds its error by curiously failing to mention a subsequent decision *granting* a motion for expedited discovery in the same case. In this later decision in *Renaurd*,[3] Judge Lasnik granted expedited discovery where, as here, the opposing party had been "duly notified of the present proceedings" and that good cause existed to grant the order. *Renaurd v. Gillick*, 2007 WL 98465, *2 (W.D.Wash. 2007).

As demonstrated in the 2007 *Renaurd* Order, when the parties are on proper notice of the proceedings, the more flexible "good cause" standard applies, not the strict standard advanced by Hyperion. *Id.* at *2 (courts have the "discretion to allow expedited discovery upon a showing of good cause by the moving party.").[4] For all the reasons detailed in Amiga's moving papers in support of both this motion and its Motion for Preliminary Injunction, ample cause exists for granting expedited discovery, particularly in light of Hyperion's recent agreement with ACube.

---

[2] Although Amiga's Motion for Expedited Discovery makes reference to an *ex parte* application, Amiga served the motion on Hyperion and provided ample, adequate notice.

[3] Hyperion's failure to cite this subsequent decision is particularly suspect given that Hyperion's counsel, Mr. Kinsel, was also counsel of record in that matter.

[4] *Citing Pod-Ners, LLC v. Northern Feed & Bean of Lucerene Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D.Colo. 2002); *see also Semitool, Inc. v. Tokyo Electron Am.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002) (holding that the "good cause" standard is the appropriate standard for evaluating expedited discovery motions under Rule 26(d)).

REPLY IN SUPPORT OF EXPEDITED DISCOVERY MOTION - 4 -
Case No. CV07-0631-RSM

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Assuming, for the sake of argument only, that Amiga had somehow not established good cause for expedited discovery, such relief is appropriate where, as here, the defendant will not suffer significant harm or prejudice if the court grants the motion. *Renaurd*, 2007 WL 98465 at *3. Here, the motion should be granted because Hyperion's allegations of prejudice are all without evidentiary and factual support. Hyperion would not be harmed or prejudiced by expedited discovery, and judicial economy will be advanced by early and limited discovery.

First, Hyperion argues, without evidentiary support, that it would be prejudiced by expedited discovery because the documents were not translated into Dutch, French or German. As detailed above, *all* communications between the parties surrounding the events leading to this dispute were in English, and Hyperion conducts business in English. Hyperion's attempt to now claim ignorance of the English language borders on frivolous and should be rejected.

Second, Hyperion argues that it will be burdened by "pulling together documents" and because it has "not had a year's notice of Amiga's desired discovery."[5] [Opposition, pp. 5, 6.] Hyperion again plays fast and loose with facts. Hyperion has been on notice of the subjects of the requests through Amiga's repeated attempts to resolve the dispute informally, which began approximately nine months ago when Amiga first objected to Hyperion's material breaches and the parties exchanged multiple pieces of correspondence that encompassed the same subjects as the discovery requests.[6] Indeed, Amiga's first letter to Hyperion on August 1, 2006 requested information strikingly similar to the discovery Amiga now requests. The fact that Amiga futilely attempted to get Hyperion to comply by its ADR/mediation obligations as set forth in the Agreement further notified Hyperion of the types of records Amiga would seek in discovery.

---

[5] Hyperion also suggests that because it is located in Europe, it will take longer for them to reply to discovery requests. [Opposition, p. 5.] However, expedited discovery rules to secure evidence needed for preliminary injunction hearings apply equally to foreign defendants as they do to United States citizens. *SEC v. Unifund Sal*, 910 F.2d 1028, 1030 (2d Cir. 1990) (granting expedited discovery prior to a preliminary injunction hearing against foreign defendants).

[6] Hyperion suggests that the *Semitool*, case stands for the proposition expedited discovery cannot be granted absent at least one year's notice of the subjects in the discovery requests. [Opposition, p. 6.] This argument stretches the ruling in that case. Rather, the Court in *Semitool* noted that *one* factor in determining whether expedited discovery is appropriate is whether the opposing party was sufficiently aware of the information the moving party seeks. *Semitool,* 208 F.R.D. at 276.

REPLY IN SUPPORT OF EXPEDITED DISCOVERY MOTION - 5 -
Case No. CV07-0631-RSM

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

**C.  Amiga's Discovery Requests Are Narrowly Tailored And Do Not Seek The Ultimate Relief in this case**

Contrary to Hyperion's contention, Amiga's discovery requests are limited and narrow. Indeed, Amiga seeks only eight (8) document requests, ten (10) requests for admission and two (2) interrogatories. These are sufficiently limited requests, all of which are narrowly tailored to issues raised in Amiga's motion for preliminary injunction. Specifically, Amiga's requests only seek information that Hyperion may present in its defense at the preliminary injunction hearing. *See Koch Carbon, LLC v. Isle Capital Corp.,* 2006 U.S. Dist. LEXIS 36962, *7 (D. Kan. 2006) (discovery requests were sufficiently narrow because they specifically addressed issues raised in a pending motion, a "far cry from general discovery."). Indeed, it is well established law that expedited discovery is particularly necessary and appropriate when the case involves a request for preliminary injunctive relief. *Pod-Ners*, 204 F.R.D. at 676.

Finally, Hyperion's argument that Amiga seeks ultimate relief in the guise of a discovery motion erroneously assumes that the code must be turned over directly to Amiga. Ultimate relief in this case is enforcement of Amiga's contractual and intellectual property rights. The material sought is necessary to litigate these rights. Any real dispute about production could be handled through an appropriate protective order, if one were warranted. Moreover, given Hyperion's recent conflicting claims as to whether it possesses or has access to the computer code to be discovered, Amiga is entitled to a sworn response from Hyperion regarding whether it possesses or has access to the code and is further entitled to present such evidence to aid the Court in its determination of Amiga's Motion for a Preliminary Injunction.

DATED this the 11th day of May, 2007.

CABLE, LANGENBACH, KINERK & BAUER, LLP


By:   /s/
      Lawrence R. Cock, WSBA No. 20326
      Attorneys for Plaintiff

REPLY IN SUPPORT OF EXPEDITED DISCOVERY MOTION - 6 -
Case No. CV07-0631-RSM

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William A. Kinsel
Law Offices of William A. Kinsel, PLLC
Market Place Tower
2025 First Avenue, Suite 440
Seattle, WA  98121

/s/
Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

REPLY IN SUPPORT OF EXPEDITED DISCOVERY MOTION - 7 -
Case No. CV07-0631-RSM

CABLE, LANGENBACH, KINERK & BAUER LLP
1000 SECOND AVENUE BUILDING, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800