UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMIGA, INC., a Delaware corporation,

    Plaintiff,

    v.

HYPERION VOF, a Belgium corporation,

    Defendant.

CASE NO. C07-631RSM

ORDER ON MOTION FOR
EXPEDITED DISCOVERY

    This matter is before the Court for a ruling on plaintiff's motion for leave to conduct expedited discovery. Dkt. # 6. Although designated as an ex parte motion, the motion has been served upon defendant and defendant has responded to oppose the motion. For the reasons set forth below the Court shall GRANT IN PART and DENY IN PART the motion.

## DISCUSSION

    Plaintiff Amiga, Inc., filed this action on April 26, 2007, alleging breach of contract, trademark infringement, unfair competition, and other claims, and requesting injunction and declaratory relief, damages, and specific performance. Dkt. # 1. The following day, April 27, 2007, plaintiff filed a motion for a preliminary injunction, together with this motion for expedited discovery. The discovery motion was noted for May 11, 2007, pursuant to Local Rule CR 7(d)(2), which states that a motion of this type may be noted for no earlier than seven judicial days after filing. Plaintiff has filed a return of service indicating that the summons, complaint, motion for expedited discovery, and other documents were served upon defendant in Belgium on April 30, 2007. Dkt. # 11. Although defendant asserts that it has

ORDER ON MOTION FOR EXPEDITED
DISCOVERY - 1

1  not had sufficient time to respond to the motion, the time was sufficient under the rules, and it has in fact
2  responded to oppose the motion.

3       In moving for expedited discovery, plaintiff asserts that defendant is infringing its trademarks and
4  refusing to turn over the source code to intellectual property that plaintiff owns.  Plaintiff asks that it be
5  allowed to conduct limited discovery to gather evidence in aid of its motion for a preliminary injunction.
6  Plaintiff has set forth the discovery sought: eight requests for production, ten requests for admission, and
7  two interrogatories.   Plaintiff asks for a ten-day response time on the discovery.  Defendant contends
8  that plaintiff seeks by this motion to accomplish the major purpose of its lawsuit, and that it would be
9  prejudiced by entry of the requested order because responding to the discovery would hinder its ability to
10  oppose the motion for preliminary injunction.

11       It is within the Court's discretion to allow expedited discovery, that is before the discovery
12  conference mandated by F.R.Civ.Proc. 26(f),  Where the opposing party has had an opportunity to
13  respond to the motion, the courts have generally applied a "good cause" standard: *Semitool Inc., v.*
14  *Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002).  Good cause exists "where the
15  need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to
16  the responding party." *Id*.

17       The Court finds that plaintiff's request for limited discovery is supported by good cause, in that
18  (1) plaintiff has exercised diligence in attempting to obtain this information previously, before filing suit:
19  and  (2) the information sought will promote just disposition of the motion for a preliminary injunction.
20  In that respect, the information sought may be useful to both parties.   However, defendant may be
21  prejudiced by some of plaintiff's document requests, in particular Request No. 2, which requests the
22  source code and object code which are at issue in this suit.  Further, there is merit to defendants'
23  argument that the document request as a whole is unduly burdensome as to the time limit, in that ten days
24  does not allow sufficient time for defendant to find the documents in Belgium, send them to counsel for a
25  privilege review, and stamp and catalog them for evidentiary purposes.

26       Accordingly, plaintiff's motion for expedited discovery is GRANTED as to the requests for
27  admission and interrogatories, but DENIED as to the ten-day response time.  These requests and
28

ORDER ON MOTION FOR EXPEDITED
DISCOVERY - 2

1  interrogatories may be served upon defendants with a due date for responses (or objections) of twenty
2  days, not ten.   As to the requests for production, the motion for expedited discovery is GRANTED
3  except as to Request No. 2, with respect to which the motion is DENIED.   The due date for the
4  documents requests shall be not less than thirty days after service of the requests.

5       Plaintiff may, at its discretion, re-note the motion for preliminary injunction to allow time to
6  receive and consider the requested discovery.

8       DATED this 16  Day of May 2007.

10  RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR EXPEDITED
DISCOVERY - 3