UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HYPERION VOF, a Belgium corporation,<br><br>Defendant. | No. 07-0631-RSM<br><br>**DECLARATION OF WILLIAM A. KINSEL IN SUPPORT OF HYPERION'S MOTION TO JOIN ITEC, LLC AS A PARTY TO THE ACTION**<br><br>**Note on Motion Calendar: Friday, July 13, 2007** |

WILLIAM A. KINSEL, under penalty of perjury, declares and states as follows:

1. I am counsel for Hyperion VOF. I am over the age of 18, I have personal knowledge of the matters stated herein and I am competent to testify. Attached hereto as Exhibit A is a true and accurate redlined copy of Hyperion's proposed Amended Counterclaims Against Plaintiff Amiga, Inc. And Counterclaim Defendant Itec, LLC.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.**

June 26, 2007
Date

_/s/ William A. Kinsel_
WILLIAM A. KINSEL

Seattle, WA
Place

518p.doc

**DECLARATION OF WILLIAM A. KINSEL IN SUPPORT OF MOTION TO JOIN ITEC, LLC AS PLAINTIFF - 1**
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>v.<br><br>HYPERION VOF, a Belgian General Partnership,<br><br>  Defendant.<br><br>HYPERION VOF, a Belgian General Partnership,<br><br>  Counterclaim Plaintiff,<br><br>v.<br><br>ITEC, LLC, a New York Limited Liability Company,<br><br>  Counterclaim Defendant. | No. 07-0631-RSM<br><br>**HYPERION'S AMENDED COUNTERCLAIMS AGAINST PLAINTIFF AMIGA, INC. AND COUNTERCLAIM DEFENDANT ITEC, LLC** |

COMES NOW defendant Hyperion VOF and, for Counterclaims against Amiga, Inc., a Delaware Corporation ("Amiga Delaware") and Itec, LLC, a New York Limited Liability Company, alleges as follows:

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 1

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Deleted: s
Deleted: um
Deleted: corporation
Deleted: .
Deleted: ANSWER, AFFIRMATIVE DEFENSES AND

## JURISDICTION

1. This Court has jurisdiction over this action under 28 U.S.C. §1332(a)(3), 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §1338(a)(any act of Congress relating to patents, copyrights and trademarks); 28 U.S.C. §1367 (ancillary jurisdiction), and the doctrines of ancillary and pendent jurisdiction. The amount in controversy exceeds a sum or value of $75,000, exclusive of interest and costs.

## VENUE

2. Venue is proper in this District because defendant Hyperion VOF stipulated to jurisdiction and venue in this District in an (OEM) License and Software Development Agreement dated November 3, 2001 (the "Agreement") with Amiga, Inc., a Washington Corporation ("Amiga Washington"), and Eyetech Group Ltd. ("Eyetech"). Plaintiff Amiga, Inc., a Delaware corporation ("Amiga Delaware"), and counterclaim defendant Itec, LLC ("Itec") each asserts that it succeeded to the rights of Amiga Washington under that Agreement.

## PARTIES

3. Plaintiff Amiga Delaware purports to be a Delaware corporation.

4. Hyperion VOF, d/b/a Hyperion Entertainment VOF ("Hyperion"), is a foreign general partnership organized under the laws of Belgium with its principal place of Business in Leuven, Belgium.

5. Counterclaim defendant Itec, LLC is a New York limited liability company with its administrative seat at 102 Prince Street, NY, NY 10012.

## FACTS

6. Hyperion is a party to the Agreement.

7. Amiga Delaware did not exist on November 3, 2001.

8. Amiga Washington was insolvent no later than the end of July 2002 up through and including April 24, 2003.

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 2

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1      9.    Upon Amiga Washington's insolvency, the self-executing provision in §2.07 of the Agreement transferred to Hyperion and Eyetech "an exclusive, perpetual, world-wide and royalty free right and license to develop (at their sole expense), use, modify and market the Software and OS 4 under the 'Amiga OS' trademark."

    10.    Amiga Washington remained insolvent from April 24, 2003 through the date of its administrative dissolution by the State of Washington on September 30, 2004.

    11.    Amiga Washington, its representatives, Itec LLC, and its representatives, failed to inform Hyperion on or before April 24, 2003, that Amiga Washington was insolvent.

    12.    Hyperion did not know, on or before April 24, 2003, that Amiga Washington was insolvent.

    13.    On April 24, 2003, Hyperion and Itec LLC ("Itec") entered into an agreement that purported to relate to Amiga Washington's rights under the Agreement. This contract is hereinafter referred to as the "Itec Contract."

    14.    Amiga Washington did not give is prior written consent to the Itec Contract.

    15.    Eyetech did not give its prior written consent to the Itec Contract.

    16.    On information and belief, a common core of major investors, shareholders, officers and directors were directly involved in the affairs of Amiga Washington and Itec on and prior to April 24, 2003. This common core of individuals included Mr. William McEwen, Mr. Barrie Jon Moss, Mr. Pentti Kouri and Mr. John Grzymala. Itec, and this common core of major investors, shareholders, officers and directors were therefore "insiders" of Amiga Washington within the meaning of RCW 19.40.011.

    17.    At the time of the Itec Contract, Itec and the other insiders of Amiga Washington knew that Amiga Washington was insolvent.

    18.    On information and belief, on, before and after April 24, 2003, Itec failed to give Amiga Washington a reasonably equivalent value for Amiga Washington's contractual rights that were purportedly transferred in the Itec Contract.

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 3

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Margin annotations: Deleted: 8; Deleted: 9; Deleted: 0; Deleted: 1; Deleted: 2; Deleted: 3; Deleted: 4; Deleted: 5; Deleted: and; Deleted: 6; Deleted: 7; Deleted: ANSWER, AFFIRMATIVE DEFENSES AND

19. On information and belief, Itec and the other insiders of Amiga Washington acted in bad faith when Itec entered into the Itec Contract.

20. At the time of the Itec Contract, Hyperion was a creditor of Amiga Washington because, for instance, Amiga Washington had breached its warranties in Article IV of the Agreement, to the substantial damage of Hyperion.

21. On information and belief, the purported transfer to Itec in the Itec Contract of Amiga Washington's rights under the Agreement, if any such rights existed following Amiga Washington's insolvency, was made by Itec and its insiders with the actual intent to hinder, delay or defraud creditors of Amiga Washington.

22. Because of §2.07 of the Agreement, and because of the failure of Itec to obtain prior written consent as required by §7.12 of the Agreement, the Itec Contract is invalid, void and otherwise unenforceable.

23. Attached as Exhibit B to the Declaration of William McEwen In Support of Plaintiff Amiga [Delaware's] Reply to Hyperion's Opposition to Amiga's Motion for Preliminary Injunction is what Mr. McEwen purports to be a true and accurate copy of a Stock Purchase and Sale Agreement and Agreement of Assignment of Intellectual Property Rights" dated October 7, 2003. This agreement is hereinafter referred to as the "Itec/KMOS Contract."

24. By the explicit admissions of the Itec/KMOS Contract, the insiders of Itec were the insiders of KMOS. By necessary implication, then, the insiders of KMOS were and are insiders of Amiga Washington, which prevents KMOS, now purportedly known as Amiga Delaware, from being a good faith purchaser of the assets of Amiga Washington under the terms of RCW 19.40.081. On information and belief, the Itec Contract, and the Itec/KMOS Contract were merely part of an elaborate scheme to hinder, delay or defraud the creditors of Amiga Washington.

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 4

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

25. KMOS failed to obtain the prior written consent of Hyperion and Eyetech to the Itec/KMOS Contract as required by §7.12 of the Agreement. The Itec/KMOS Contract is therefore invalid, void and otherwise unenforceable.

26. On June 20, 2007, Itec, LLC sent a letter signed by John Grzymala, as its Secretary, to Hyperion along with a check for $25,000. In that letter, Itec asserted that it was exercising rights under the Agreement that it now alleges it still holds through the Itec Contract. This allegation directly contradicts the assertion by Amiga Delaware that it holds the same rights in the Agreement via the Itec Contract and the Itec/KMOS Contract.

27. Hyperion rejected Itec's effort to exercise rights under the Agreement and returned the $25,000 check.

28. Attached as Exhibit G to the Declaration of William McEwen In Support of Plaintiff Amiga [Delaware's] Reply to Hyperion's Opposition to Amiga's Motion for Preliminary Injunction is what purports to be a cover page of a certified copy of the original Agreement on Acquisition and Assignment of Trademarks between Assignor Amiga, Inc. [Amiga Washington] and the Assignee, KMOS, Inc. (Hereinafter the "Amiga Washington/KMOS Contract".) This Exhibit G purports to claim that the Amiga Washington/KMOS Contract was signed on August 30, 2004, or just one month before Amiga Washington was administratively dissolved by the State of Washington. However, the certification itself was not signed until September 5, 2006, or more than two years later.

29. On information and belief, based on the physical appearance of Exhibit G to Mr. McEwen's Reply Declaration, the Amiga Washington/KMOS Contract was not signed before Amiga Washington was administratively dissolved, making said contract invalid, void and otherwise unenforceable. This, in turn, makes KMOS' assertion of its rights to the "Amiga" trademarks invalid, at least as those asserted rights conflict with the rights held by Hyperion pursuant to the Agreement.

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A. p. 5

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

30. The insiders of KMOS are the insiders of Amiga Washington. KMOS and its insiders knew that Amiga Washington was insolvent on August 30, 2004, assuming that that was in fact when the Amiga Washington/KMOS Contract was signed. KMOS, therefore, acted in bad faith when it entered into that contract with the actual intent to hinder, delay and defraud creditors of Amiga Washington, including Hyperion. Furthermore, on information and belief, KMOS failed to provide reasonably equivalent value for the "intellectual properties," including the "Amiga" trademarks, that are allegedly covered by the Amiga Washington/KMOS Contract.

31. Hyperion completed AmigaOS 4.0 as required by Annex I of the Agreement no later than December 27, 2004. To the extent that Amiga Delaware or Itec had or has any rights under the Agreement, Hyperion gave timely notice of this completion in a joint press release issued with KMOS in 2004, and separately via email.

32. By June 27, 2005, neither Amiga Washington nor any of its purported successors-in-interest had paid to Hyperion the $25,000 required by §§3.01 and 2.06 of the Agreement.

33. By June 27, 2005, neither Amiga Washington nor any of its purported successors-in-interest had issued a substantially new version of the Classic Amiga OS for the Target Hardware.

34. Amiga Delaware alleges that it is KMOS, Inc., and that KMOS merely changed its name to Amiga Delaware. Based on the failure of Amiga Delaware to produce documentation supporting this allegation in its reply in support of its motion for preliminary injunction, Hyperion alleges that the facts support the conclusion that there was yet another corporate entity change between KMOS, Inc. and Amiga Delaware.

35. If there was another entity change between KMOS, Inc. and Amiga Delaware, then Hyperion alleges that the insiders of Amiga Delaware were the insiders of KMOS, Inc., Itec LLC and Amiga Washington, that Amiga Delaware failed to obtain the prior written

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 6

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

consent required by §7.12 of the Agreement, and that that transfer was yet another link in the effort to hinder, delay and defraud the creditors of Amiga Washington.

36. Even if one assumes that Amiga Washington was not insolvent and that all required parties gave their written consent to the transfer of Amiga Washington's rights in the Itec Contract and all subsequent contracts, Hyperion has at no time, and will not in the future in its dealings with ACube Systems Srl, violate the provisions of its license under the Agreement. Amiga Delaware therefore has no valid basis upon which to terminate the licensing agreement. Likewise, Itec has no such basis for termination of Hyperion's rights under the Agreement.

37. Hyperion specifically alleges that it went well beyond its contractual obligations under the Agreement—at substantial expense to itself—and unquestionably met its obligations to exercise "best efforts," both with respect to releasing AmigaOS 4.0 as promptly as possible, and with respect to obtaining the widest possible rights from third party developers.

38. Because Amiga Delaware and its purported predecessors in interest, including Itec, failed to pay $25,000 to Hyperion by the required date, Amiga Delaware and its purported predecessors in interest failed to timely exercise the "buy-in option" in §3.01. Hyperion, therefore, has no obligation to provide to Amiga Delaware or to Itec the Object Code, Source Code and intellectual property of OS 4.0 pursuant to and within the limits set out in §2.06 of the Agreement.

39. Neither Amiga Delaware nor Itec had or has the legal right or the factual basis upon which to terminate the Agreement.

**CAUSES OF ACTION**

**CAUSE NO. 1: DECLARATORY JUDGMENT UNDER RCW CH. 7.24**

Hyperion realleges paragraphs 1 through 39 as if restated in full herein.

40. Pursuant to RCW Ch. 7.24 *et seq.*, Hyperion seeks a declaratory judgment under the November 3, 2001 Agreement that:

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 7

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Deleted: 3
Deleted: 4
Deleted: 5
Deleted: 6
Deleted: neither
Deleted: n
Deleted: 6
Deleted: 37
Deleted: ANSWER, AFFIRMATIVE DEFENSES AND

1      (a) Under the self-executing provisions of §2.07 of the Agreement, the Amiga One Partners received an exclusive, perpetual, world-wide and royalty free right and license to develop (at their sole expense), use, modify and market the Software and OS 4 under the Amiga OS trademark upon Amiga Washington's insolvency, and that Amiga Washington was insolvent prior to and on April 24, 2003;

    (b) Amiga Delaware and its predecessors, including Itec, did not comply with the requirement of §7.12 of the Agreement that the Amiga One Partners and Amiga Washington each provide prior written consent before the purported assignment of Amiga Washington's rights under the Agreement could occur in the Itec Contract. Therefore neither Amiga Delaware nor Itec has any rights under the Agreement or under any other contract upon which it is suing;

    (c) Amiga Delaware and its predecessors, including Itec, did not comply with the requirement of §7.12 of the Agreement that subsequent transfers of rights under the Agreement also be completed only after obtaining the prior written consent of the parties thereto. Therefore neither Amiga Delaware nor Itec has any rights under the Agreement or under any other contract upon which it is suing;

    (d) Even if one assumes that Amiga Washington was not insolvent and that all required parties gave their written consent to the transfer of Amiga Washington's rights, neither Amiga Washington nor any of its purported successors paid the $25,000 within the six-month time period required by §3.01 to "buy in" to OS 4. Thus, neither Amiga Delaware nor Itec has acquired the right to obtain the Object Code, Source Code and intellectual property of OS 4.0 pursuant to and within the limits set out in §2.06 of said Agreement. Instead, Hyperion possesses all ownership and title in the enhancements of and additions to the Software effected by Hyperion and its subcontractors pursuant to the terms of the Agreement;

    (e) Even if one assumes that Amiga Washington was not insolvent and that all required parties gave their written consent to the transfer of Amiga Washington's rights, the self-executing provisions of §2.08 of the agreement transferred an exclusive, perpetual,

Deleted: therefore
Deleted: no
Deleted: therefore
Deleted: no
Deleted: not
Deleted: ANSWER, AFFIRMATIVE DEFENSES AND

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 8

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  worldwide right and license to develop, use, modify and market the Software and OS 4 under
2  the Amiga OS trademark at their sole expense because Amiga Washington and its purported
3  successors failed to release a substantially new version of the Classic Amiga OS for the Target
4  Hardware within six months of Hyperion's completion of OS 4.0;

5  (f) Even if one assumes that Amiga Washington was not insolvent and that all
6  required parties gave their written consent to the transfer of Amiga Washington's rights, (i)
7  Hyperion exercised its "best efforts" as required of it under the Agreement, and (ii), Hyperion
8  has at no time, and will not in the future in its dealings with ACube Systems Srl, violate the
9  provisions of its license under the November 3, 2001 Agreement. Therefore neither Amiga
10 Delaware nor Itec has any valid basis upon which to terminate the licensing agreement; and

> Deleted: therefore
> Deleted: no

11 (g) Hyperion is entitled to whatever other declaratory relief is required to fully
12 adjudicate the rights of the parties to the Agreement pursuant to RCW 7.24.010, .020, .030,
13 .050, .080, and .090.

14 41. In addition to a declaratory judgment in its favor, Hyperion is entitled to an
15 award from Amiga Delaware and Itec of its attorney's fees and expenses under §7.07 of the
16 Agreement and its costs under RCW 7.24.100.

> Deleted: 38

17 **CAUSE NO. 2: FRAUDULENT CONVEYANCE OF THE AMIGA WASHINGTON/KMOS CONTRACT**
18 Hyperion realleges paragraphs 1 through 41 as if restated in full herein.

> Deleted: 38
> Deleted: 39

19 42. Hyperion is a creditor of Amiga Washington because, among other things,
20 Amiga Washington breached its Warranties and Indemnification obligations in Article IV of the
21 Agreement.

22 43. For example, Amiga Washington breached its warranty that it was the owner of
23 all intellectual property rights in the Software, defined to include but not be limited to OS 3.1,
24 3.5 and 3.9, when it in fact did not own said rights and could not deliver the code. (Agreement,
25 §4.01.) On information and belief, Amiga Washington and its insiders knew it could not

> Deleted: 0
> Deleted: ANSWER, AFFIRMATIVE DEFENSES AND

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 9

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  comply with these warranty obligations at the time the Agreement was entered into. This
2  breach caused Hyperion substantial damage because Hyperion was then forced to enter into
3  dozens of contracts with the actual owners of that Software and acquire the liabilities attendant
4  thereto.
5      44.    Amiga Washington then further breached its duties of indemnification under
6  §4.02 of the Agreement because it failed to hold Hyperion harmless from those damages, costs
7  and expenses.
8      45.    As another example, Hyperion's rights under §2.01 of the Agreement included
9  the right to retain all revenues from the distribution of OS 4.0. In 2001 and 2002 Amiga
10 Washington breached Hyperion's rights by engaging in illicit discount voucher schemes aimed
11 at future end-consumers of OS 4.0. Specifically, Amiga Washington issued $100 "Amiga Party
12 Pack" and $50 "I am Amiga" vouchers designed to induce consumers to pay Amiga
13 Washington $100 or $50 in anticipation of the release of OS 4.0. Amiga Washington
14 represented that in exchange for these vouchers it would either grant a discount or provide free
15 copies of software, e.g. OS 4.0, that it did not own. By Amiga Washington's own admissions, it
16 raised at least $90,000 from consumers in this manner. Hyperion never endorsed these
17 schemes, was never paid any of the money, and has been damaged both in its reputation and
18 monetarily as it was confronted with demands from these consumers for benefits that Hyperion
19 was not in a position to provide.
20     46.    Hyperion assumed the status of a creditor of Amiga Washington prior to April
21 24, 2003.
22     47.    The Amiga Washington/KMOS Contract, purportedly signed on August 30,
23 2004, violates RCW 19.40.041(a) and RCW 19.40.051(a).
24     48.    Amiga Delaware, either as the renamed KMOS or as a subsequent transferee
25 who failed to take in good faith and failed to provide reasonably equivalent value, is liable to
26 Hyperion for this fraudulent transfer pursuant to RCW 19.40.071 and .081.

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 10

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Margin comments: Deleted: 1; Deleted: 2; Deleted: 3; Deleted: 4; Deleted: 5; Deleted: ANSWER, AFFIRMATIVE DEFENSES AND

49. Pursuant to RCW 19.40.071 and .081, Hyperion is entitled to a judgment voiding the transfer that took place in the Amiga Washington/KMOS Contract and to a judgment awarding Hyperion full right and title to the intellectual property rights covered by the Amiga Washington/KMOS Contract in partial satisfaction of Amiga Washington's liabilities to Hyperion.

50. Pursuant to RCW 19.40.071 and .081, Hyperion is further entitled to an injunction prohibiting Amiga Delaware from using the name "Amiga" in its corporate name, in corporate sponsorships of public facilities, and from using the Amiga trademarks in any of its commercial or noncommercial activities.

51. Finally, Hyperion is entitled to any other relief required by the circumstances of this case to provide it full relief pursuant to RCW 19.40.071(a)(3)(iii).

**CAUSE NO. 3: FRAUDULENT CONVEYANCE OF THE ITEC/KMOS CONTRACT**

Hyperion realleges paragraphs 1 through 51 as if restated in full herein.

52. The Itec/KMOS Contract was purportedly entered into on October 7, 2003.

53. At the alleged time of that contract, Hyperion was a creditor of Amiga Washington.

54. The Itec/KMOS Contract violates RCW 19.40.041(a) and RCW 19.40.051(a) in as much as it was part of a larger scheme to hinder, delay or defraud the creditors of Amiga Washington.

55. Both Itec and Amiga Delaware, either as the renamed KMOS or as a subsequent transferee who failed to take in good faith and failed to provide reasonably equivalent value, is liable to Hyperion for this fraudulent transfer pursuant to RCW 19.40.081.

56. Pursuant to RCW 19.40.071 and .081, Hyperion is entitled to a judgment voiding the transfer that took place in the Itec/KMOS Contract. To the extent that Hyperion has not already received the same in response to its cause of action for declaratory judgment, Hyperion is further entitled to a judgment against Itec and Amiga Delaware awarding Hyperion full right

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 11

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  and title to the intellectual property rights covered by the Itec/KMOS Contract in partial
2  satisfaction of Amiga Washington's liabilities to Hyperion.
3      57.    Finally, Hyperion is entitled to any other relief required by the circumstances of
4  this case to provide it full relief pursuant to RCW 19.40.071(a)(3)(iii).
5  4.    **CAUSE NO. 4: BREACH OF CONTRACT**
6      Hyperion realleges paragraphs 1 through 57 as if restated in full herein.
7      58.    If Amiga Delaware is in fact a valid successor in interest to Amiga Washington
8  under the Agreement, then Amiga Delaware assumed all of the contractual obligations and
9  liabilities of Amiga Washington with respect to the same.
10     59.    If Itec, instead of Amiga Delaware, is in fact a valid successor in interest to
11 Amiga Washington under the Agreement, then Itec assumed all of the contractual obligations
12 and liabilities of Amiga Washington with respect to the same.
13     60.    As alleged previously, Amiga Washington breached its warranties and
14 indemnification obligations of Article IV of the Agreement by failing both to deliver OS 3.1,
15 3.5 and 3.9 source code free of encumbrances and, with respect to OS 3.5 and 3.9, the outright
16 failure to produce that code in any form. These breaches caused substantial damages to
17 Hyperion in an amount to be proven at trial. Amiga Delaware and/or Itec is liable for those
18 damages if in fact either or both of them is a legitimate successor in interest to Amiga
19 Washington.
20     61.    As alleged previously, Amiga Washington breached Hyperion's rights under
21 §2.01 of the Agreement by engaging in the "I am Amiga Club" and "Party Pack" voucher
22 schemes. These breaches caused substantial damages to Hyperion in an amount to be proven at
23 trial. Amiga Delaware and/or Itec is liable for those damages if in fact either or both of them is
24 a legitimate successor in interest to Amiga Washington.
25     62.    Discovery is ongoing and additional breaches of contract by may be discovered.
26

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 12

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Margin comments (tracked changes):
- Deleted: 4
- Deleted: 4
- Deleted: 5
- Deleted: 56
- Deleted: it
- Deleted: the
- Deleted: 57
- Deleted: it
- Deleted: the
- Deleted: 58
- Deleted: ANSWER, AFFIRMATIVE DEFENSES AND

63. Hyperion accordingly demands judgment against Amiga Delaware and/or Itec in an amount to be determined at trial, plus attorney's fees and expenses, if Amiga Delaware and/or Itec is in fact determined to be a valid successor in interest to Amiga Washington.

**CAUSE NO. 5:    VIOLATION OF RCW CH. 19.86 ET AL.**

Hyperion realleges paragraphs 1 through 63 as if restated in full herein.

64. Amiga Delaware has misrepresented to third parties that it owns the Object Code, the Source Code and all intellectual property of the Operating System known as OS 4 in the context of negotiating, or attempting to negotiate contracts with said parties relating to the development, marketing, distribution and/or sale of OS 4. One such example of this is a Subscription Agreement between KMOS and a Singapore company named TAPUL S.A. dated May 10, 2004. In making these misrepresentations, Amiga Delaware made a representation of existing fact, the factual misrepresentation was material, it was false, Amiga Delaware knew it was false, and Amiga Delaware intended that third parties act on those false representations.

65. In making the foregoing misrepresentations, Amiga Delaware was engaging in an unfair or deceptive act or practice that occurred in trade or commerce. Those misrepresentations have had a public interest impact because certain of those third parties have accepted as true Amiga Delaware's misrepresentations, and their subsequent actions have had a negative impact on Hyperion's ability to develop, market and sell its intellectual property. Furthermore, certain of Hyperion's independent contractors have viewed Amiga Delaware's actions as an infringement on their rights, and those third parties have instituted, or threatened to institute, legal proceedings against Hyperion. Because of the same, Amiga Delaware's actions have caused injury to Hyperion's business or property. RCW 19.86.020.

66. In light of the foregoing violations, RCW 19.86.090 entitles Hyperion (a) to injunctive relief requiring Amiga Delaware to cease and desist its wrongful acts, (b) to recover actual damages, trebled to no more than $10,000 per violation, and (c), to recover costs of suit, including a reasonable attorney's fee.

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 13

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

CAUSE NO. 6:  LANHAM ACT—TRADE MARK INFRINGEMENT AND DILUTION

Hyperion realleges paragraphs 1 through 66 as if restated in full herein.

67.    As previously alleged, Amiga Delaware acquired its alleged rights to the Amiga trademarks through a fraudulent conveyance.  As such, those alleged rights are invalid and unenforceable.

68.    Itec acquired its alleged rights to the Amiga trademarks through a fraudulent conveyance.  As such, those alleged rights are invalid and unenforceable.

69.    Amiga Delaware's past and present use of the Amiga trademarks violates Hyperion's explicit contractual rights under the Agreement.

70.    Itec's potential future use of the Amiga trademarks violates Hyperion's explicit contractual rights under the Agreement.

71.    As between Amiga Delaware and Hyperion, Hyperion also has the right of first use with respect to the Amiga trademarks because Hyperion in fact was the first to use those marks in conjunction with the expenditure of time and the resources needed to develop the Amiga OS 4.0 Software and to promote the same within the scope of its rights under the Agreement.

72.    As between Itec and Hyperion, Hyperion also has the right of first use with respect to the Amiga trademarks because Hyperion in fact was the first to use those marks in conjunction with the expenditure of time and the resources needed to develop the Amiga OS 4.0 Software and to promote the same within the scope of its rights under the Agreement.

73.    Amiga Delaware's use of the Amiga marks is and has been done with actual and constructive knowledge of, and with deliberate, willful and utter disregard of Hyperion's rights in the same.  Furthermore, Amiga Delaware uses those marks in a way that is not only confusingly similar, but identical, to Hyperion's use of its trademark rights.  Amiga Delaware's use of those marks is likely to cause confusion, deception and mistake among the consuming public as to the source or affiliation of Hyperion's goods, namely Amiga OS 4.0.

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 14

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  74. Amiga Delaware has used and seeks to use the Amiga marks to falsely proclaim
2  that it is the source of the Amiga OS 4.0 Software, to the damage of Hyperion's valuable
3  goodwill as the source of the same.
4  75. Amiga Delaware's actions have had the effect of diluting and weakening the
5  unique and distinctive significance of Hyperion's rights in the Amiga trademarks as acquired
6  through the Agreement and through first use.
7  76. By reason of the foregoing, Amiga Delaware has violated §32(1) and §43(c) of
8  the Lanham Act, 15 U.S.C. §1114(1) & 1125(c).
9  77. Itec seeks to use the Amiga marks to falsely proclaim that it is the source of the
10  Amiga OS 4.0 Software, to the damage of Hyperion's valuable goodwill as the source of the
11  same.
12  78. Because of the above acts, Hyperion asks the Court to enjoin Amiga Delaware
13  and Itec from continuing these wrongful acts and to award it monetary damages in an amount to
14  be proven at trial.

**CLAIM NO. 7: LANHAM ACT—FALSE DESIGNATION OF ORIGIN**

16  Hyperion realleges paragraphs 1 through 78 as if restated in full herein.
17  79. Amiga Delaware's use of the trademark AmigaOS 4.0 to promote and sell
18  Software and products to which it has no contractual right is a false designation of origin.
19  80. On information and belief, Hyperion alleges that Amiga Delaware's actions have
20  been knowing, deliberate, willful and in utter disregard of Hyperion's rights.
21  81. The above acts by Amiga Delaware constitute a false designation of origin. By
22  reason of the foregoing, Amiga Delaware has violated §43(a) of the Lanham Act, 15 U.S.C.
23  §1125(a), and will continue to do so unless the above acts, among others, are enjoined by the
24  Court.

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 15

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Deleted: 67
Deleted: 68
Deleted: 69
Deleted: 0
Deleted: 0
Deleted: 1
Deleted: 72
Deleted: 73
Deleted: ANSWER, AFFIRMATIVE DEFENSES AND

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the allegations contained in Amiga Delaware's Complaint, Hyperion prays that said Complaint be dismissed and that all costs incurred herein by Hyperion, plus a reasonable attorney's fee, be taxed against Amiga Delaware. Hyperion further requests the following relief:

1. For declaratory judgment against Amiga Delaware and Itec that:

   (a) Under the self-executing provisions of §2.07 of the Agreement, the Amiga One Partners received an exclusive, perpetual, world-wide and royalty free right and license to develop (at their sole expense), use, modify and market the Software and OS 4 under the Amiga OS trademark upon Amiga Washington's insolvency, and that Amiga Washington was insolvent prior to and on April 24, 2003;

   (b) Amiga Delaware and its predecessors, including Itec, did not comply with the requirement of §7.12 of the Agreement that the Amiga One Partners and Amiga Washington each provide prior written consent before the purported assignment of Amiga Washington's rights under the Agreement could occur in the Itec Contract. Therefore neither Amiga Delaware nor Itec has any rights under the Agreement or under any other contract upon which it is suing;

   (c) Amiga Delaware and its predecessors, including Itec, did not comply with the requirement of §7.12 of the Agreement that subsequent transfers of rights under the Agreement also be completed only after obtaining the prior written consent of the parties thereto. Therefore neither Amiga Delaware nor Itec has any rights under the Agreement or under any other contract upon which it is suing;

   (d) Even if one assumes that Amiga Washington was not insolvent and that all required parties gave their written consent to the transfer of Amiga Washington's rights, neither Amiga Washington nor any of its purported successors paid the $25,000 within the six-month time period required by §3.01 to "buy in" to OS 4. Thus, neither Amiga Delaware nor Itec has acquired the right to obtain the Object Code, Source Code and intellectual property of OS 4.0

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 16

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Deleted: therefore
Deleted: no
Deleted: therefore
Deleted: no
Deleted: not
Deleted: ANSWER, AFFIRMATIVE DEFENSES AND

1 pursuant to and within the limits set out in §2.06 of said Agreement. Instead, Hyperion
2 possesses all ownership and title in the enhancements of and additions to the Software effected
3 by Hyperion and its subcontractors pursuant to the terms of the Agreement;
4     (e) Even if one assumes that Amiga Washington was not insolvent and that all
5 required parties gave their written consent to the transfer of Amiga Washington's rights, the
6 self-executing provisions of §2.08 of the agreement transferred an exclusive, perpetual,
7 worldwide right and license to develop, use, modify and market the Software and OS 4 under
8 the Amiga OS trademark at their sole expense because Amiga Washington and its purported
9 successors failed to release a substantially new version of the Classic Amiga OS for the Target
10 Hardware within six months of the completion of OS 4.0 by Hyperion;
11     (f) Even if one assumes that Amiga Washington was not insolvent and that all
12 required parties gave their written consent to the transfer of Amiga Washington's rights, (i)
13 Hyperion exercised its "best efforts" as required of it under the Agreement, and (ii), Hyperion
14 has at no time, and will not in the future in its dealings with ACube Systems Srl, violate the
15 provisions of its license under the November 3, 2001 Agreement. Therefore neither Amiga
16 Delaware nor Itec has any valid basis upon which to terminate the licensing agreement; and

> Deleted: therefore
> Deleted: no

17     (g) Hyperion is entitled to whatever other declaratory relief is required to fully
18 adjudicate the rights of the parties to the Agreement pursuant to RCW 7.24.010, .020, .030,
19 .050, .080, and .090.
20     2.    For a declaration that the Amiga Washington/KMOS Contract is void as a
21 fraudulent conveyance, and for a judgment awarding title to Hyperion of all rights of any kind
22 covered by said Contract;
23     3.    For a declaration that the Itec/KMOS Contract is void as a fraudulent
24 conveyance and, to the extent that said rights have not already been awarded to Hyperion under
25 paragraph 1 above, a judgment against Amiga Delaware and Itec awarding to Hyperion all

> Deleted: judgment
> Deleted: ANSWER, AFFIRMATIVE DEFENSES AND

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 17

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1. rights of any kind covered by said Contract, to the extent that they are not owned by third parties (e.g., Eyetech);

2. 4. For an award of damages against Amiga Delaware and/or Itec for the breaches of the Agreement committed by Amiga Washington, if Amiga Delaware and/or Itec is actually a valid successor in interest to that Agreement;

3. 5. For treble damages, injunctive relief, fees and costs as a result of Amiga Delaware's violation of RCW 19.86 *et seq*.

4. 6. For injunctive relief and damages against Amiga Delaware and Itec under the Lanham Act;

5. 7. For an award of fees and expenses in bringing this suit as permitted by contract, statute and equity against Amiga Delaware and Itec; and

6. 8. For such other relief as the Court deems appropriate.

DATED this _____ day of July, 2007.

KINSEL LAW OFFICES, PLLC

By: /s/ William A. Kinsel
William A. Kinsel, WSBA #18077
Attorney for Defendant Hyperion VOF

William A. Kinsel, Esq.
Kinsel Law Offices
2025 First Avenue, Suite 440
Seattle, WA 98121
Phone: (206) 706-8148
Fax:    (206) 374-3201
Email: wak@kinsellaw.com

517p.doc

HYPERION'S AMENDED COUNTERCLAIMS -
Exhibit A, p. 18

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Deleted: 13th
Deleted: ne
Deleted: 3
Deleted: ANSWER, AFFIRMATIVE DEFENSES AND