

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation, | CAUSE NO. CV07-0631RSM |
| Plaintiff, | **AMIGA, INC.'S MOTION FOR** |
| and | **JUDGMENT ON THE PLEADINGS** |
| HYPERION VOF, a Belgium corporation, | |
| Defendant. | Note on Motion Calendar: July 27, 2007 |

## **MEMORANDUM OF LAW**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, plaintiff Amiga, Inc., a Delaware corporation ("Amiga Delaware"), seeks dismissal of two counterclaims asserted by defendant Hyperion VOF ("Hyperion"):  Cause No. 6, which alleges trademark infringement in violation of 15 U.S.C. § 1114(1) and dilution in violation of 15 U.S.C. § 1125(c), and Cause No. 7, which purports to allege false designation of origin in violation of 15 U.S.C. § 1125(a). These Counterclaims should be dismissed for failure to state a claim upon which relief can be granted.

MOTION FOR JUDGMENT ON THE PLEADINGS - 1
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

## PRELIMINARY STATEMENT

Hyperion has failed to plead – and indeed cannot plead – that it is the "registrant" of a "registered mark" being infringed by Amiga Delaware. These are requisite elements of Hyperion's infringement Counterclaim. Similarly, Hyperion has failed to allege that it is the "owner" of a "famous mark" being diluted by Amiga Delaware – a requisite element of Hyperion's dilution Counterclaim. Instead, Hyperion alleges that, along with Eyetech Group Ltd. ("Eyetech"), an English corporation, Hyperion is a mere licensee with respect to certain use of "Amiga OS" as a mark. Since a licensee is neither a "registrant" nor an "owner" within the meaning of §§ 1114(1) and 1125(a), respectively, Hyperion's pleading of Cause No. 6, the infringement and dilution Counterclaim, is defective as a matter of law.

Furthermore, the very provision of the agreement under which Hyperion purports to derive its alleged trademark rights refutes Hyperion's contention that it is named as a licensee. To the extent that section 2.07 of the November 3, 2001 (OEM) License and Software Development Agreement (the "Agreement")[1] grants purported trademark rights claimed in Hyperion's Counterclaims, any such rights are granted to the "Amiga One Partners" -- a juridical entity separate from Hyperion, comprising Hyperion and Eyetech – a fact Hyperion concedes (Counterclaims ¶ 37(a)). Accordingly, the infringement, dilution and false designation of origin Counterclaims should be dismissed pursuant to Rules 17 and 19 of the Federal Rules of Civil Procedure, because Hyperion is not the real party in interest and/or Hyperion has failed to join Eyetech, a necessary party.

---

[1]  The Agreement is Exhibit A to the Complaint and is referenced throughout the Counterclaims.

MOTION FOR JUDGMENT ON THE PLEADINGS - 2
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

# ARGUMENT

## POINT 1

### CAUSE NO. 6 OF HYPERION'S COUNTERCLAIMS
### FAILS TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT

**A.    Hyperion's Pleading Fails to Allege that Hyperion is the "Registrant" of a Federally "Registered Mark" Being Infringed by Amiga Delaware – Requisite Elements under 15 U.S.C. § 1114(1)**

Cause No. 6 of Hyperion's Counterclaims, which alleges trademark infringement under 15 U.S.C. § 1114(1), should be dismissed for failure to allege requisite elements of a claim upon which relief can be granted – specifically that Hyperion is the "registrant" of a federally "registered mark" being infringed by Amiga Delaware.

The Lanham Act permits civil actions for trademark infringement to be brought only by the "registrant" of a federally "registered mark." 15 U.S.C. § 1114(1). The terms "registrant" and "registered mark" are defined in 15 U.S.C. § 1127. "The term 'registered mark' means a mark registered in the United States Patent and Trademark Office . . . ." 15 U.S.C. § 1127. The term "registrant" refers to the owner of the federal registration but also embraces "the legal representatives, predecessors, successors and assigns" of the registrant. *Id.*

Hyperion's pleading is defective because nowhere does it identify any "registered mark" that is registered in Hyperion's name, nor does it allege that Hyperion is the legal representative, predecessor, successor or assign of the owner of any such federally "registered mark." Instead, the pleading merely alleges that, "Amiga Delaware's past and present use of the Amiga trademarks violates Hyperion's explicit contractual rights under the Agreement" (Counterclaims, ¶ 64) – a reference to paragraph 8 of the Counterclaims, which asserts that "[u]pon Amiga Washington's insolvency, the self-executing provision in § 2.07 of the Agreement transferred to Hyperion and Eyetech 'an exclusive, perpetual, world-wide and royalty free right and license to

MOTION FOR JUDGMENT ON THE PLEADINGS - 3
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1   develop (at their sole expense), use, modify and market the Software and OS 4 under the "Amiga

2   OS" trademark.'" (Counterclaims, ¶ 8)  The infringement claim fails its face.

3       **B.    As an Alleged Licensee, Hyperion Would Lack the Status of "Registrant"**

4           To the extent that Hyperion has alleged in paragraph 8 of its Counterclaims that Hyperion

5   and Eyetech are licensees with respect to certain use of "Amiga OS" as a mark, such allegations

6   are insufficient for Hyperion to maintain a claim for trademark infringement under § 1114(1),

7   since a mere licensee is not a "registrant" within the meaning of the statute.  *See Nat'l Licensing

8   Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1254 (E.D. Wa. 2004) (finding that

9   plaintiff has no standing to bring Section 1114(1) claim because it is a licensee with no property

10  interest in the mark or ownership rights in the registration).  Accordingly, the court should

11  dismiss Hyperion's sixth counterclaim on the pleadings.

12      **C.    The License Alleged by Hyperion Would Run Only to the "Amiga One
             Partners," Not to Hyperion or Eyetech, Individually, Pursuant to Express
             Terms of the Agreement**

13          Even if a mere licensee were entitled to maintain an infringement action under 15, U.S.C.

14  § 1114(1) – which a mere licensee cannot – the very provision of the Agreement upon which

15  Hyperion purports to rely, section 2.07, actually refutes Hyperion's allegation that "Hyperion

16  and Eyetech" are licensees with respect to certain use of "Amiga OS" as a mark.  Contrary to

17  Hyperion's allegations, neither Hyperion, nor Eyetech, is named as a trademark licensee under

18  that provision.  Rather, section 2.07 of the Agreement, entitled "Bankruptcy," states in its

19  entirety:

20              In the event Amiga files for bankruptcy or becomes insolvent, the ***Amiga
             One Partners*** are granted an exclusive, perpetual, world-wide and royalty
21           free right and license to develop (at their sole expense), use, modify and
             market the Software and OS 4 under the "Amiga OS" trademark.

22

23  (Emphasis added).  Notably, Article I of the Agreement states that "***'Amiga One Partners'***

24  means Eyetech and Hyperion collectively" (emphasis added), and the second "WHEREAS"

MOTION FOR JUDGMENT ON THE PLEADINGS - 4
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

clause in the "RECITALS" section of the Agreement states:  "WHEREAS Hyperion has *partnered* with Eyetech Ltd. in the Amiga One project . . ." (emphasis added).

Hyperion, itself, admits in paragraph 37(a) of its Counterclaims that, to the extent the Agreement grants any purported trademark rights, those rights are granted *solely to the "Amiga One Partners."*  Thus, Hyperion necessarily concedes that it lacks standing to bring any claim at all against Amiga Delaware based on the alleged licensee pursuant to section 2.07 of the Agreement.  *See Seltzer v. Chadwick*, 26 Wash. 2d 297, 301, 173 P.2d 991 (1946) ("In order to maintain an action upon a partnership asset, the partners must be joined as parties to the action"); *see also Cheesman v. Sathre*, 45 Wash. 2d 193, 203, 273 P.2d 500 (1954).  This requirement was based upon the rule that a "partnership cannot sue or be sued apart from its members." *Seltzer*, 26 Wash. 2d at 301 (quoting *Yarbrough v. Pugh*, 63 Wash. 140, 145, 114 P. 918 (1911)).

> **D.  Hyperion's Trademark Infringement Counterclaim Should be Dismissed Pursuant to Rules 17(a) and 19 Because Hyperion is Not the Real Party in Interest and Has Failed to Join a Necessary Party**

Hyperion's Counterclaim for trademark infringement also should be dismissed because Hyperion is not the real party in interest under Rule 17(a) of the Federal Rule of Civil Procedure and because Hyperion has failed to join a necessary party to this litigation pursuant to Rule 19. Both rules must be satisfied before Hyperion can proceed with its Counterclaim for trademark infringement against Amiga Delaware.  *See U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986).  Here, since Hyperion acknowledges that the Amiga One Partners, and not Hyperion, individually, is the real party in interest, and since Hyperion has failed to join a necessary party to this action – Eyetech – Hyperion lacks standing to sue in this matter as a matter of law.  Although Hyperion characterizes section 2.07 of the Agreement as granting a license to "Hyperion and Eyetech" (*see* Counterclaim ¶ 8), this Court should disregard averments in the Counterclaims that contravene and are contradicted by the language of the Agreement

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

upon which Hyperion relies. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998). However, even if Hyperion's mischaracterization were correct, Eyetech still would be a necessary party under Rule 19, since, among other things, a judgment rendered in Eyetech's absence might be prejudicial to Eyetech or to those already parties to Hyperion's Cause No. 6. *See* Fed. R. Civ. P. 19(a).

Accordingly, the Counterclaim for trademark infringement in Hyperion's Cause No. 6 should be dismissed with prejudice.

## POINT II

### CAUSE NO. 6 OF HYPERION'S COUNTERCLAIMS FAILS TO STATE A CLAIM FOR TRADEMARK DILUTION

To the extent that Cause No. 6 of Hyperion's Counterclaims purports to state a claim for trademark dilution under 15 U.S.C. § 1125(c), it should also be dismissed on the pleading. Under Section 1125(c), only "*the owner of a famous mark* . . . shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark . . . ." 15 U.S.C. §1125(c). Based on the plain language of the statute, the trademark owner is the exclusive party given the right to bring a trademark dilution claim. *See Thane Int'l v. Trek Bicycle Corp.*, 305 F.3d 894, 907 (9th Cir. 2002) (stating that trademark dilution under Section 1125(c) "limits protection to the owners 'of a famous mark'") (citing 15 U.S.C. §1125(c)(1)); *see also Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1012 (9th Cir. 2004) (stating the "point of dilution law is to protect the owner's investment in the mark").

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1

**A.    Hyperion's Pleading Fails to Allege that Hyperion is the "Owner" of a Famous Mark" Being Diluted by Amiga Delaware – Requisite Elements under 15 U.S.C. § 1125(c)**

2

3    Hyperion's Counterclaim for trademark dilution under Cause No. 6 should be dismissed

4    because it fails to allege that Hyperion is the "owner" of a "famous mark," being diluted by

5    Amiga Delaware -- much as Hyperion's Counterclaim for trademark infringement fails to allege

6    that Hyperion is a "registrant" of a "registered mark." To the extent that Hyperion is claiming

7    rights under a purported license pursuant to section 2.07 of the Agreement, Hyperion necessarily

8    admits that it is not the owner of the allegedly licensed mark. (*See* Counterclaims ¶¶ 8, 64)

9    When, as here, a party fails to allege that it is the owner of a famous mark, such as when

10    a party alleges that it is a mere licensee of the mark at issue, courts have held that the party lacks

11    standing to bring a dilution claim. *See Love v. The Mail on Sunday*, No. CV057798ABCPJWX,

12    2006 WL 4046180, at *14 (C.D. Cal. Aug. 15, 2006) (granting defendants' 12(b)(6) motion to

13    dismiss plaintiff's federal dilution claim for lack of standing because the plaintiff was only an

14    exclusive licensee of the mark and the "statute grants standing to sue only to the 'owner of the

15    famous mark'").

16

**B.    Hyperion's Trademark Dilution Counterclaim Should be Dismissed Pursuant to Rules 17(a) and 19 Because Hyperion is Not the Real Party in Interest and Has Failed to Join a Necessary Party**

17

18    As described in Point I regarding the trademark infringement portion of Cause No. 6,

19    Hyperion's Counterclaim for trademark dilution should also be dismissed because Hyperion is

20    not the real party in interest under Rule 17(a) of the Federal Rule of Civil Procedure and because

21    Hyperion has failed to join a necessary party to this litigation pursuant to Rule 19. As described

22    above, section 2.07 of the Agreement, on its face, actually refutes Hyperion's allegation that

23    Hyperion and Eyetech are licensees for certain use of the "Amiga OS" trademark, and Hyperion

24    itself has acknowledged that the Amiga One Partners, and not Hyperion, individually, is the real

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

party in interest.  (Counterclaims ¶ 37(a))  Furthermore, even if Hyperion's mischaracterization of section 2.07 of the Agreement as granting a license to Hyperion and Eyetech were correct, Eyetech still would be a necessary party under Rule 19.  (*See* Point I.D, above)

Accordingly, the Counterclaim for trademark dilution should be dismissed with prejudice.

**POINT III**

**HYPERION HAS FAILED TO STATE A
CLAIM FOR FALSE DESIGNATION OF ORIGIN**

Hyperion's Counterclaim for false designation of origin in Cause No. 7 should be dismissed because it suffers from many of the same or similar pleading deficiencies as its Counterclaim for trademark infringement and dilution in Cause No. 6.

Again Hyperion bases its claim of trademark rights on the purported license allegedly granted under section 2.07 of the Agreement.  Again, Hyperion's assertion of rights is refuted by the very section of the Agreement upon which it basis its claim.  As discussed in Point I above, Hyperion is not named as trademark licensee under the provision of the Agreement upon which relies.  To the extent that any rights have allegedly been granted pursuant to Section 2.01 of the Agreement, the Agreement expressly provides that any such rights are granted *solely to the "Amiga One Partners,"* and not to Hyperion, individually.  Thus, Hyperion lacks standing to bring a claim for false designation of origin against Amiga Delaware.  *See* Fed.R.Civ.P. 17(a) and 19.  As discussed above, even if Hyperion's allegation in paragraph 8 of the Counterclaims were correct that section 2.07 of the Agreement granted a license to "Hyperion and Eyetech" and not to the Amiga One Partners, as asserted in paragraph 37(a) of the Counterclaims and as set forth in the Agreement itself, Eyetech still would be a necessary party under Rule 19.  (*See* Point I.D, above)

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1        Accordingly, the Counterclaim for false designation of origin should be dismissed with

2    prejudice.

3        DATED this the 5th day of July, 2007.

4                   CABLE, LANGENBACH, KINERK & BAUER, LLP

5

6            By:    /s/

7                   Lawrence R. Cock, WSBA No. 20326
               Attorneys for Plaintiff Amiga, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

MOTION FOR JUDGMENT ON THE PLEADINGS - 9
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William A. Kinsel
Law Offices of William A. Kinsel, PLLC
Market Place Tower
2025 First Avenue, Suite 440
Seattle, WA  98121

_/s/_____
Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff Amiga, Inc.
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

MOTION FOR JUDGMENT ON THE PLEADINGS - 10
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800