UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>and<br><br>HYPERION VOF, a Belgium corporation,<br><br>   Defendant. | CAUSE NO. CV07-0631RSM<br><br>AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN ITEC LLC AS A COUNTERCLAIM DEFENDANT<br><br>Note on Motion Calendar: Friday, July 13, 2007 |

## INTRODUCTION

The motion by Hyperion VOF ("Hyperion") to compel the joinder of Itec, LLC, ("Itec") a New York company, as a party to this litigation should be denied. Hyperion has failed to meet the requisite test for establishing that Itec is a necessary party. The law is clear that an entity can be a proper party to a litigation, yet not necessary. If the court can grant complete relief to all

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN
ITEC LLC AS A COUNTERCLAIM DEFENDANT - 1
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

existing parties and no existing party is subject to a substantial risk of incurring inconsistent obligations, a party is not necessary. In this regard, an "inconsistent obligation" is far different from an inconsistent result. As used in Rule 19, an "inconsistent obligation" occurs "when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." Here, Hyperion argues that Itec is a necessary party because its contract with Itec involves the same subject matter as that raised in this litigation. But that is not the appropriate test. This Court can grant complete relief to Amiga, Inc. ("Amiga") on its claims or to Hyperion on its counterclaims regardless of Itec's participation. Moreover, Itec's pending lawsuit against Hyperion in New York can proceed without Hyperion facing the risk that a court order there would be contradicted by any order of this Court. Finally, Hyperion caused the New York lawsuit by alleging in this lawsuit that Amiga, Inc. is not the legal assignee of the November 2001 agreement. Therefore, under the facts presented and the governing law regarding necessary parties, Hyperion has failed to establish that Itec's participation is indispensable to this litigation. Accordingly, the Court should deny Hyperion's motion.

## FACTS

Amiga, Inc., a Delaware Corporation, filed this lawsuit against Hyperion, a Belgian entity. Amiga asserts that it is the successor in interest to a November 2001 Software Development Agreement, pursuant to which Hyperion agreed to develop a new OS 4.0 version of the "Classic Amiga OS" computer operating system and which Hyperion has breached. Among other things, Hyperion has failed to transfer ownership of the Object Code, Source Code and intellectual property of OS 4.0 in return for the $25,000 pursuant to section 3.01 of the 2001

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN
ITEC LLC AS A COUNTERCLAIM DEFENDANT - 2
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Software Development Agreement. Hyperion also entered into an April 24, 2003 agreement with Itec, a New York limited liability company, relating to ownership of the Object Code, Source Code and intellectual property of OS 4.0. In anticipation of entering into that April 24, 2003 agreement, Itec and others on its behalf paid $24,750 to Hyperion, unintentionally delivering $250 less than its intended tender of $25,000. In the single sentence in the agreement, Hyperion confirms receipt of the payments and promises delivery of OS 4.0 to Itec:

> Hyperion confirms that for the receipt of 25,000.00 USD, Hyperion shall transfer the ownership of the Object Code, Source Code and intellectual property of OS 4.0 to Itec in accordance with the provisions of the November 1, 2001 agreement between Amiga, Hyperion and Eyetech and to the extent that it can do so under existing agreements with third party developers whose work shall be integrated in OS 4.0. Carton Dec., Ex. 16.

In sworn testimony in this action, Hyperion has asserted that the April 24, 2003 agreement constituted its consent to an assignment of the 2001 Software Development Agreement by Amiga, Inc. (Washington) to Itec. Carton Dec., ¶ 48. In both sworn testimony and its Answer, Hyperion asserted that Amiga, unlike Itec, is not a proper assignee of Amiga, Inc. (Washington)'s rights under the 2001 Agreement: "Amiga Delaware has no rights under the Agreement because the requirements of Section 7.12 of the Agreement were not met." Answer, p. 7, Defense no. 5; see also Carton Dec., ¶ 49.

Accordingly, (without agreeing that the evidence will so establish), if Itec was the assignee of the 2001 Software Development Agreement from Amiga, Inc. (Washington), but Itec did not properly or legally assign its interest to Amiga, then Itec would remain as the owner of all rights under the 2001 Software Development Agreement. Alternately, if the April 24, 2003

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN
ITEC LLC AS A COUNTERCLAIM DEFENDANT - 3
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-
1048
(206) 292-8800

agreement was an independent agreement between Itec and Hyperion, Itec would still be the owner of rights pursuant to that agreement or would be a proper party to enforce that agreement. Thus, after Hyperion asserted in this lawsuit that Amiga was not the legal or proper assignee of Itec's interest in the 2001 Software Development Agreement, Itec tendered another $25,000 to Hyperion on June 20, 2007 and demanded performance of the April 24, 2003 Agreement. Recognizing that its rejection of this additional tender would prompt Itec to sue in New York, Hyperion conveyed its rejection and signaled its refusal to perform by filing the instant motion with this Court. Carton Dec., ¶ 5. Thereafter, Itec commenced an action against Hyperion in New York state court on July 6, 2007. Hyperion has not yet appeared in that action.

Recognizing that Itec, a New York limited liability company, was about to sue in New York to compel performance, Hyperion made the instant motion in this Court to have Itec declared a necessary party to this litigation. Rather than arguing that it faces a risk of inconsistent obligations, Hyperion primarily argues that Itec cannot sue in New York because the April 24, 2003 Agreement incorporates all the terms and conditions of the 2001 Agreement, including its venue clause, as a matter of law. (The single sentence agreement does not use the word "incorporate."[1]) This argument assumes the April 24, 2003 agreement to be a novation to the 2001 Agreement, substituting Itec for Amiga, Inc. (Washington). Yet the Court has declined to make such factual determinations.

---

[1] *See Grundstad v. Ritt*, 106 F.3d 201, 205 (7th Cir. 1997) (guarantor of "all" the provisions of a written contract did not express intent to be bound by arbitration clause in underlying agreement because guarantee lacked incorporation language).

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN
ITEC LLC AS A COUNTERCLAIM DEFENDANT - 4
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-
1048
(206) 292-8800

## ARGUMENT

*A.   Itec Is Not A "Person Required To Be Joined" under FRCP 19(a)(1) because the Court Can Afford Complete Relief to Amiga and Hyperion On Their Respective Claims.*

The Supreme Court recently approved the rewriting of the Federal Rules of Civil Procedure. FRCP 19 was rewritten for stylistic clarity, but the Court made no changes in substance[2]. Although the rewritten rule does not take formal effect until December 30, 2007 (absent Congressional revision) it does clarify the sometimes unclear language of current FRCP 19(a):

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In *Bevan v. Columbia Broadcasting System, Inc.,* 293 F.Supp. 1366 (S.D.N.Y. 1968), the plaintiffs were authors of the play *Stalag 17*. When CBS produced the television show *Hogan's*

---

[2]   See ORDERS OF THE SUPREME COURT OF THE UNITED STATES ADOPTING AND AMENDING RULES AND FORMS, ORDER OF APRIL 30, 2007 (2007 Westlaw US ORDER 07-30).The Committee Note for Rule 19 states: "The language of Rule 19 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only."

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN
ITEC LLC AS A COUNTERCLAIM DEFENDANT - 5
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

*Heroes*, plaintiffs sued CBS for copyright infringement. CBS defended by asserting that plaintiffs had assigned their rights to Paramount in an agreement. The plaintiffs responded by moving to amend their Complaint and add Paramount as a party defendant. Plaintiffs argued that Paramount was a necessary party under Rule 19, but the court disagreed:

> Plaintiffs' first contention is that unless Paramount is joined "complete relief cannot be accorded among those already parties." If plaintiffs establish in the present action that they are the copyright proprietors as alleged and that "Hogan's Heroes" infringes their copyright, they will be awarded a judgment; whereas if they fail to sustain these essential elements, their complaint must be dismissed. In either event, the Court is able to grant complete relief as between the existing parties without the joinder of Paramount, and it is unnecessary to join Paramount as a party in order to enable plaintiffs to prove their claim. 293 F.Supp. 1366, 1368.

As the court noted, a party could be a proper party to a litigation but not indispensable under Rule 19: "The standards for determining whether joinder must be ordered are not the relative conveniences of the parties but those prescribed by Rule 19, and it is abundantly clear that plaintiffs have failed to show that in Paramount's absence complete relief cannot be accorded among those already parties." *Id*. at 1369.

Similarly, the Court can fully adjudicate the claims of Amiga and Hyperion against each other without compelling Itec to appear as a third party defendant. Amiga is suing to enforce rights under a 2001 Software Development Agreement. Hyperion is suing for declaratory judgment on the same agreement, violation of the Consumer Protection Act, violation of the Lanham Act by Amiga, etc. Amiga either has or does not have the right to enforce the agreement. Just as in the *Stalag 17/Hogan's Heroes* case, this court can grant complete relief to

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN ITEC LLC AS A COUNTERCLAIM DEFENDANT - 6
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Amiga and/or Hyperion without Itec being a defendant. Thus, Hyperion has failed to satisfy Rule 19(a)(1) and Itec is not a necessary party.

**B.** *Itec's Absence Does Not Impair Its Ability To Protect Its Interests Or To Prosecute Its New York Action.*

FRCP 19(a)(2)(i) (FRCP 19(a)(1)(B)(i) under the clarified FRCP 19) concerns the absent party's ability to protect its interests if the pending action is decided without it. Although adding Itec to this case may be convenient for Hyperion, it does nothing to aid Itec, which is perfectly capable of protecting its rights under the April 24, 2003 agreement in its action in New York. Therefore, joinder is not required. *Bevan v. Columbia Broadcasting System, Inc.* 293 F.Supp. 1366 (S.D.N.Y. 1968) (joinder of potential second violator of plaintiff's copyright not required to suit plaintiff's convenience).

**C.** *Hyperion Has Failed To Establish A Substantial Risk That a New York State Court Judgment and a Judgment By This Court Will Create "Inconsistent Obligations."*

In order to secure joinder under Rule 19(a)(2)(ii), Hyperion has the burden of proving a "substantial risk" of inconsistent obligations by reason of the non-party's claimed interest: A person shall be joined as a party if the person's absence may "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." "Inconsistent obligations are not, however, the same as inconsistent adjudications or results." *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998). "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudication or results, by contrast, occur when a defendant successfully defends a claim in one

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN
ITEC LLC AS A COUNTERCLAIM DEFENDANT - 7
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

forum, yet loses on another claim arising from the same incident in another forum." *Daudert v. State Farm Fire & Casualty Co.*, 2007 WL 1005974 *3 (E.D. Mich. 2007). "A risk of inconsistent adjudications or results does not necessitate joinder of all the parties into one action pursuant to Fed.R.Civ.P. 19(a)." *Delgado*, 139 F.3d 1, 3 (citing *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3d Cir. 1980)). As Professor Moore explains it, "the necessity for joinder lies in the fact that unless the absent person is bound, the substance of the action is subject to relitigation <u>and the defendant may be faced with judgments that cannot both be complied with</u>." 3A James W. Moore ¶ 19.07-1[2.-2] at p. 19-123 (2nd ed. 1989); *see also Micheel v. Haralson*, 586 F.Supp. 169, 171 (E.D. Pa. 1983) (all signatories to a contract were not necessary, even though some unnamed signatories could recover inconsistent judgments in another action). What is more, Hyperion must prove that the risk of an inconsistent obligation is great: "the key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria." *General Council of Assemblies of God v. Fraternidad de Iglesia de Asamblea de Dios Autonoma Hispana, Inc.,* 382 F.Supp. 2d 315, 320 (D.P.R. 2005).

      Hyperion asserts that Itec claims a right in direct conflict with Amiga's asserted rights. Carton Dec. (6/25/2007), ¶ 3. But it never asserts, nor can it, that a court order in this lawsuit will make it unable to comply with a court order issued in the New York lawsuit brought by Itec. In other words, it claims the possibility of inconsistent results, but not the possibility of an inconsistent obligation. What is more, this testimony is contradicted by the facts and by common sense. First, the New York lawsuit initiated by Itec is limited to Itec's rights in the

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN ITEC LLC AS A COUNTERCLAIM DEFENDANT - 8
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

April 24, 2003 Agreement. That agreement is one of two things: it is either a novation in which Itec is substituted as a party for Amiga, Inc. (Washington) or it is a separate agreement between Itec and Hyperion. If a novation, Hyperion has already asserted in this lawsuit (and will presumably defend the New York action on the same ground) that Itec is bound by the venue clause in the 2001 Software Development Agreement. If Hyperion is correct, then the New York court will presumably dismiss the New York action as being brought in an improper forum. And Itec would have to file in Washington State. There would be no risk of any obligation for Hyperion. If, on the other hand, Hyperion made an independent promise in April 2003 to deliver OS 4.0 to Itec in exchange for $25,000, Itec is not bound by the venue clause and is entitled to enforce its agreement in a New York court. Because Itec is obligated to convey its interest in OS 4.0 to Amiga, there is no risk of an inconsistent adjudication. An inconsistent adjudication could only occur if Amiga objected to Hyperion performing the April 24, 2003 agreement by conveying the source code to Itec. Crucially, judgments by a New York court and this court will not create <u>inconsistent obligations</u> because Hyperion can comply with both.

If this Court determines that Amiga has the rights to the OS 4 intellectual property under any of its theories, Amiga prevails. If this Court rules for Hyperion against Amiga on all theories, then Hyperion and Itec may still litigate Itec's separate claim of right in New York based on the April 24, 2003 agreement. If a New York Court rules in favor of Hyperion, Amiga may still prevail here. If, however, the New York court rules in favor of Itec, Amiga loses no rights; instead its case here is strengthened because Itec has sold all of its rights to Amiga. The cases are thus complementary, not contradictory, and there is no combination of potential

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN ITEC LLC AS A COUNTERCLAIM DEFENDANT - 9
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

outcomes that risks any inconsistent obligation to the detriment of Hyperion. The fact that the outcome might be fully determined in two lawsuits rather than one does not mean that there is a risk of inconsistent obligations. *Assemblies of God, supra at* 320 (fact that other lawsuits could be brought does not create risk of multiple or inconsistent obligations). [3]

**D.**  *Because Hyperion Has Contested The Court's Jurisdiction and Hyperion's Asserted Defenses Caused the New York Litigation, The Court Should Deny The Motion or Defer Ruling.*

As an affirmative defense, Hyperion asserts that the court lacks jurisdiction: "Amiga Delaware failed to issue sufficient process in order to obtain jurisdiction over Hyperion and the subject matter of this suit. Amiga Delaware failed to issue sufficient process upon this Defendant in the manner and form required by the applicable law." Hyperion's Answer, p. 18 (lines 16-19). Although asserting that the court does not have jurisdiction, Hyperion has now moved the court to compel Itec to participate in the lawsuit as a third party defendant. This lawsuit already involves issues that will require substantial time and effort to wade through. Itec, on the other hand, has filed a simple, direct lawsuit to enforce an agreement that, except for definitions, is a single sentence. It would be unfair for the court to require Itec to participate in this lawsuit as a third party defendant while Hyperion is asserting that the court does not have jurisdiction. Particularly so, because the undersigned has notified Hyperion's counsel that Amiga intends to seek permission to amend the complaint in this case. The court should either

---

[3] The existence of parallel actions in state and federal court poses no inherent danger to the appropriate application of justice in each court and should not be prevented by federal courts. *See Lou v. Belzberg*, 834 F.2d 730, 740 (9th Cir. 1987)(reversing the district court's decision to enjoin a state action because "the mere existence of a parallel action does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief.")(citing Anti-Injunction Act, 28 U.S.C. § 2283).

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN ITEC LLC AS A COUNTERCLAIM DEFENDANT - 10
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

deny the motion or defer ruling until Amiga files the Amended Complaint or Hyperion's affirmative defense is found valid or is struck.

Fighting lawsuits in two jurisdictions is a situation entirely of Hyperion's making. In this litigation, Hyperion's testimony asserts that the April 24, 2003 agreement was its consent to Amiga, Inc. (Washington)'s assignment of the November 2001 Software Development Agreement to Itec. But Hyperion then argues that the assignment was not effective because Eyetech Group, Ltd. and Amiga, Inc. (Washington) did not consent to the assignment. If the April 24, 2003 Itec/Hyperion agreement was not an effective assignment, then it must be an agreement in which Hyperion agrees to deliver OS 4.0 to Itec in exchange for the money Itec paid. Moreover, Hyperion's assertion that the assignment was not effective effectively accused Itec of breaching its obligations to KMOS, Inc., now known as Amiga. Hyperion's defense inevitably triggered the New York lawsuit by Itec. Hyperion causing a lawsuit by another party cannot serve as a basis to conclude that Itec, a New York limited liability company, should be compelled to defend in this forum as a third party defendant.

## **CONCLUSION**

Hyperion asserts that Amiga is not the legal assignee of the 2001 Software Development Agreement and therefore does not have rights to OS 4.0. In case Hyperion is correct, Itec filed suit in New York to enforce its rights to OS 4.0 under an April 24, 2003 Agreement with Hyperion. After receiving Itec's demand for performance of the contract and recognizing that Itec would sue to enforce its rights, Hyperion raced to this court to compel Itec to litigate here as a third party defendant. Still, the April 24, 2003 Agreement may be a stand alone agreement

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN ITEC LLC AS A COUNTERCLAIM DEFENDANT - 11
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1. acknowledging Hyperion's receipt of payment and obligating Hyperion to deliver OS 4.0. Even if the New York court determines that the April 24, 2003 agreement is a novation, this court's determination of the issues could not create an inconsistent obligation. In fact, that result would strengthen Amiga's claims in this lawsuit. In neither case does Hyperion risk an inconsistent obligation. Therefore, the court should not compel Itec to defend in this lawsuit.

DATED this the 10th day of July, 2007.

        CABLE, LANGENBACH, KINERK & BAUER, LLP


By:   /s/
       Lawrence R. Cock, WSBA No. 20326
       Attorneys for Plaintiff Amiga, Inc.

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN ITEC LLC AS A COUNTERCLAIM DEFENDANT - 12
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William A. Kinsel
Law Offices of William A. Kinsel, PLLC
Market Place Tower
2025 First Avenue, Suite 440
Seattle, WA 98121

/s/
Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff Amiga, Inc.
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

AMIGA'S OPPOSITION TO HYPERION'S MOTION TO JOIN ITEC LLC AS A COUNTERCLAIM DEFENDANT - 13
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800