UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>                      Plaintiff,<br><br>     v.<br><br>HYPERION VOF, a Belgium corporation,<br><br>                      Defendant. | No. 07-0631-RSM<br><br>**HYPERION'S REPLY IN SUPPORT OF MOTION TO JOIN ITEC, LLC AS A COUNTERCLAIM DEFENDANT**<br><br>**Note on Motion Calendar: Friday, July 13, 2007** |

## I.   RELIEF REQUESTED

COMES NOW defendant Hyperion VOF and files this memorandum in support of its motion to add Itec, LLC, as a counterclaim defendant. Amiga Delaware, in conjunction with Itec and their common core of investors, shareholders, officers and directors, is engaged in a remarkably transparent effort to avoid having this Court resolve the common dispute between Hyperion, Amiga Delaware, and Itec LLC over ownership of Amiga OS 4.0.

Specifically Amiga Delaware in this suit, and Itec in New York through the same attorneys that representing Amiga Delaware here, seek to achieve an identical result, namely the forcible disgorgement by Hyperion of Amiga OS 4.0. To explain, Amiga Delaware is

HYPERION REPLY IN SUPPORT OF MOTION TO JOIN ITEC,
LLC AS COUNTERCLAIM DEFENDANT - 1
 Cause No: 07-0631-RSM

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

trying to establish here in Seattle the validity of the rights it supposedly obtained through the assignment of the Itec Contract to it.[1]  If it fails to achieve that goal—as it now must fear given the result of the recent motion for preliminary injunction—then Itec will pursue the same objective in New York, with the undeniable hope that the New York court might reach the opposite conclusion.

Amiga Delaware nonetheless asserts that there is no risk of inconsistency from such an outcome that implicates the provisions of FRCP 13, 19 and 20.  Indeed, Amiga Delaware makes this assertion even though it forthrightly admits that, if Itec wins in New York, Itec will then be required to turn over to it the Amiga OS 4.0, even though this Court would have determined that Amiga Delaware is not entitled to receive that software.  (*See* Amiga's Opposition to Hyperion's Motion to Join Itec, p. 9, lines 11 to 23.)  Amiga Delaware's claim that such a result is "not contradictory," *id.*, p. 9. l. 24, is so obviously wrong that it is meritless and violates FRCP 11(b)(1) & (2)'s prohibitions against the needless increase in the costs of litigation (through the separate New York suit), and the assertion of legal contentions which have no nonfrivolous basis.

## II.    MOTION TO STRIKE OPPOSITION BRIEF AND DECLARATION

Hyperion moves pursuant to LR 7(g) to strike Amiga's Opposition to Hyperion's Motion to Join Itec LLC as A Counterclaim Defendant, and the Declaration of Lance Gotthoffer.

Pursuant to LR 7(d)(3), Amiga Delaware was required to file and serve its opposition to the Motion to Join Itec by Monday, July 9, 2007.  That paper work was filed on July 10, 2007.

---

[1] The "Itec Contract" refers to the April 24, 2003 contract between Hyperion and Itec, LLC. See Declaration of Evert Carton In Support of Motion to Join Itec, Ex. A, pp. 5-6.

HYPERION REPLY IN SUPPORT OF MOTION TO JOIN ITEC, LLC AS COUNTERCLAIM DEFENDANT - 2
Cause No:  07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

With respect to service, Amiga Delaware neither hand delivered nor faxed a copy of its opposition papers to Hyperion's counsel.  Instead, Amiga Delaware relied solely on the Court's ECF system to accomplish that service.  Because of this chosen method of service, Amiga Delaware officially accomplished service on Friday, July 13.  *See* FRCP 5(b)(2)(D), FRCP 6(e), *U.S. District Court, Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases*, amended 6/1/06, at §III.D ("The three-day rule of Federal Rule of Civil Procedure 6(e) for service by mail shall also apply to service by electronic means.")  This means that LR 7(d)(3) applies, which states that "[i]f service is by mail, the opposition papers shall be mailed no later than the Friday preceding the noting date."  Obviously, Amiga Delaware completely failed to comply with this requirement.

Ordinarily, as a matter of professional courtesy the undersigned would not raise this objection in the face of an occasional, non-prejudicial failure to comply with these requirements for filing and service.  Yet, in this case Amiga Delaware is well on its way to making these failures its standard practice.  For instance, Amiga Delaware's failures include its most recent Motion for Judgment on the Pleadings (Dkt #50), which was filed and served via ECF on Thursday, July 5.  Because service of that motion via ECF was not effective until Monday, July 9, that motion is improperly noted for July 27, 2007, when it should be noted for Friday, August 3, 2007.

If the Court grants this motion to strike, then Hyperion's motion to add Itec is unopposed, and it should be summarily granted.

### III.   FACTS

Paragraph 3 of Amiga Delaware's complaint reads as follows:

> Venue is proper in this District pursuant to 28 U.S.C. Sections 1391(b) and 1400(a) because a substantial part of the events giving rise to the alleged claims in this action occurred in this judicial district and,

HYPERION REPLY IN SUPPORT OF MOTION TO JOIN ITEC, LLC AS COUNTERCLAIM DEFENDANT - 3
**Cause No:  07-0631-RSM**

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

> by contract, the parties stipulated to jurisdiction and to venue in this judicial district.

(Complaint, Dkt. #1, emphasis added.) In paragraph 4 of that Complaint, Amiga Delaware alleges that it acquired the referenced contract and, thus, was subject to the stipulated jurisdiction of, and venue in, the Western District of Washington. Id.

In paragraph 13 of the Declaration of William McEwen In Support of Plaintiff Amiga, Inc.'s Reply to Hyperion's Opposition to Amiga's Motion for Preliminary Injunction (Dkt # 35), Amiga Delaware makes clear that it rests its claim to be a party to the November 2001 Agreement through the assignment to it (actually KMOS) of the Itec Contract. In other words, Amiga Delaware has admitted that any party to the Itec Contract is subject to the mandatory forum clause of the 3 November 2001 Agreement. That admission is supported by the language of the Itec Contract itself:

> Hyperion confirms that for the receipt of 25,000.00 USD, Hyperion shall transfer the ownership of the Object Code, Source Code and intellectual property of OS 4.0 to Itec in accordance with the provisions of the November 1, 2001 agreement between Amiga, Hyperion and Eyetech and to the extent it can do so under existing agreements with third party developers whose work shall be integrated in OS 4.0.

(Carton Dec., Ex. A, p. 5, underlined emphasis.) Having admitted that it has rights under the November 2001 Agreement only through the Itec Contract, and that it (Amiga Delaware) is bound by the forum clause of that Agreement, it is logically impossible for Itec to not be bound by that same clause. Thus, by filing suit in New York (through the same lawyers that prepared the pleadings admitting Amiga Delaware was contractually obligated to sue in Washington), Itec is engaged in a transparent ploy to avoid this Court's jurisdiction:

> 7.08 **Forum.** The exclusive jurisdiction and venue of any lawsuit between the parties arising under this Agreement or out of transactions contemplated hereby shall be the Superior Court of Washington for King County or the United States District Court for the Western District of Washington at Seattle and each of the parties hereby submits itself to the

HYPERION REPLY IN SUPPORT OF MOTION TO JOIN ITEC, LLC AS COUNTERCLAIM DEFENDANT - 4
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

exclusive jurisdiction and venue of such court for the purposes of such lawsuit.

(Declaration of Evert Carton In Opposition to Amiga Delaware's Motion for Preliminary Injunction, Ex. 2, p. 45. Dkt. # 26.)

Amiga Delaware incorrectly claims at page 3 of its opposition brief that Hyperion has admitted that Itec **is** a proper assignee of the November 2001 Agreement, but by contrast, that Amiga Delaware is not. (*See* Amiga's Opposition at p. 3, lines 12 to 19.) What Hyperion has acknowledged, at paragraph 48 of Mr. Carton's declaration (Dkt. # 26), is that it entered into the Itec Contract with Itec. Hyperion denies, however, that Itec actually received a valid transfer of Amiga Washington's rights under the November 2001 Agreement because, among other things, Amiga Washington and Eyetech did not provide their prior written consent to that transfer, and because Amiga Washington was insolvent before the Itec Contract was executed. Thus, contrary to Amiga's contention, Itec's legal frailties vis-à-vis the Itec Contract are similar to Amiga Delaware's. There are, accordingly, obvious risks of inconsistent results from allowing Itec to proceed separately from this suit.

## IV.     ARGUMENT

**A.     THE POLICIES UNDERLYING FRCP 19 CLEARLY SUPPORTING JOINING ITEC TO THIS SUIT**

Amiga Delaware tries to present FRCP 19 as if it were a narrowly drawn provision allowing for the joinder of parties only in unusual circumstances. In fact, the opposite is true:

> The general policy of Rule 19, as with the Federal Rules of Civil Procedure in general, is "the impulse . . . toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (footnote omitted).

Mayer Paving and Asphalt Company v. General Dynamics Corp., 486 F.2d 763, 771 (7th Cir. 1973). As further explained;

**HYPERION REPLY IN SUPPORT OF MOTION TO JOIN ITEC, LLC AS COUNTERCLAIM DEFENDANT** - 5
**Cause No: 07-0631-RSM**

**LAW OFFICES OF**
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

> A now-famous law review article identified three classes of interests which are served by the application of Rule 19's joinder provisions: "(1) the interests of the present defendant; (2) the interests of potential but absent plaintiffs and defendants; (3) the social interest in the orderly, expeditious administration of justice." [Note omitted.] These interests must be weighed and the necessity or indispensability of absent persons determined prior to any consideration of the merits of a case.

Tankersley v. Albright, 514 F.2d 956, 965-6 (7th Cir. 1975).  Here, (1) defendant Hyperion's interests are unquestionably served by having its disputes with Amiga Delaware and Hyperion over Amiga OS 4.0 resolved in one suit, (2) Itec's interests are served by being made a party hereto because this Court will likely be required to rule on the validity of the Itec Contract, quite possibly to Itec's detriment, and it should be present to represent its interests, and (3) there is an obvious social interest in avoiding two suits over the same matter, one here in Seattle and one in New York state.  (Hyperion expects to move to stay or dismiss the New York suit.)

**B.   HYPERION CANNOT BE GRANTED COMPLETE RELIEF UNLESS ITEC IS A PARTY TO THIS SUIT**

The provisions of Federal Rules of Civil Procedure 19(a) are stated in the disjunctive:

> **Rule 19(a) Persons to Be Joined if Feasible.**  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

In the case at bar, Amiga Delaware and Itec are transparently doing their best to create the situation where Hyperion does not receive complete relief.  To wit, if Hyperion wins its claims for declaratory judgment against Amiga Delaware here in Seattle, Amiga Delaware seeks to continue to pursue its objective through its proxy, Itec, who if successful will then be

**HYPERION REPLY IN SUPPORT OF MOTION TO JOIN ITEC, LLC AS COUNTERCLAIM DEFENDANT** - 6
**Cause No:  07-0631-RSM**

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  "required" to turn over to Amiga Delaware exactly what this Court would have ruled that

2  Amiga Delaware is not entitled to receive. This sort of incomplete relief, in which *Amiga

3  Delaware* is allowed to pursue its remedy in two different suits, is precisely what FRCP 19 is

4  intended to avoid.

### C.   ITEC'S INTERESTS REQUIRE ITS PRESENCE HERE

While Amiga Delaware does not want to admit it, Itec's rights will be directly impacted by this suit, and it should be here to represent its interests. The fact that Itec may want to avoid such an adjudication does not change that result.

### D.   HYPERION FACES A SUBSTANTIAL RISK OF INCURRING DOUBLE, MULTIPLE, OR OTHERWISE INCONSISTENT OBLIGATIONS

Amiga Delaware tries to create the impression that the phrases "inconsistent obligations" and "inconsistent adjudications" are relevant to the instant suit and, additionally, that they create some issue as to whether Itec should be added as a party or not. Quite simply, Hyperion is concerned about the inconsistent obligations it may face regarding the production of Amiga OS 4.0, and the potentially inconsistent requirements it will face regarding the protection of the interests of numerous subcontractors who reside in Europe, if it cannot resolve those obligations in one suit against Amiga Delaware and Itec. Furthermore, those inconsistent obligations would arise from differing interpretations of the same documents, e.g., the November 2001 Agreement and the Itec Contract. In such situations, joinder is the proper remedy. Window Glass Cutters v. American St. Gobain Corp., 47 F.R.D. 255, 256 (USDC W.D. PA 1969)(possibility of differing interpretations of the same contractual language justifies joinder.). Furthermore, "a possibility of such liability is all that is required." Id., at 258.

**HYPERION REPLY IN SUPPORT OF MOTION TO JOIN ITEC, LLC AS COUNTERCLAIM DEFENDANT** - 7
**Cause No:  07-0631-RSM**

**LAW OFFICES OF
WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1    Amiga Delaware relies upon Delgado v. Plaza Las Americas, Inc., 139 F.3d. 1 (1st Cir. 1998) to support its argument that joinder is not necessary. The Delgado court, however, concluded its decision by noting that "the lesson of the abstention cases is, of course, that federal jurisdiction should be asserted almost all the time." 139 F.3d at 4. Here, assertion of that federal jurisdiction leads to the joinder of Itec, LLC.[2]

**E.    THIS COURT HAS JURISDICTION TO HEAR THE DISPUTE BETWEEN AND ITEC**

Finally, Amiga Delaware asserts an odd jurisdictional argument. Hyperion notes that in the present motion it seeks this Court's permission to essentially file suit against Itec. By doing so, Hyperion will be voluntarily submitting itself to the jurisdiction of the Court. In addition, Hyperion does not deny that subject and personal jurisdiction exists in the suit with Amiga Delaware. Rather, the issue is the distinctly separate one of whether Amiga Delaware properly completed its service-of-process obligations.

///

///

///

///

///

---

[2] In Delgado, Mr. Delgado was pursuing an emotional distress claim personal to himself arising from the rape of his daughter, while his daughter pursued her own claim in Puerto Rico Superior Court. The court pointed out that these were different theories of recovery with different victims that could readily lead to inconsistent adjudications, i.e., the father could lose and the daughter could win. That outcome is readily distinguished from the case at bar, where Amiga Delaware and Itec are trying to strip Hyperion of Amiga OS 4.0 under precisely the same contracts.

HYPERION REPLY IN SUPPORT OF MOTION TO JOIN ITEC, LLC AS COUNTERCLAIM DEFENDANT - 8
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

**V.    CONCLUSION**

For all of the foregoing reasons, Hyperion asks this Court to grant its motion for permission to add Itec, LLC, as a counterclaim defendant.

DATED this 26th day of June, 2007.

          KINSEL LAW OFFICES, PLLC

          By: /s/ William A. Kinsel
              William A. Kinsel, WSBA #18077
          Attorney for Defendant Hyperion VOF
              William A. Kinsel, Esq.
              Kinsel Law Offices
              2025 First Avenue, Suite 440
              Seattle, WA  98121
              Phone:  (206) 706-8148
              Fax:     (206) 374-3201
              Email: wak@kinsellaw.com

519p.doc

HYPERION REPLY IN SUPPORT OF MOTION TO JOIN ITEC, LLC AS COUNTERCLAIM DEFENDANT - 9
Cause No:  07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148