UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMIGA, INC., a Delaware corporation,

Plaintiff,

and

HYPERION VOF, a Belgium corporation,

Defendant.

CAUSE NO. CV07-0631RSM

**AMIGA, INC.'S REPLY AND DEFENSES TO AMENDED COUNTERCLAIMS**

Comes now Plaintiff/Counterclaim Defendant, Amiga, Inc. ("Amiga"), as and for its Reply to and Defenses against the Amended Counterclaims of Hyperion VOF ("Hyperion"), and respectfully avers as follows. This Reply and Defenses is submitted exclusively for Amiga, Inc., a Delaware Corporation, and, except as expressly pled, Amiga, Inc. denies knowledge or information sufficient to form a belief as to allegations respecting Itec, LLC.

1. Answering Paragraph 1 of the Amended Counterclaims, admits that this Court has jurisdiction over this action, but denies that Hyperion correctly states the bases therefor.

2. Answering Paragraph 2 of the Amended Counterclaims, admits that Hyperion has stipulated to jurisdiction and venue in this District but denies that venue is proper in this District

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Dockets.Justia.com

on the Amended Counterclaims alleged by Hyperion and otherwise denies the allegations in Paragraph 2.

3. Answering Paragraph 3 of the Amended Counterclaims, denies that Amiga "purports to be a Delaware corporation" and avers that Amiga is a Delaware corporation.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Counterclaims.

5. Admits the allegations in paragraph 5.

6. Admits the allegations in Paragraph 6 of the Amended Counterclaims.

7. Admits the allegations in Paragraph 7 of the Amended Counterclaims.

8. Denies the allegations in Paragraph 8 of the Amended Counterclaims.

9. Denies the allegations in Paragraph 9 of the Amended Counterclaims.

10. Denies the allegations in Paragraph 10 of the Amended Counterclaims.

11. Answering Paragraph 11 of the Amended Counterclaims, states that it is impossible to respond because the allegation assumes that Amiga Washington, as defined, was insolvent, and this assumption is not correct.

12. Answering Paragraph 12 of the Amended Counterclaims, denies knowledge or information sufficient to form a belief as to Hyperion's knowledge and denies so much of the allegations in Paragraph 12 as asserts that Amiga Washington was insolvent.

13. Answering Paragraph 13 of the Amended Counterclaims, admits that there was an agreement entered into on April 24, 2003 by Hyperion and Itec LLC, states that this agreement speaks for itself, and respectfully invites the Court's attention to that document for the complete terms thereof.

14. Denies the allegations in Paragraph 14 of the Amended Counterclaims and avers

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

that no such consent was required.

15. Denies the allegations in Paragraph 15 of the Amended Counterclaims and avers that no such consent was required.

16. Denies the allegations in Paragraph 16 of the Amended Counterclaims.

17. Denies the allegations in Paragraph 17 of the Amended Counterclaims.

18. Denies the allegations in Paragraph 18 of the Amended Counterclaims.

19. Denies the allegations in Paragraph 19 of the Amended Counterclaims.

20. Denies the allegations in Paragraph 20 of the Amended Counterclaims.

21. Denies the allegations in Paragraph 21 of the Amended Counterclaims.

22. Denies the allegations in Paragraph 22 of the Amended Counterclaims.

23. Answering Paragraph 23 of the Amended Counterclaims, states that the document referenced therein speaks for itself, and respectfully invites the Court's attention to that document for the complete terms thereof.

24. Answering Paragraph 24 of the Amended Counterclaims, respectfully refers the Court to the Itec/KMOS Contract (as there defined), for the complete terms thereof, denies the implications that Hyperion purports to draw therefrom, and denies the remaining allegations in said Paragraph 23.

25. Denies the allegations in Paragraph 25 of the Amended Counterclaims and states that all requisite consents were obtained.

26. Answering Paragraph 26 of the Amended Counterclaims, admits the first sentence of paragraph 26, respectfully refers the Court to the referenced letter for the complete terms thereof, and denies the second and third sentences of paragraph 26.

27. Answering paragraph 27, Amiga is without sufficient knowledge of the subject

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

matter alleged and therefore denies the allegation.

28. Answering Paragraph 28 of the Amended Counterclaims, states that the document was attached to the McEwen declaration in error, is not relevant hereto, does not purport to show what Hyperion claims it shows, and otherwise denies the remaining allegations in said Paragraph 28.

29. Denies the allegations in Paragraph 29 of the Amended Counterclaims.

30. Denies the allegations in Paragraph 30 of the Amended Counterclaims.

31. Denies the allegations in Paragraph 31 of the Amended Counterclaims.

32. Denies the allegations in Paragraph 32 of the Amended Counterclaims.

33. Admits the allegations in Paragraph 33 of the Amended Counterclaims.

34. Admits so much of Paragraph 34 of the Amended Counterclaims as alleges that KMOS merely changed its name to Amiga and that, as such, Amiga is KMOS, Inc.'s lawful successor, and denies the remaining allegations in said Paragraph 34.

35. Answering Paragraph 35 of the Amended Counterclaims, states that it pleads a false hypothetical to which no response is possible or required and otherwise denies the allegations contained in said Paragraph 35 of the Amended Counterclaims.

36. Denies the allegations in Paragraph 36 of the Amended Counterclaims insofar as they pertain to Hyperion's prior and intended future conduct and insofar as said Paragraph 36 alleges that Amiga has no valid basis upon which to terminate the Licensing Agreement.

37. Denies the allegations in Paragraph 37 of the Amended Counterclaims.

38. Denies the allegations in Paragraph 38 of the Amended Counterclaims.

39. Denies the allegations in Paragraph 39 of the Amended Counterclaims.

In response to Hyperion's purported "Cause No. 1", Amiga repeats and realleges its

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

responses to Paragraphs 1-39 of the Amended Counterclaims as if restated in full herein.

40. Admits that Hyperion seeks a declaratory judgment under the November 3, 2001 Agreement, but denies that it is entitled to the declaratory relief prayed for; to any part thereof; or to any other relief.

41. Denies the allegations in Paragraph 41 of the Amended Counterclaims.

In response to Hyperion's purported "Cause No. 2", Amiga repeats and realleges its responses to Paragraphs 1-41 of the Amended Counterclaims as if restated in full herein.

42. Denies the allegations in Paragraph 42 of the Amended Counterclaims.

43. Denies the allegations in Paragraph 43 of the Amended Counterclaims.

44. Denies the allegations in Paragraph 44 of the Amended Counterclaims.

45. Denies the allegations in Paragraph 45 of the Amended Counterclaims.

46. Denies the allegations in Paragraph 46 of the Amended Counterclaims.

47. Denies the allegations in Paragraph 47 of the Amended Counterclaims.

48. Denies the allegations in Paragraph 48 of the Amended Counterclaims.

49. Denies the allegations in Paragraph 49 of the Amended Counterclaims.

50. Denies the allegations in Paragraph 50 of the Amended Counterclaims.

51. Answering Paragraph 51 of the Amended Counterclaims, denies that Hyperion is entitled to any other relief.

In response to Hyperion's purported "Cause No. 3", Amiga repeats and realleges its responses to Paragraphs 1-51 of the Amended Counterclaims as if restated in full herein.

52. Answering Paragraph 52 of the Amended Counterclaims, states that the Itec/KMOS Contract was, in fact, entered into on October 7, 2003.

53. Denies the allegations in Paragraph 53 of the Amended Counterclaims.

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

54. Denies the allegations in Paragraph 54 of the Amended Counterclaims.

55. Denies the allegations in Paragraph 55 of the Amended Counterclaims.

56. Answering Paragraph 56 of the Amended Counterclaims, denies that Hyperion is entitled to the relief sought, to any part thereof, or to any other relief.

57. Answering Paragraph 57 of the Amended Counterclaims, denies that Hyperion is entitled to any other relief.

In response to Hyperion's purported "Cause No. 4", Amiga repeats and realleges its responses to Paragraphs 1-57 of the Amended Counterclaims as if restated in full herein.

58. Paragraph 58 contains an assertion of law to which no responsive pleading is required.

59. Paragraph 59 contains an assertion of law to which no responsive pleading is required.

60. Denies the allegations in Paragraph 60 of the Amended Counterclaims.

61. Denies the allegations in Paragraph 61 of the Amended Counterclaims.

62. Paragraph 62 is incomprehensible, and no responsive pleading can be framed thereto. To the extent that it purports to allege that in discovery "additional breaches of contract by Amiga may be discovered", Amiga denies said allegation; to the extent that it purports to allege that in discovery "additional breaches of contract by Hyperion may be discovered", Amiga admits such allegation.

63. Answering Paragraph 63 of the Amended Counterclaims, denies that Hyperion is entitled to the relief there sought; to any part thereof; or to any other relief.

In response to Hyperion's purported "Cause No. 5", Amiga repeats and realleges its responses to Paragraphs 1-63 of the Amended Counterclaims as if restated in full herein.

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

64. Answering Paragraph 64 of the Amended Counterclaims, denies that Amiga has made the misrepresentations pled therein or any other misrepresentations.

65. Denies the allegations in Paragraph 65 of the Amended Counterclaims.

66. Denies the allegations in Paragraph 66 of the Amended Counterclaims.

In response to Hyperion's purported "Cause No. 6", Amiga repeats and realleges its responses to Paragraphs 1-66 of the Amended Counterclaims as if restated in full herein.

67. Denies the allegations in Paragraph 67 of the Amended Counterclaims.

68. Denies the allegations in paragraph 68 of the Amended Counterclaims.

69. Denies the allegations in Paragraph 69 of the Amended Counterclaims.

70. Denies the allegations in Paragraph 70 of the Amended Counterclaims.

71. Denies the allegations in Paragraph 71 of the Amended Counterclaims.

72. Denies the allegations in Paragraph 72 of the Amended Counterclaims.

73. Denies the allegations in Paragraph 73 of the Amended Counterclaims.

74. Denies the allegations in Paragraph 74 of the Amended Counterclaims.

75. Denies the allegations in Paragraph 75 of the Amended Counterclaims.

76. Denies the allegations in Paragraph 76 of the Amended Counterclaims.

77. Denies the allegations in Paragraph 77 of the Amended Counterclaims.

78. Admits so much of Paragraph 78 as alleges that Hyperion is asking the Court to enjoin Amiga from continuing specified acts and to award Hyperion monetary damages, but denies that Hyperion is entitled to such relief to any part thereof, or to any other relief.

In response to Hyperion's purported "Cause No. 7", Amiga repeats and realleges its responses to Paragraphs 1-78 of the Amended Counterclaims as if restated in full herein.

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

79. Denies the allegations in Paragraph 79 of the Amended Counterclaims.

80. Denies the allegations in Paragraph 80 of the Amended Counterclaims.

81. Denies so much of Paragraph 81 as alleges that Amiga has engaged in acts constituting a false designation of origin or that it has violated the Lanham Act or any other applicable law.

In response to Hyperion's Prayer for Relief, denies that Hyperion is entitled to any of the relief prayed for; to any part thereof; or to any other relief.

**DEFENSES**

**IN AND FOR A FIRST DEFENSE**

82. The Amended Counterclaims, and each purported "Cause of Action" contained therein, separately and collectively fail to state a claim upon which relief can be based.

**IN AND FOR A SECOND DEFENSE**

83. Hyperion lacks standing to bring the claims alleged in the Amended Counterclaims.

**IN AND FOR A THIRD DEFENSE**

84. Hyperion has failed to join Amiga One Partners and Eyetech Group, Ltd., each of whom is a necessary and/or indispensable party to the Amended Counterclaims.

**IN AND FOR A FOURTH DEFENSE**

85. All or part of Hyperion's Amended Counterclaims are barred by the applicable statutes of limitation and/or the doctrine of laches.

**IN AND FOR A FIFTH DEFENSE**

86. All or part of Hyperion's Amended Counterclaims are barred by the doctrines of waiver, estoppel, ratification, acquiescence, novation and/or like doctrines.

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-
1048
(206) 292-8800

**IN AND FOR A SIXTH DEFENSE**

87. Amiga pleads the defense of payment.

**IN AND FOR A SEVENTH DEFENSE**

88. All or part of Hyperion's Amended Counterclaims are barred by its prior, material breach of the agreements alleged in its Counterclaims.

**IN AND FOR AN EIGHTH DEFENSE**

89. All or part of Hyperion's Amended Counterclaims are barred by the doctrine of unclean hands.

**IN AND FOR A NINTH DEFENSE**

90. To the extent that Hyperion is asking this Court to enter relief respecting Hyperion's trademark rights in a country other than the United States, it is seeking relief that is beyond the Court's jurisdiction to award.

**IN AND FOR A TENTH DEFENSE**

91. To the extent that Hyperion purports to plead a fraud claim, it has failed to plead it with the specificity required by R.9(b), Fed. R. Civ. Pro.

**IN AND FOR AN ELEVENTH DEFENSE**

92. To the extent that Hyperion is claiming rights under any agreement, it has failed to plead that it has performed all of its obligations thereunder.

**IN AND FOR A TWELFTH DEFENSE**

93. All or part of Hyperion's Amended Counterclaims are barred by Hyperion's failure to satisfy contractual conditions precedent to the assertion of Hyperion's claims in this lawsuit.

**IN AND FOR A THIRTEENTH DEFENSE**

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

94. Hyperion has failed to mitigate its damages, if any, and to the extent of its failure to mitigate, any damages awarded to Hyperion should be reduced accordingly.

**IN AND FOR A FOURTEENTH DEFENSE**

95. All or part of Hyperion's Amended Counterclaims are barred by Hyperion's fault.

**IN AND FOR A FIFTEENTH DEFENSE**

96. All or part of Hyperion's Amended Counterclaims are barred by Hyperion's failure to provide reasonable and adequate notice under the agreements alleged in its Amended Counterclaims.

**IN AND FOR A SIXTEENTH DEFENSE**

97. All or part of Hyperion's Amended Counterclaims are barred by frustration of performance, prevention, impossibility and/or impracticability.

**IN AND FOR A SEVENTEENTH DEFENSE**

98. All or part of Hyperion's Amended Counterclaims are barred because Hyperion is not the real party in interest.

**IN AND FOR AN EIGHTEENTH DEFENSE**

99. With respect to Cause Nos. 2 and/or 3 of Hyperion's Amended Counterclaims, all transferees acted in good faith and gave reasonably equivalent value or value for all assets received.

**IN AND FOR A NINETEENTH DEFENSE**

100. With respect to Cause Nos. 2 and/or 3 of Hyperion's Amended Counterclaims, the transfers resulted from the enforcement of a security interest in compliance with Article 9A of Title 62A RCW and is therefore not voidable under RCW 19.41.041(a)(2) or 19.40.051.

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

**IN AND FOR A TWENTIETH DEFENSE**

101. With respect to Cause Nos. 2 and/or 3 of Hyperion's Amended Counterclaims, Amiga, Inc., a Washington Corporation, was not insolvent at the time of the transfers and did not become insolvent as a result of the transfers complained of.

**IN AND FOR A TWENTY-FIRST DEFENSE**

102. With respect to Cause Nos. 2 and/or 3 of Hyperion's Amended Counterclaims, any injury which Hyperion may have suffered can be adequately redressed by an award of damages.

**IN AND FOR A TWENTY-SECOND DEFENSE**

103. With respect to Cause Nos. 2 and/or 3 of Hyperion's Amended Counterclaims, Hyperion has failed to allege that statutory remedies are insufficient and/or that the relief it seeks is justified.

**IN AND FOR A TWENTY-THIRD DEFENSE**

104. With respect to Cause Nos. 2 and/or 3 of Hyperion's Amended Counterclaims, Amiga is entitled to have any damages award against it reduced to the extent of the value it gave in the transfers at issue.

WHEREFORE, Plaintiff/Counterclaim Defendant Amiga, Inc. demands judgment as follows:

a) Dismissing Hyperion's Amended Counterclaims and each Cause of Action therein;

b) Awarding Amiga fees and expenses in bringing this suit as permitted by the parties' contract and equity; and

c) For such other further relief as this Court deems appropriate.

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

DATED this the 24th day of September, 2007.

CABLE, LANGENBACH, KINERK & BAUER, LLP

By: s/

Lawrence R. Cock
WSBA No. 20326
Cable, Langenbach, Kinerk & Bauer, LLP
1000 Second Ave., Suite 3500
Seattle, WA 98104
Telephone: 206-292-8800
Fax: 206-292-0494
E-mail: LRC@cablelang.com
Attorneys for Plaintiff/Counterclaim Defendant Amiga, Inc.

AMIGA'S REPLY AND DEFENSES TO AMENDED COUNTERCLAIMS - 12
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William A. Kinsel
Law Offices of William A. Kinsel, PLLC
Market Place Tower
2025 First Avenue, Suite 440
Seattle, WA 98121

Additionally, I caused the foregoing to be delivered by legal messenger to William A. Kinsel at the address identified above.

s/

Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff/Counterclaim Defendant
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com