**HON. RICARDO MARTINEZ**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMIGA, INC., a Delaware corporation,

     Plaintiff,

and

HYPERION VOF, a Belgium corporation,

     Defendant/Counterclaim Plaintiff,

v.

ITEC, LLC, a New York Limited Liability Company,

     Counterclaim Defendant.

CAUSE NO. CV07-0631RSM

**PLAINTIFF AMIGA, INC.'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

NOTE ON MOTION CALENDAR:
December 21, 2007

## I. RELIEF REQUESTED

    With the benefit of the court's ruling denying its motion for a preliminary injunction, as well as the additional time to obtain additional information and documents, Amiga, Inc. ("Amiga") reviewed and updated its full panoply of potential claims and defenses, conducted further investigation, and located additional documents, including from third parties. As a result of that process, Amiga moves the court to allow the filing of an Amended Complaint. Because "leave shall be freely given when justice so requires," and an Amended Complaint will not prejudice the defendant or delay this proceeding, the court should grant Amiga leave to amend.

PLAINTIFF AMIGA, INC.'S MOTION FOR LEAVE TO AMEND
ITS COMPLAINT - 1
Cause No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

## II. FACTS

On April 26, 2007, Amiga filed its Complaint.  Contemporaneously, Amiga moved the court for a preliminary injunction.  In a detailed ruling, the court denied the motion and identified a series of factual issues.  With the benefit of evidence submitted by both parties on the motion and additional time that was not available in the rush to seek preliminary relief, Amiga was able to locate and obtain additional information and documents and has now revised its allegations and its potential claims and defenses accordingly.  Having recently obtained a copyright registration, Amiga is now able to assert copyright infringement as an additional claim.  Amiga now submits a proposed Amended Complaint reflecting its efforts.  The Amended Complaint differs from the original Complaint, *inter alia*, in the following particulars:

Overall, the proposed Amended Complaint provides substantially greater detail than the initial Compliant regarding the various documents, agreements and transactions at issue and describes various parties' and non-parties' respective rights more specifically, accurately and in greater detail, in lieu of defining multiple entities as "Amiga" as was done in the initial Complaint.

Compared with the initial Complaint, the proposed Amended Complaint includes many additional exhibits and detailed explanations, accurately demonstrating the chain of title to various assets. In one instance, the proposed Amended Complaint substitutes a complete, final agreement including all attachments (Exhibit G to the proposed Amended Complaint), in place of what turned out to be a non-final, superseded draft that was mistakenly attached to the flurry of papers filed on the preliminary injunction motion.  The proposed Amended Complaint also accurately documents Amiga's corporate name change from KMOS, Inc. to Amiga, Inc.  The name change issue became a matter of concern during argument of the preliminary injunction

PLAINTIFF AMIGA, INC.'S MOTION FOR LEAVE TO AMEND
ITS COMPLAINT - 2
Cause No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1   motion due to an inadvertent photocopying error regarding the certificate of amendment, a

2   certified copy of which is now attached to the proposed Amended Complaint as Exhibit M.

3        Fundamentally, the proposed Amended Complaint clarifies the status of the November 3,

4   2001 (OEM) License and Software Development Agreement (the "2001 Agreement") that a

5   Washington corporation, then called Amiga, Inc. ("Amiga Washington"), entered into with

6   Hyperion and Eyetech Group Ltd., a UK corporation ("Eyetech"), (which are expressly

7   identified in the 2001 Agreement as having partnered with each other and which are defined

8   collectively as the "Amiga One Partners").    Specifically, the proposed Amended Complaint

9   clarifies that the 2001 Agreement was not assigned to any other person or persons by any of the

10  parties thereto.    Contrary to statements made in connection with the preliminary injunction

11  motion, in 2003 Hyperion entered into a separate, standalone purchase and sale agreement with

12  Itec LLC, a New York limited liability company, pursuant to which Hyperion agreed that, for the

13  receipt of $25,000 (which payment Itec made or caused to be made), it would transfer to Itec all

14  of its interests in OS 4.0 the incremental version of the AMIGA computer operating system then

15  being developed by Hyperion pursuant to the 2001 Agreement.    The 2003 agreement between

16  Hyperion and Itec was memorialized in a written contract dated April 24, 2003, annexed to the

17  proposed Amended Complaint as Exhibit B (the "Itec/Hyperion Agreement").    Itec did ***not***

18  thereby take assignment of the 2001 Agreement, which for all practical purposes was abandoned

19  by the parties thereto, as described in the proposed Amended Complaint.

20       The proposed Amended Complaint further describes how, after being formed in

21  Delaware on October 7, 2003, KMOS, Inc. (which later changed its name to Amiga, Inc. the

22  plaintiff in this action) went about acquiring various assets from Amiga Washington, as well as

23  OS4.0, which had been acquired from Hyperion by Itec.    In early 2004, KMOS entered into an

24  arrangement with Hyperion that once OS 4.0 was completed, KMOS would provide Hyperion, as

distributor, with certain rights and benefits, which Hyperion would have received from Amiga Washington had the 2001 Agreement not been abandoned by the parties and substituted with this new arrangement with KMOS, taking into account that KMOS was the owner of the OS 4.0, that Amiga Washington was out of the picture, and that Hyperion's role was as coordinator of third-party developer-subcontractors rather than as having any claim of ownership in OS 4.0.

Finally, the proposed Amended Complaint updates facts regarding Amiga's trademarks and Hyperion's infringement and dilution of those trademarks, in addition to adding a copyright infringement claim based on the recent issuance of a copyright registration to Amiga's for the "AMIGA Operating System (OS) and software Version 3.1," also referred to as "Amiga OS 3.1," including all Source Code and Object Code relating thereto.

### III.  ISSUE PRESENTED

The court "shall" freely grant leave to amend a pleading.  Fed.R.Civ.P. 15(a).  Here, seven months after filing its initial Complaint, Amiga wishes to add claims against Hyperion VOF that arise out of the same transactions underlying the claims and counterclaims previously asserted by the parties.  The defendant, Hyperion VOF, will not be prejudiced by the addition of Amiga's new claims and the case will not be delayed.  Should this Court grant Amiga leave to file an Amended Complaint?

### IV.  EVIDENCE RELIED UPON

The records and files herein.

### V.  ARGUMENT

A party may amend a pleading by leave of the Court; and leave shall be freely granted where justice so requires.  CR 15(a).  This rule allows amendment where the opposing party is not prejudiced thereby.  Richardson v. U.S., 841 F.2d 993, 999 (9th Cir. 1988).  A mere passage of time between the filing of the original pleading and the requested amendment, by itself, is

PLAINTIFF AMIGA, INC.'S MOTION FOR LEAVE TO AMEND
ITS COMPLAINT - 4
Cause No. CV07-0631RSM

insufficient to demonstrate prejudice. <u>Id</u>. "[R]ather, there must be an affirmative showing of either prejudice or bad faith." <u>Id</u>., at 999-1000, citing <u>Islamic Republic of Iran v. Boeing Co.</u>, 771 F.2d 1279, 1287 (9th Cir.1985), <u>cert. dismissed</u>, 479 U.S. 957, 107 S.Ct. 450, 93 L.Ed.2d 397 (1986) (two-year delay insufficient); <u>Howey v. United States</u>, 481 F.2d 1187, 1190-91 (9th Cir.1973) (five-year delay insufficient).

No prejudice to Hyperion VOF will result if Amiga is allowed to amend its Complaint at this time. The facts underlying the new claims asserted by Amiga are similar to the facts relevant to the claims and counterclaims which have been asserted previously by the parties in this case. Furthermore, discovery is in its infancy; Hyperion VOF will be able to undertake full discovery regarding new issues raised by Amiga's Amended Complaint.

In the interest of justice, the claims asserted in Amiga's proposed Amended Complaint should be tried at the same time as the claims which have already been raised in this case. Denying Amiga's motion to amend would either foreclose its ability to bring all claims arising out of its transactions with Hyperion VOF or would require a separate litigation to duplicate the efforts of this one.

## VI. <u>CONCLUSION</u>

The permissive standard found in CR 15(a) was designed to freely allow the amendment of pleadings. Amiga's proposed amendment will not prejudice any party to this case and the court should therefore grant Amiga leave to file its proposed Amended Complaint.

PLAINTIFF AMIGA, INC.'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT - 5
Cause No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1    DATED this _____ day of December, 2007.

2                        /s/ Lawrence R. Cock
                         _____

3    Lawrence R. Cock, WSBA No. 20326
     CABLE, LANGENBACH, KINERK & BAUER, LLP
     Suite 3500, 1000 Second Avenue Building
4    Seattle, Washington 98104-1048
     (206) 292-8800 phone
5    (206) 292-0494 facsimile
     lrc@cablelang.com

6

7                        /s/ Lance Gotthoffer
                         _____

     Lance Gotthoffer (Pro Hac Vice), NYBA No. 1088186
8    Jeffrey M. Tamarin (Pro Hac Vice), NYBA No. 1935071
     REED SMITH LLP
9    599 Lexington Avenue
     New York, NY 10022
10   Telephone:  212.521.5400
     Facsimile:  212.521.5450
11   lgotthoffer@reedsmith.com
     jtamarin@reedsmith.com

12                       /s/ Alison Riddell
                         _____
13                       _____

     Alison Riddell (Pro Hac Vice), CBA No. 246142
14   REED SMITH LLP
     Two Embarcadero Center, Suite 2000
15   San Francisco, CA  94111-3922
     P.O. Box 7936
16   San Francisco, CA  94120-7936
     Telephone:  415.543.8700
17   Facsimile:  415.391.8269
     ariddell@reedsmith.com
18   *Attorneys for Plaintiff Amiga, Inc.*

19

20

21

22

23

24

25

26

27

PLAINTIFF AMIGA, INC.'S MOTION FOR LEAVE TO AMEND
ITS COMPLAINT - 6
Cause No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that on December 12, 2007, I electronically filed the foregoing with the

4

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

5

following:

6

7      William A. Kinsel

Law Offices of William A. Kinsel, PLLC

8      Market Place Tower

2025 First Avenue, Suite 440

9      Seattle, WA 98121

10

                                        /s/ Lawrence R. Cock

11                                      Lawrence R. Cock, WSBA No. 20326

                                        Attorney for Plaintiff Amiga, Inc.

12                                      CABLE, LANGENBACH, KINERK & BAUER, LLP

                                        Suite 3500, 1000 Second Avenue Building

13                                      Seattle, Washington 98104-1048

                                        (206) 292-8800 phone

14                                      (206) 292-0494 facsimile

                                        lrc@cablelang.com

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF AMIGA, INC.'S MOTION FOR LEAVE TO AMEND
ITS COMPLAINT - 7
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800