1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
9              WESTERN DISTRICT OF WASHINGTON AT SEATTLE

10   AMIGA, INC., a Delaware corporation,

11                              Plaintiffs,          No. 07-0631-RSM

12          v.                                       **DECLARATION OF WILLIAM A.
                                                     KINSEL IN OPPOSITION TO AMIGA
13   HYPERION VOF, a Belgian corporation,            DELAWARE'S MOTION FOR LEAVE
                                                     TO AMEND ITS COMPLAINT**
14                              Defendant.

15   HYPERION VOF, a Belgian General
     Partnership,
16
                        Counterclaim Plaintiff,
17
            v.
18
     ITEC, LLC, a New York Limited Liability
19   Company,

20                      Counterclaim Defendant.

21

22          William A. Kinsel, under penalty of perjury, declares and states as follows:

23          1.      I am counsel for defendant/counterclaim plaintiff Hyperion VOF. I am over the

24   age of 18. I have personal knowledge of the matters stated herein and am competent to testify.

25

26

DECLARATION OF WILLIAM A. KINSEL                    LAW OFFICES OF
IN OPPOSITION TO AMIGA DELAWARE'S                WILLIAM A. KINSEL, PLLC
MOTION FOR LEAVE TO AMEND ITS COMPLAINT - 1          MARKET PLACE TOWER
                                                   2025 First Avenue, Suite 440
                                                   SEATTLE, WASHINGTON 98121
                                                         (206) 706-8148

Dockets.Justia.com

2.    Attached hereto as Exhibit A is a true and accurate copy of an

"Acknowledgment of Information Search" that I obtained from the Washington Department of

Licensing on July 19, 2007. Exhibit A provides a listing of all financing statements and liens

for Amiga, Inc. The only secured party listed is the law firm of Cairncross & Hempelmann.

3.    The secured party search I conducted, and that is recorded on Exhibit A, was on

the company that is referred to in this litigation as Amiga Washington. This is confirmed by

Exhibit A, which lists the debtor's UBI number as 601983734, and Exhibit B, which is a true

and accurate copy of a Registration Data Search run on Amiga Washington on May 4, 2007.

As can be seen from Exhibit B, Amiga Washington's UBI number is also listed there as

601983734. Exhibit B further shows that Cairncross & Hempelmann was the registered agent

of Amiga Washington.

4.    Attached hereto as Exhibit C is a true and accurate copy of Pacific Topsoils,

Inc. v. United Wood Products Company, 2005 WL 1221831, p. 2 (USDC, WD Wash, J.

Coughenour, 2005).

5.    Attached hereto as Exhibit D is a true and accurate copy of In re

Phenylpropanolamine (PPA) Products Liability Litigation, 2005 WL 3087855, at p. 3

(USDC, W.D.Wash., 2005, J. Rothstein).

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.**

_December 18, 2007_
Date

_William A. Kinsel_
William A. Kinsel

_Seattle, WA_
Place

528p.doc

DECLARATION OF WILLIAM A. KINSEL
IN OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR LEAVE TO AMEND ITS COMPLAINT - 2

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Acknowledgment Version(UCCCommon 1.41.6)                                    Page 1 of 1

## Acknowledgment of Information Search

| | |
|---|---|
| **File Search Number** | 2007-200-4392-3S |
| **Search On** | Amiga, Inc |
| | Search Type: All |
| | Result Type: Listing |
| | Include Lapsed: Yes |
| **Certified Through Date** | 07/18/2007 |
| **Fee Amount ($US)** | 15.00 |

### Initial Financing Statement

| | |
|---|---|
| **File Number** | 2002-276-5672-5 |
| **File Date/Time** | 10/03/2002 |
| **Lapse Date** | 10/03/2007 |
| **Debtor** | Amiga, Inc.<br>P. O. Box 887<br>Snoqualmie  WA 98065 USA<br>Organizational Type: C Corporation<br>Jurisdiction: Washington<br>Organizational ID: 601 983 734 |
| **Secured Party** | Cairncross & Hempelmann, P.S.<br>524 Second Avenue, Suite 500<br>Seattle  WA 98104-2323 USA |

The above listing is a record of all financing statements and liens for the specific name requested and which are currently on file in the Department of Licensing as of the certified through date. The Department of Licensing hereby disclaims responsibility in this record search and certification other than the name specified in your request for information.

*Elizabeth A. Luce*                                    7/19/2007
Elizabeth Luce, Director, Department of Licensing

Exhibit A, page 3

Corporations: Registration Detail

Page 1 of 2

## Secretary of State
SAM REED

CORPOR:

Corporations Menu

» Print Page

Enter Keywords          Sea

## Corporations Division - Registration Data Search

### AMIGA, INC.

| | |
|---|---|
| UBI Number | 601983734 |
| Category | Regular Corporation |
| Profit/Nonprofit | Profit |
| Active/Inactive | Inactive |
| State of Incorporation | WA |
| Date of Incorporation | 09/30/1999 |
| License Expiration Date | 09/30/2004 |

#### Registered Agent Information

| | |
|---|---|
| Agent Name | CAIRNCROSS & HEMPELMANN PS |
| Address | 524 SECOND AVE #500 |
| City | SEATTLE |
| State | WA |
| ZIP | 981042323 |

#### Special Address Information

| | |
|---|---|
| Address | |
| City | |
| State | |
| Zip | |

« Return to Search List

Exhibit B, page 4

Disclaimer
Information in the Secretary of State's Online Corporations Database is updated Monday through Friday by 5:0
Pacific Standard Time (state holidays excluded). Neither the State of Washington nor any agency, officer, or er

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1221831 (W.D.Wash.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Pacific Topsoils, Inc. v. United Wood Products Co.
W.D.Wash.,2005.
Only the Westlaw citation is currently available.
United States District Court,W.D. Washington.
PACIFIC TOPSOILS, INC., a Washington
corporation, Plaintiff,
v.
UNITED WOOD PRODUCTS COMPANY, an
Oregon corporation, Defendant.
**No. C04-2187C.**

May 23, 2005.

William Henry Charbonneau, IV, Edmonds, WA, for
Plaintiff.
Joseph Andrew Grube, Ricci Grube Aita, Seattle,
WA, for Defendant.

ORDER

COUGHENOUR, J.

### I. INTRODUCTION

*1 This matter has come before the Court on
Plaintiff's motion for summary judgment (Dkt. No.
13) and Defendant's motion to amend its Answer
(Dkt. No. 20). Having carefully considered the papers
filed by the parties in support of and in opposition to
the motions, the Court has determined that no oral
argument shall be necessary. For the reasons that
follow, the Court hereby GRANTS Plaintiff's motion
and DENIES Defendant's motion.

### II. BACKGROUND

*A. Procedural background*

Plaintiff originally brought this breach of contract
action in Snohomish County Superior Court, seeking
judgment for the principal amount of $87,720.63,
plus interest, costs and attorney fees. Upon learning
that Defendant intended to remove the action to
federal district court, Plaintiff immediately sought to
amend its complaint to seek judgment for the
principal amount of $74,999.99, plus interest, costs
and attorney fees. On December 29, 2004, this Court
denied Plaintiff's motion for remand on the basis that

the amount in controversy exceeded the jurisdictional
minimum.

At this juncture, it appears that Plaintiff's amended
complaint was never successfully filed, rendering the
original complaint the operative complaint.

*B. Factual background*

Plaintiff and Defendant entered into an agreement
whereby Plaintiff agreed to supply certain wood
products or other related materials to Defendant for
use in Defendant's business. Defendant in turn
supplied these products to the Kimberly-Clark paper
mill plant in Everett, Washington, for use as "hog
fuel" to burn in an electrical plant.

The record reflects that the price set for the goods
sold fluctuated somewhat and that the parties'
agreement thereto was memorialized only in an
informal manner. The record contains only
communications from Defendant's personnel setting
or confirming prices-Plaintiff did not play an active
role.[FN1]The record also reflects that there are 949
invoices, representing a little over 850 orders, which
do not appear to have been paid.[FN2]Some dates have
more than one invoice, but each invoice appears to
correspond to a separate load.

> FN1. The Court notes that Defendant has
> had ample opportunity to submit
> documentation suggesting otherwise, but has
> failed to do so.

> FN2. Although Defendant states that
> Plaintiff identified 350 "deliveries,"
> Defendant does not explain how or where it
> obtains this number, or why this number is
> relevant in the face of the documentary
> evidence in the record.

Plaintiff has now moved for summary judgment,
claiming that the outstanding balance owed is
$87,720.63, plus interest of $14,995.91, costs of
$639.00, and attorney's fees of $125.00, for a total of
$103,480.54.

### III. ANALYSIS

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1221831 (W.D.Wash.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions, and provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."Fed.R.Civ.P. 56(c). In determining whether an issue of fact exists, the court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir.1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the non-moving party.*Anderson,* 477 U.S. at 248. The moving party bears the burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**\*2** In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute. *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 890 (9th Cir.1994).

In the case at bar, the Court finds that Defendant has failed to show that any genuine issue of material fact remains for trial. Defendant's multiple attempts to cast doubt on the principal amount demanded by Plaintiff all fail for lack of factual support. The sole source of evidence relied upon by Defendant is a declaration filed by Mr. James Winters, president of United Wood Products. For example, Mr. Winters claims that the parties had agreed upon a price of $6.00 per ton for local deliveries. (Winters Decl. ¶ 4.) Neither Mr. Winters nor Defendant offers any explanation of why this "agreed" price never shows up in the documentation supplied to the Court by Plaintiff. Without such an explanation, the Court cannot give Mr. Winters's declaration any credence.

Defendant also argues that summary judgment would be inappropriate because of its intent to amend its answer to add a counterclaim for price fixing.Fed.R.Civ.P. 15(a) provides that leave to amend a complaint or pleading "shall be freely given when justice so requires."However, a court shall not grant leave where "the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."*Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989).

Here, Defendant fails to show why the interests of justice require that it be allowed to amend its complaint. Defendant's brief in support of its motion argues only that the deadline for amending the pleadings has not yet passed. Although the standard for allowing a party to amend a pleading is a liberal one, a party seeking to amend a pleading must show at least a minimum of factual support for the amendment. Defendant has failed to allege any facts to support its price fixing claim. Moreover, the timing of the amendment strongly suggests that the motion was brought in bad faith. Given Defendant's failure to muster any credible factual allegations in support of its opposition to Plaintiff's motion for summary judgment, the Court construes its similar failure with respect to its motion to amend as a telltale sign of futility, if not of bad faith. For these reasons, Defendant's motion for leave to amend must be DENIED.

IV. CONCLUSION

In accordance with the foregoing, the Court finds that Defendant fails to show that any genuine issue of material fact remains for trial. Plaintiff's motion for summary judgment is therefore GRANTED.

Because the Court finds that the amount due Plaintiff can be computed with exactness and without reliance on opinion or discretion, Plaintiff is entitled to pre-judgment interest at a rate of 12% per annum. *Prier v. Refrigeration Eng'g Co.,* 74 Wash.2d 25, 442 P.2d 621 (1968). Post-judgment interest on the principal judgment amount, pre-judgment interest, costs and fees shall accrue at 12% per annum until paid in full. Plaintiff is directed to file a proposed order reflecting an updated pre-judgment interest amount within five (5) days of entry of this Order.

**\*3** SO ORDERED.

W.D.Wash.,2005.
Pacific Topsoils, Inc. v. United Wood Products Co.
Not Reported in F.Supp.2d, 2005 WL 1221831 (W.D.Wash.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2005 WL 3087855 (W.D.Wash.)
(Cite as: Not Reported in F.Supp.2d)

H

In re Phenylpropanolamine (PPA) Products Liability
Litigation
W.D.Wash.,2005.
Only the Westlaw citation is currently available.
United States District Court,W.D. Washington.
In re: PHENYLPROPANOLAMINE (PPA)
PRODUCTS LIABILITY LITIGATION,
No. MDL 1407, C05-76.

Nov. 17, 2005.

Barry James Cooper, Jr., Cooper Law Firm LLC,
Damon A. Kirin, Robert J. Diliberto, Stephen Barnett
Murray, Murray Law Firm, Jack W. Harang, Michael
G. Stag, Raphael Juneau, Jr., Stuart Housel Smith,
PPA Litigation Group L.C., Lambert Joseph
Hassinger, Jr., Hassinger Law Firm, New Orleans,
LA, Charles K. Wiggins, Wiggins & Masters,
Bainbridge Island, WA, Nancy Guy Armstrong,
McComb, MS, Reshonda Leshay Bradford, W. James
Singleton, A Professional Law Corp., Shreveport,
LA, Ronnie Glynn Penton, Todd Brentley Ott, Law
Office of Ronnie G. Penton, Bogalusa, LA, Vicki L.
Buba, Oldfather & Morris, Louisville, KY, Brian
Kelly Herrington, Sweet & Freese, T. Roe Frazer, II,
Frazer & Davidson PA, Jackson, MS, David C.
Greenstone, Waters & Kraus, Dallas, TX, Melissa
Mutert Thomas, William M. Cunningham, Jr., Gary
W. Fillingim, Peter F. Burns, Peter S. Mackey, Burns
Cunningham Mackey & Fillingim, P.C., Mobile, AL,
Daniel E. Becnel, Jr., Reserve, LA, James D. Gotz,
Robinson & Cole, Boston, MA, James Rodney
Nixon, Edward A. Williamson Law Firm,
Philadelphia, MS, John Chandler Loupe, Claitor &
Loupe, Baton Rouge, LA, Justin G. Witkin, Aylstock
Witkin & Sasser, PLC, Gulf Breeze, FL, Kenneth W.
Smith, Miller & Associates, Alexandria, VA, Thomas
Edward Dutton, Pittman Hooks Dutton & Hollis,
Birmingham, AL, Christopher A. Seeger, Seeger
Weiss, New York, NY, Trent Miracle, Simmons
Cooper, East Alton, IL, for Plaintiffs.
Brian Keith Abels, Walsh & Bailey, Baton Rouge,
LA, Cynthia L. Kendrick, Katharine R. Latimer,
Spriggs & Hollingsworth, Richard S. Lewis, Cohen
Milstein Hausfeld & Toll, Washington, DC, G. Todd
Hoffpauir, James J. Montgomery, Montgomery
Rennie & Jonson, Jennifer Jansen Bouchard, Ulmer
Berne LLP, Cincinnanti, OH, Rodney L. Umberger,
Jr., P. Arley Harrel, Randy J. Aliment, Darren

Anthony Feider, Jan Catherine Kirkwood, Arissa M.
Peterson, Douglas A. Hofmann, Jeffrey Royal
Johnson, Williams Kastner & Gibbs, Kathy Ann
Cochran, Edward M. Libby, Wilson, Smith, Cochran
& Dickerson, Stephania Camp Denton, Mills Meyers
Swartling, D. Joseph Hurson, Lane Powell PC, Grant
J. Silvernale, III, Perkins Coie, Lance Eugene
Palmer, Kraft Palmer Davies, PLLC, Seattle, WA,
Brandi J. McKay, Sedgwick Detert Moran & Arnold,
Arthur Sherman, Sherman Salkow & Petoyan, Los
Angeles, CA, Donna Brown Jacobs, Butler Snow
O'Mara Stevens & Cannada, Ronald Edward
McMillan, Frank A. Wood, Jr., C. Joyce Hall,
Watkins & Eager, C. Paige Herring, Scott Sullivan
Streetman & Fox, Jackson, MS, Jena W. Smith,
Baldwin & Haspel, Tyson B. Shofstahl, Adams &
Reese, New Orleans, LA, Tina Cutlip Jones,
Womble, Carlyle, Sandridge, & Rice PLLC, Raleigh,
NC, Tracie C. Militano, Michael J. Stortz, Drinker,
Biddle, & Reath LLP, San Francisco, CA, Sharon L.
Caffrey, Teresa Cavenagh, Duane Morris, Richard G.
Placey, Montgomery, McCracken, Walker, &
Rhoads, LLP, Philadelphia, PA, Michael L. Atchley,
Dallas, TX, James F. Rogers, Nelson Mullins Riley
& Scarborough, Columbia, SC, Timothy Karl
Borchers, Law Offices of Tim Borchers, Mill Creek,
WA, James V. O'Gara, Kelley Drye & Warren,
Daniel Lee Keller, Sedgwick Detert Moran &
Arnold, Randolph S. Sherman, Kaye Scholer LLP,
New York, NY, Douglas Michael Schreiner, Vincent
Edward Gunter, Shook Hardy & Bacon, Kansas City,
MO, Henry Lockwood Miller, Couglin Duffy Kelly
Lisovicz Midlige & Wolff, Morrisontown, NJ, J.
Todd Hedgepeth, Fulbright & Jaworski LLP, San
Antonio, TX, Nicole K. Asch, Peter H. Mason,
Fulbright & Jaworski, Staci C. Pirnar, Berry & Block
LLP, Sacramento, CA, Russell O. Stewart, Faegre &
Benson, Denver, CO, Marvin Samuel Jones, III,
Wright Lindsey & Jennings, Little Rock, AR, Shauna
C. Bryce, Sills Cummis Radin Tischman Epstein &
Gross, Newark, NJ, John Chandler Loupe, Claitor &
Loupe, Baton Rouge, LA, Terry O. Tottenham,
Fulbright & Jaworski, Austin, TX, Millard Lane
Fretland, Conroy Simberg Ganon Krevans & Abel,
Pensacola, FL, for Defendants.

ORDER GRANTING PROCTER & GAMBLE
PHARMACEUTICALS' MOTION FOR
SUMMARY JUDGMENT
ROTHSTEIN, J.
*1 This document relates to: *Conner v. Bayer Corp.,*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 3087855 (W.D.Wash.)
(Cite as: Not Reported in F.Supp.2d)

C05-76

Plaintiff Naomi Conner alleges that she suffered a stroke after ingesting three PPA-containing over-the-counter medications: Alka Seltzer Plus Cold Medicine, Robitussin CF and Vick's DayQuil. This matter comes before the court on a motion by defendant Procter & Gamble Pharmaceuticals for summary judgment, and on plaintiff's motion to amend her complaint.

A. *Motion for Summary Judgment*

Defendant's summary judgment motion relies on the simple assertion that it had no involvement in the manufacture, marketing or distribution of the medications plaintiff alleges are related to her injuries. P & G Pharmaceuticals concedes that it was involved in the manufacture of Entex, a prescription medication containing PPA, and also submits that Procter & Gamble Distributing Company, a related but separate entity, produced Vick's DayQuil. As P & G Pharmaceuticals points out, the Procter & Gamble Company-the parent company of both the above-named entities-has dozens of subsidiaries, a fact that was publicly known at the time plaintiff filed suit.

In her response, plaintiff submits in evidence only a copy of the Physicians Desk Reference, which refers to "Procter & Gamble" as manufacturer of Vick's DayQuil. Plaintiff does not directly dispute that P & G Pharmaceuticals was not involved in production of the medications at issue, address the distinction between P & G Pharmaceuticals and P & G Distributing, or otherwise present evidence that would support holding one entity liable for the alleged actions of the other. Instead, she repeatedly refers to "Procter & Gamble" as if it were a single entity, conflating P & G Pharmaceuticals, which she named in the complaint, with P & G Distributing, which is concededly responsible for the manufacture and distribution of the medicine at issue. She falls far short, therefore, of meeting her burden of demonstrating that there is a genuine issue of material fact in this case as it relates to P & G Pharmaceuticals. Summary judgment as to P & G Pharmaceuticals is therefore appropriate and is hereby granted. P & G Pharmaceuticals is dismissed.

B. *Motion to Amend*

In her response to the motion for summary judgment

plaintiff embeds an alternative "Motion for Substitution of Parties." Plaintiff asks the court to substitute P & G Pharmaceuticals with P & G Distributing Company, the company admittedly involved in the production of the medications allegedly related to plaintiff's stroke.

Defendant objects to plaintiff's request that the court allow the amendment, relying on the standard under Fed.R.Civ.P. 15(a) and Ninth Circuit law that although such amendment be freely granted, amendment should not be allowed where there is undue delay, prejudice, or bad faith, or where the proposed amendment would be futile. *See, e.g., Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995). Defendant asserts that the delay was undue because plaintiff (or her counsel) has long known of the distinction between the two P & G entities, and knew that P & G Distributing (and not P & G Pharmaceuticals) manufactured Vick's DayQuil, yet has failed until now to attempt to name the proper party. Defendant further claims prejudice resulting from the fact that plaintiff's injury occurred approximately nine and a half years ago, and that the statute of limitations on her claims have run. For this reason, also, defendant asserts that plaintiff's proposed amendment would be futile, as her claims would be immediately dismissed on statute of limitations grounds.

*2 Plaintiff does not address defendant's assertion that her delay in seeking to substitute the proper party is undue, and makes no explanation therefor. Plaintiff also does not dispute that the statute of limitations has run on her claims against P & G Distributing, but submits that the court should allow those claims to relate back to the time of the filing of her original complaint. Where the claims arise out of the same conduct or occurrence, an amendment to a complaint may relate back to the date of original filing where the substituted party (1) had notice of the institution of the original action; (2) will not suffer undue prejudice resulting from the delay; and (3) is aware that but for plaintiff's mistake, it should have been named in the original complaint. Fed.R.Civ.P. 15(c).

According to Fed.R.Civ.P. 15(c)(3), an amendment can only relate back to the original complaint where notice is received "within the period provided by Rule 4(m) for service of the summons and complaint." As this court has already ruled, notice in this case was inadequate and untimely under Fed.R.Civ.P. 4(m). *See Conner v. Bayer Corp.,* C05-76, Order Denying Defendant's Motion to Dismiss at 3, July 5, 2005. Plaintiff's bald assertion that P & G

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 3087855 (W.D.Wash.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

Distributing had notice of the pending lawsuit against P & G Pharmaceuticals because both entities are represented by the same law firm is an inadequate response given the plain language of the rule. Her failure to effect timely and proper notice is fatal to her motion to amend, which is therefore denied.

For the foregoing reasons, defendant P & G Pharmaceuticals' motion for summary judgment is GRANTED. Plaintiff's motion for substitution is DENIED.

W.D.Wash.,2005.
In re Phenylpropanolamine (PPA) Products Liability Litigation
Not Reported in F.Supp.2d, 2005 WL 3087855 (W.D.Wash.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.