**HON. RICARDO MARTINEZ**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>And<br><br>HYPERION VOF, a Belgium corporation,<br><br>    Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>ITEC, LLC, a New York Limited Liability Company,<br><br>    Counterclaim Defendant. | CAUSE NO. CV07-0631RSM<br><br>**PLAINTIFF AMIGA, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR:**<br>**December 21, 2007** |

AMIGA, INC.'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS
COMPLAINT
Cause No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Dockets.Justia.com

## I. PRELIMINARY STATEMENT

On the instant motion by plaintiff Amiga, Inc. ("Amiga") for leave to file its ***first-ever*** Amended Complaint, Hyperion VOF ("Hyperion") is attempting to impose a burden on the movant akin to, or even beyond, the burden on a motion for summary judgment. However, on a motion for leave to amend a pleading, the Court is not supposed to look beyond the proposed pleading itself, let alone evaluate allegedly contradictory testimony. That is properly reserved for a summary judgment motion. If Hyperion believes that evidence or arguments exist to contradict the new pleading, it may present those arguments in the context of an appropriate motion or use that evidence in depositions or on cross-examination, and Amiga and its agents should be afforded an opportunity to respond and explain any alleged inconsistencies between earlier testimony and the amended pleading. For now, facial sufficiency of notice pleading is enough, and with the case still in the earliest stages of litigation, no discovery has taken place, and no prejudice to Hyperion can result. Additionally, the proposed amended pleading is not "futile" simply because Hyperion disagrees with the allegations. An extremely liberal standard favors granting leave to amend, and Hyperion bears the burden of demonstrating a substantial reason to deny the motion – a burden that Hyperion has failed to meet.

## II. HYPERION HAS NOT MET ITS BURDEN FOR OPPOSING AMENDMENT

An extremely liberal standard favors the granting of leave to amend pleadings under Rule 15(a). *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"); *Jones v. Bates*, 127 F.3d 839, 847 n. 8 (9th Cir. 1997).

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. [Citation omitted] ***If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.***

AMIGA, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT - 1
Cause No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

*Foman*, 371 U.S. at 182 (emphasis added). "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs*, 833 F.2d at 186.

Courts in the Ninth Circuit should consider four factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Id*. This determination should be performed with all inferences in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The party opposing amendment bears the burden of convincingly demonstrating that a "substantial reason exists to deny leave to amend." *Witt v. City of Martinez*, 1992 U.S. Dist. LEXIS 13571, at *6 (N.D. Cal. July 16, 1992). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc*, 316 F.3d 1048, 1052 (9th Cir. 2003). Leave to amend is especially appropriate when, as here, new evidence comes to light that a plaintiff did not have when it filed the Complaint. *Werner v. Werner*, 267 F.3d 288, 296-97 (3d Cir. 2001).

Barely paying lip service to this standard, Hyperion asserts in conclusory fashion that (1) the Amended Complaint and particularly the First and Third Claims for Relief are "futile" merely because Hyperion disagrees with Amiga's allegations, (2) permitting Amiga to modify, clarify and supplement its initial Complaint, and thereby allegedly "contradict its prior sworn testimony," would somehow inherently prejudice Hyperion, and (3) the proposed Amended Complaint "is presented in bad faith" – although Hyperion says nothing further at all about bad faith – and Hyperion does ***not*** assert undue delay.[1] (Hyperion Opp. Memo, pp. 1-2).

---

[1] Hyperion also requests 30 days to respond to the Amended Complaint if leave to file it is granted, and Amiga consents. However, Amiga objects to staying the filing of the Amended Complaint pending determination of Hyperion's motion to consolidate its lawsuit against Amino Development (Amiga Washington), which is pending before the Honorable Richard A. Jones. Amino/Amiga Washington had already moved to dismiss that case based

AMIGA, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND ITS COMPLAINT - 2
Cause No. CV07-0631RSM

**A. The Amended Complaint is Not Futile**

Hyperion's futility argument, based entirely on arguments reserved for motions to dismiss or for summary judgment, is itself futile. (*See* Hyperion Opp. Memo, pp. 8-10)  District courts reviewing the propriety of a proposed amendment should focus primarily on the basic sufficiency of the new pleading on its face. "Amendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir.1982); *accord DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  A district court should ***not*** consider arguments in opposition to a pleading amendment that are, "in essence, motions to dismiss or motions for summary judgment, requiring the Court to look beyond the Complaint" Commercial *Dev. Corp. v. Abitibi Consolidated, Inc.*, 2007 WL 1585043 at *3 (W.D. Wash. May 30, 2007)  Such motions should be made pursuant to the applicable "Federal and Local Rules of Civil Procedure, properly noted for consideration." *Id.*, *see also Bower v. Bunker Hill Co.*, 114 F.R.D.587 (E.D. Wash. 1986).

Hyperion's disagreement with Amiga's allegations in the Amended Complaint and its presentation of what it considers evidence contradicting those allegations should be reserved for an appropriately timed motion to dismiss or for summary judgment and not an opposition to the filing of this amended pleading.  Furthermore, Hyperion's arguments entirely mischaracterize unambiguous allegations that plainly state causes of action, particularly relating to what the Amended Complaint defines as the "2004 Arrangement." (*See* Hyperion Opp. Memo, pp. 8-10 and Amended Complaint p. 18, line 1 through p. 19, line 25).

---

on Hyperion's failure to comply with its contractual obligation to mediation prior to commencing litigation relating to the 2001 Agreement. To delay this filing in anticipation of a potential transfer at some future time if the action survives would freeze the instant action indefinitely.

AMIGA, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND ITS COMPLAINT - 3
Cause No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1    For example, Hyperion mischaracterizes the 2004 Arrangement as being dependent upon
2 a transfer of rights under the 2001 Agreement and subject to "assignment and subcontract
3 requirements" of both the 2001 Agreement and 2004 Arrangement.  Contrary to Hyperion's
4 argument, and as stated in the Amended Complaint, the 2001 Agreement was **not** assigned to
5 Amiga.  It was abandoned by the parties thereto (Amiga Washington and the Amiga One
6 Partners – *i.e.*, Hyperion and Eyetech Group Ltd., jointly and individually) upon Hyperion's
7 transfer of all of its rights in OS 4.0 to Itec LLC, pursuant to the April 24, 2003 Itec-Hyperion
8 Agreement.  (Amended Complaint, p. 14, lines 8-14 and Ex. B)  Thus, the 2004 Arrangement did
9 **not** result from an assignment of rights under the 2001 Agreement.  It was the result of a new
10 meeting of the minds, described in the Amended Complaint, whereby Amiga (then called
11 KMOS) would honor the distribution rights that had been provided to Amiga One Partners, as set
12 forth in the 2001 Agreement, taking into account that (a)  KMOS now owned OS 4.0, (b) Amiga
13 Washington was out of the picture, and (c) Hyperion's role was as the coordinator of third-party
14 developer-subcontractors rather than as having any claim of ownership in OS 4.0.  (Amended
15 Complaint, p. 18, line 19 through p. 19, line 8)  In sum, Hyperion's mischaracterizations
16 regarding the 2004 Arrangement should be dealt with in future motions, not now.

    Similarly unavailing are Hyperion's contentions regarding Amiga's allegations that the
2001 Agreement was abandoned by the parties thereto.  Amiga is not required to plead specific
"actions or intent" of Eyetech regarding the abandonment, particularly where Hyperion could
bind both of the "Amiga One Partners" – itself and Eyetech (*see* Amended Complaint, p. 7,
lines 4-6, Ex. A, p. 1).  Notice pleading is all that is required at this stage, and Hyperion's
citation to a decision that reversed a grant of summary judgment is inapposite. (*See* Hyperion
Opp. Memo, p. 9, line 10 – p. 10, line 9, citing *Schoneman v. Wilson*, 56 Wash.App. 776, 785
P.2d 845 (1990))  Indeed, Hyperion's quotation from that case, pointing out that "[a]bandonment

---

AMIGA, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND ITS COMPLAINT - 4
Cause No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

involves a mixed question of law and fact," underscores how inappropriate this objection is in the context of a motion for leave to amend. (*See* Hyperion Opp. Memo, p. 9, line 16)

Equally unavailing is Hyperion's contention that Amiga's failure to perfect its security interest in Amiga Washington's assets somehow prevents Amiga from having acquired those assets through the August 30, 2004 KMOS-Amiga Washington Intellectual Property Acquisition Agreement. (Amended Complaint, Ex. L) Failure to file a financing statement means only that the security interest is unperfected and thus cannot have priority over a creditor with a perfected security interest or a judgment. That does not change the fact that Amiga Washington had borrowed funds from Amiga pursuant to a Loan Facility Agreement and owed Amiga a debt. It does not change the fact that Amiga (KMOS) had an enforceable security agreement with respect to Amiga Washington's assets. Furthermore, the assets were ultimately conveyed pursuant to the August 30, 2004 agreement, in return for which Amiga Washington received payment consisting of "(a) Cash advances made to Amiga [Washington] under the Loan Facility Agreement, totaling Two Hundred Seventy Four Thousand, Four Hundred Twenty-Two Dollars (US $270,422.00) as of the effective date of this Agreement, and (b) four million (4,000,000) shares of KMOS common stock." (Amended Complaint, p. 22, lines 4 -17, Ex. L)

Obviously, these issues would be dealt with better on summary judgment, rather than in a six-page reply brief on a motion to amend. Nevertheless, Hyperion has not demonstrated anything close to futility and does not overcome the strong presumption favoring leave to amend.

**B. The Amended Complaint Does Not Prejudice Hyperion**

Hyperion's entire argument regarding prejudice is based on its premature assertion that evidence purportedly exists to contradict the allegations in Amiga's Amended Complaint. That kind of argument should be addressed in future motions, and, moreover fails to meet Hyperion's burden of demonstrating prejudice. Generally, prejudice in this context depends upon what stage

AMIGA, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND ITS COMPLAINT - 5
Cause No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1  the litigation is in and particularly the status of discovery.  Where, as here, a case is in its early

2  stages and no discovery has yet been conducted, courts generally find that there can be no

3  prejudice to the party opposing amendment.  *See Moyles v. Johnson Controls, Inc.*, 2005 WL

4  1561519 at *3 (E.D. Cal. 2005); *Towhaul Corp. v. Birrana Eng. Pty. Ltd.*, 2007 WL 837235 at

5  *4 (D. Mont. Mar. 15, 2007).

    In any event, allegedly contradictory testimony cannot prejudice Hyperion.  If any exists,

Hyperion may use it in future motions and cross-examinations, and Amiga should have an

opportunity to explain or refute it.  Meanwhile, the litigation is in its earliest stages, only

minimal discovery in connection with the preliminary injunction motion has taken place, and no

prejudice to Hyperion can result.  Leave to amend should be granted.

**C.  The Amended Complaint Evidenced Good Faith, Not Bad Faith**

    Hyperion asserts in conclusory fashion that the proposed amendment evidences bad faith, but Hyperion does not identify what about the Amended Complaint it believes shows bad faith. Indeed, by modifying, clarifying and correcting various allegations that were simply wrong, rather than perpetuating erroneous allegations, and by backing up its revised allegations with new exhibits, Amiga is demonstrating nothing but good faith.

    DATED this 21st day of December, 2007.

 /s/ Lawrence R. Cock__                             /s/ Lance Gotthoffer
Lawrence R. Cock, WSBA No. 20326           Lance Gotthoffer (Pro Hac Vice), NYBA No.
Cable, Langenbach, Kinerk & Bauer, LLP     1088186
Suite 3500, 1000 Second Avenue Building    Jeffrey M. Tamarin (Pro Hac Vice), NYBA
Seattle, Washington 98104-1048             No. 1935071
(206) 292-8800 phone                       REED SMITH LLP
(206) 292-0494 facsimile                   599 Lexington Avenue
lrc@cablelang.com                          New York, NY 10022
***Attorneys for Plaintiff Amiga, Inc.***  Telephone:  212.521.5400
                                           Facsimile:  212.521.5450
                                           lgotthoffer@reedsmith.com
                                           jtamarin@reedsmith.com

AMIGA, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND ITS COMPLAINT - 6
Cause No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William A. Kinsel
Law Offices of William A. Kinsel, PLLC
Market Place Tower
2025 First Avenue, Suite 440
Seattle, WA  98121

    /s/ Lawrence R. Cock
Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff Amiga, Inc.
Cable, Langenbach, Kinerk & Bauer, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

PLAINTIFF AMIGA, INC.'S MOTION FOR LEAVE TO AMEND
ITS COMPLAINT - 7
Cause No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800