**HON. RICARDO MARTINEZ**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>HYPERION VOF, a Belgium corporation,<br><br>    Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>ITEC, LLC, a New York Limited Liability Company,<br><br>    Counterclaim Defendant. | CAUSE NO. CV07-0631RSM<br><br>**AMIGA, INC.'S MOTION TO QUASH HYPERION'S SUBPOENA DUCES TECUM TO CAIRNCROSS HEMPELMAN, P.S.**<br><br>**NOTED FOR HEARING: January 11, 2008** |

**FACTUAL BACKGROUND AND RELIEF REQUESTED**

Plaintiff Amiga, Inc. ("Amiga") moves to quash a *subpoena duces tecum* (the "Subpoena") that was served by defendant Hyperion VOF ("Hyperion") on the law firm of Cairncross & Hempelman P.S. ("Cairncross"). Cairncross was at one time counsel to Amino Development Corporation, a Washington corporation formerly known as Amiga, Inc. ("Amino Development"). Amino Development (then called Amiga, Inc.) was, along with Hyperion, among the signatories to the OEM License and Software Development Agreement dated

AMIGA, INC.'S MOTION TO QUASH HYPERION'S SUBPOENA
DUCES TECUM TO CAIRNCROSS HEMPLEMAN, P.S. - 1
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Dockets.Justia.com

November 3, 2001 (the "2001 Agreement"), which is at issue in this lawsuit. The Subpoena, which demands production of "All Documents, not privileged, related to Amiga, Inc., a Washington Corporation, a/k/a Amino Development Corporation," (see the Declaration of Lawrence R. Cock, filed herewith, ¶2, Ex. A, the "Subpoena") is on its face wholly unspecific, overly broad, unduly burdensome, and highly prejudicial to Amiga, which acquired substantially all of Amino Development's assets in 2003, and also succeeded to many of Amino Development's rights and privileges. (Dkt. 4, ¶4.)

The Subpoena, served on Cairncross on December 21, 2007 (*see* Cairncross's Objections to Subpoena, Dkt #87), makes no attempt to limit its scope to documents relevant to this litigation. Indeed, it contains no limitation at all. As a result, the Subpoena inevitably would require needless review of an enormous volume of documents for, among other things, privilege, work product and proprietary, trade secret or other confidential materials, as well as needless production of voluminous, irrelevant material. To make matters worse, Hyperion demanded that Cairncross comply with the Subpoena by January 4, 2008. Cock Decl., ¶2, Ex. A. That gave Cairncross, a non-party, only a 14-day period, laden with holidays, within which to comply.

Cairncross responded by filing its Objections to Subpoena on December 28, 2007. (Dkt #87) However, the impractical time period for compliance and overly broad scope of the Subpoena prejudice Amiga, Inc. directly. As successor to certain of Amino Development's rights, Amiga is the holder of privileges which are certain to apply to many of the documents in Cairncross's possession. In addition, the Cairncross files are likely to contain substantial proprietary, trade secret and other confidential materials, none of which should be produced without an appropriate protective order. In order to preserve its privileges and similar rights, Amiga, Inc. will need to review all documents responsive to the Subpoena prior to their production. Amiga, Inc. therefore moves this Court for an order quashing the Subpoena.

AMIGA, INC.'S MOTION TO QUASH HYPERION'S SUBPOENA
DUCES TECUM TO CAIRNCROSS HEMPLEMAN, P.S. - 2
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

## ISSUES PRESENTED

Hyperion issued the Subpoena to Cairncross, the former attorneys for Amino Development, a major computer hardware and software company with a worldwide business, commanding the law firm to produce all non-privileged documents related to Amino Development. Amiga, Inc., Hyperion's opposing party in this case, is the holder of privileges and other rights, including rights relating to proprietary, trade secret and other confidential materials, which likely apply to much of the inevitably enormous volume of documents described in the Subpoena. The Subpoena provided absolutely no limitations on the types of documents requested and commanded compliance fourteen days after service.

1. Under FRCP 45(c)(3)(A)(i) should this Court quash the Subpoena for failing to allow reasonable time for compliance? **Yes**.

2. Under FRCP 45(c)(3)(A)(iv) should this Court quash the Subpoena for imposing an undue burden upon Cairncross, Amino Development, and Amiga, Inc.? **Yes**.

## EVIDENCE RELIED UPON

1. The Declaration of Lawrence R. Cock, filed herewith, with exhibits.

2. The records and files herein.

## LEGAL ARGUMENT AND AUTHORITIES

**A. The Subpoena fails to allow reasonable time for compliance.**

"On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it fails to allow reasonable time for compliance." FRCP 45(c)(3)(A)(i). A court shall also quash a subpoena which "requires disclosure of privileged or other protected matter." FRCP 45(c)(3)(A)(iii). The Subpoena, by its terms seeks only documents which are "not privileged." However, the documents it seeks are voluminous and, because they are a law firm's

AMIGA, INC.'S MOTION TO QUASH HYPERION'S SUBPOENA
DUCES TECUM TO CAIRNCROSS HEMPLEMAN, P.S. - 3
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

documents regarding a client, are bound to include a great deal of privileged material. In addition, given the nature of Amino Development's computer software and hardware business, there is likely a substantial amount of proprietary, trade secret or other confidential material in these files. The privileged, proprietary, trade secret and other confidential documents in Cairncross's possession cannot be separated from the non-privileged documents without a thorough review of all of the individual documents. Such a review is time consuming, especially here, where the Subpoena seeks *all* documents regarding a major computer software and hardware company that had a global business reach, without any temporal or subject matter limitation.

The time period for compliance with the Subpoena is unreasonable because it does not allow for the sort of document review that is necessary in this case. The Subpoena effectively requires the production of documents before it can be determined which of those documents should be held back as privileged or confidential. The Subpoena therefore offends CR 45(c)(3)(A)(i) and (iii) and must be quashed by this Court.

> **B.     Hyperion's subpoena seeks documents which are beyond the scope of discovery and imposes an undue burden on Cairncross, Amino Development, and Amiga, Inc.**
>
> *1.     The Subpoena burdens Amino Development, Cairncross, and Amiga, Inc.*

A court shall quash a subpoena where it "subjects a person to an undue burden." FRCP 45(c)(3)(A)(iv). As discussed above, Hyperion's subpoena will require a thorough review of the documents related to Amino Development in Cairncross's possession. Amino Development itself has an interest in reviewing all documents held by Cairncross prior to their production. Cairncross, as Amino Development's former attorneys, has a duty to review all documents before producing them in order to protect its former client's privileges and confidential materials. Amiga, Inc., as the successor to certain of Amino Development's rights, has succeeded to the

AMIGA, INC.'S MOTION TO QUASH HYPERION'S SUBPOENA
DUCES TECUM TO CAIRNCROSS HEMPLEMAN, P.S. - 4
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

privileges and other rights that protect many of the documents in Cairncross's possession and therefore has its own interest in reviewing the documents before they are produced. The Subpoena therefore, places a burden upon Amino Development, Cairncross, and Amiga, Inc. Because the Subpoena requires a review of documents which cannot possibly all be relevant to this case, the burden it imposes is undue.

> 2. *The burden imposed by the Subpoena is undue because the subpoena is overbroad and seeks irrelevant material.*

Courts have incorporated relevance as a factor when determining motions to quash a subpoena. *Moon v. SCP Pool Corporation*, 232 F.R.D. 633, 637 (C.D.Cal. 2005)(citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662 (D.Kan. 2003)). Specifically, under FRCP 45(c)(3)(A), "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]" and, in particular, requires the court to consider:

> such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.

*Id.* (quoting *Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D.Conn. 2005).

FRCP 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." All discovery, and federal litigation generally, is subject to FRCP 1, which directs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." FRCP 45 governs subpoenas duces tecum for the production of documents. A non-party recipient of a subpoena "is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." Advisory Committee Notes to 1991 Amendment.

AMIGA, INC.'S MOTION TO QUASH HYPERION'S SUBPOENA
DUCES TECUM TO CAIRNCROSS HEMPLEMAN, P.S. - 5
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

As an initial matter, the party who moves to quash a subpoena has the "burden of persuasion" under FRCP 45(c)(3). *Moon*, 232 F.R.D. at 637 (citing *Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D.Conn. 2005)). In this case, that means that Amiga, Inc. has the burden to demonstrate that Hyperion's subpoena reaches beyond the scope of discovery set out in FRCP 26 and 45. Amiga, Inc. can meet this burden by simply pointing to the fact that there is a total lack of specificity with regard to the date and subject matter of the documents demanded in the Subpoena. *See Moon*, 232 F.R.D. at 638 (subpoena was overbroad and imposed an undue burden where it sought any and all documents over a ten year period regarding the product at issue in the lawsuit). Hyperion made no attempt to focus the Subpoena on those documents which are discoverable. If Cairncross complied with the Subpoena as written, it, Amino Development, and Amiga, Inc. would have to review and produce documents that are not relevant to the claims and defenses at issue in this action. The burden of conducting this review and production would necessarily outweigh any benefit to Hyperion because it would only provide Hyperion with irrelevant material.

Amiga, Inc.'s burden being satisfied, it is now up to Hyperion to explain to this Court why it seeks the production of *all* documents related to Amino Development, regardless of time or subject matter. Hyperion will be unable to do so because there is simply no way to justify such a blatantly overbroad subpoena. Enforcing Hyperion's subpoena would serve no other purpose but to allow Hyperion to conduct a fishing expedition in the hope of dredging up irrelevant matter to inject into this case.

> 3.  *Cairncross should not be required to produce proprietary, trade secret or other confidential material belonging to Amiga or Amino Development if at all without an appropriate protective order.*

Given the nature of Amino Development's computer software and hardware business, which Amiga acquired in 2003, it is highly likely that Cairncross's files contain proprietary,

AMIGA, INC.'S MOTION TO QUASH HYPERION'S SUBPOENA
DUCES TECUM TO CAIRNCROSS HEMPLEMAN, P.S. - 6
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1  trade secret or other confidential material belonging to Amiga or Amino Development. No such
2  material, even if relevant should be produced by Cairncross unless and until this Court has issued
3  an appropriate Protective Order to limit the disclosure and use of such materials. FRCP
4  45(c)(2)(B)(i and iii).

## **CONCLUSION**

For the reasons set forth above, this Court should quash Hyperion's subpoena pursuant to FRCP 45.

AMIGA, INC.'S MOTION TO QUASH HYPERION'S SUBPOENA
DUCES TECUM TO CAIRNCROSS HEMPLEMAN, P.S. - 7
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1  DATED January 2, 2008.

2     /s/ Lawrence R. Cock
   Lawrence R. Cock, WSBA No. 20326
3     CABLE, LANGENBACH, KINERK & BAUER, LLP
   Suite 3500, 1000 Second Avenue Building
4     Seattle, Washington 98104-1048
   (206) 292-8800 phone
5     (206) 292-0494 facsimile
6     lrc@cablelang.com

7     /s/ Lance Gotthoffer
   Lance Gotthoffer (Pro Hac Vice), NYBA No. 1088186
8     Jeffrey M. Tamarin (Pro Hac Vice), NYBA No. 1935071
9     REED SMITH LLP
   599 Lexington Avenue
10    New York, NY 10022
   Telephone: 212.521.5400
11    Facsimile: 212.521.5450
12    lgotthoffer@reedsmith.com
   jtamarin@reedsmith.com

13

14    /s/ Alison Riddell
   Alison Riddell (Pro Hac Vice), CBA No. 246142
15    REED SMITH LLP
   Two Embarcadero Center, Suite 2000
16    San Francisco, CA 94111-3922
   P.O. Box 7936
17    San Francisco, CA 94120-7936
   Telephone: 415.543.8700
18    Facsimile: 415.391.8269
   ariddell@reedsmith.com
19    ***Attorneys for Plaintiff AMIGA, INC.***

20

21

22

23

24

25

26

27

AMIGA, INC.'S MOTION TO QUASH HYPERION'S SUBPOENA
DUCES TECUM TO CAIRNCROSS HEMPLEMAN, P.S. - 8
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William A. Kinsel
Law Offices of William A. Kinsel, PLLC
Market Place Tower
2025 First Avenue, Suite 440
Seattle, WA 98121

A copy was also served by hand delivery on January 2, 2008.

/s/ Lawrence R. Cock

Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff Amiga, Inc.
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

AMIGA, INC.'S MOTION TO QUASH HYPERION'S SUBPOENA DUCES TECUM TO CAIRNCROSS HEMPLEMAN, P.S. - 9
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800