HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br> v.<br><br>HYPERION VOF, a Belgium corporation,<br><br>      Defendant. | No. 07-0631-RSM<br><br>**HYPERION'S MEMORANDUM IN OPPOSITION TO AMIGA DELAWARE'S MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN**<br><br>**Note on Motion Calendar: 1/11/08** |
| HYPERION VOF, a Belgian General Partnership,<br><br>      Counterclaim Plaintiff,<br><br> v.<br><br>ITEC, LLC, a New York Limited Liability Company,<br><br>      Counterclaim Defendant. | |

## I. INTRODUCTION

COMES NOW defendant Hyperion VOF and opposes Amiga Delaware's Motion to Quash Hyperion's Subpoena Duces Tecum to Cairncross & Hempelmann for two simple reasons. First, the nonprivileged documents that are likely to be in the deponent's possession are relevant to this dispute and in fact may be available only from Cairncross & Hempelmann.

**MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN** - 1
**Cause No: 07-0631-RSM**

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Second, neither the deponent nor Amiga Delaware has made any effort to substantiate the assertion that the subpoena is unduly burdensome, either in terms of the time needed to respond thereto or in terms of the quantity of materials to be produced.  For these reasons, the motion to quash should be denied, and Cairncross & Hempelmann should be required to respond thereto.

## II.   FACTS

**A.   HYPERION' SUBPOENA DUCES TECUM IS NOT UNDULY BURDENSOME**

Neither Cairncross & Hempelmann nor Amiga Delaware provides any substantive testimony or documentation to support the conclusion that it would be unduly burdensome for Cairncross & Hempelmann to respond to the subpoena duces tecum.  For instance, Cairncross & Hempelmann's Objection A simply asserts that it would be unduly burdensome to produce the responsive documents.  That law firm provides no list or other description, for instance, of the files it has in its possession.  Instead, Cairncross & Hempelmann apparently expects that the Court will speculate about the quantity of responsive documents in deponent's possession, and that the Court will conclude based on that speculation that it would be unduly burdensome to require the firm to produce them.  In a similar vein, Amiga Delaware (<u>not</u> the entity whose documents are sought) asserts that "the Subpoena inevitably would require needless review of an enormous volume of documents for, among other things, privilege, work product and proprietary, trade secret or other confidential materials, as well as needless production of voluminous, irrelevant material."  (Amiga Delaware's moving papers at p. 2, ll. 11-14.)  Is there, in fact, "an enormous volume of documents" that are responsive to the subpoena?  Again, no testimony is provided to support that assertion, and instead Hyperion and the Court are left to speculate about the assertion's accuracy.

Hyperion's subpoena duces tecum and its accompanying cover letter are attached to the Declaration of William A. Kinsel in Opposition to Amiga Delaware's Motion to Quash

**MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN** - 2
**Cause No:  07-0631-RSM**

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Subpoena to Cairncross & Hempelmann ("Kinsel Dec.") as Exhibit 1. In the cover letter Hyperion's counsel volunteered to review responsive materials at the deponent's offices before it spent time making unnecessary copies. Hyperion's counsel specifically asked the Cairncross & Hempelmann firm to call him. (Ex. 1, p. 1.) Hyperion's counsel never received such a call. If Cairncross & Hempelmann had done so and expressed concerns about the subpoena, Hyperion would have agreed to a request for additional time in which to respond to the subpoena, and Hyperion would have informed the firm that it should feel free to assert the attorney/client privilege with respect to its billing records. (Kinsel Dec., ¶2.) In other words, much of the alarm expressed in the Motion to Quash by Amiga Delaware, and in the Objections to Subpoena filed by deponent, arises from the simple failure to pick up the phone.

**B.  THE SUBPOENA DUCES TECUM SEEKS RELEVANT DOCUMENTS**

A request for "all documents" is, or is not, unduly burdensome depending on the facts of the particular case. For instance, a subpoena duces tecum to Perkins Coie seeking "all documents, not privileged, related to Boeing" would certainly be unduly burdensome because of that firm's decades-long representation of a truly "major" corporation. By contrast, the documentation available to Hyperion indicates that Cairncross & Hempelmann is likely to have a relatively limited quantity of documentation related to an unsuccessful company known as Amiga Washington, and that much of the (nonprivileged) documentation in deponent's possession will be relevant.

    **1.  Cairncross & Hempelmann Apparently Represented Amiga Washington in One Lawsuit**

On June 11, 2007, the Court denied Amiga Delaware's Motion for a Preliminary Injunction. (Dkt # 40.) On pages 7 and 8 of that order, the Court devoted a significant amount of its attention to the question of whether or not Amiga Washington had become insolvent.

**MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN** - 3
**Cause No: 07-0631-RSM**

**LAW OFFICES OF**
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

The Court's order specifically refers to the case of <u>Thendic Electronics v. Amiga</u>, C03-03RSL for evidence that supports the conclusion that Amiga Washington was insolvent at the relevant time. (Dkt. # 40, p. 7.)

Cairncross & Hempelmann represented Amiga Washington in the <u>Thendic</u> litigation. (Kinsel Dec., ¶3, Ex. 2.) Hyperion has searched the federal court's Pacer system and has found no other federal lawsuit in which Cairncross & Hempelmann represented Amiga Washington. While Hyperion has discovered other judgments entered against Amiga Washington in King County Superior Court, all of those where default judgments were Amiga Washington had no disclosed legal representation. (Kinsel Dec., ¶3.) It appears, therefore, that deponent represented Amiga Washington in only one lawsuit, and it is a lawsuit which is demonstrably relevant to the question of Amiga Washington's solvency. For instance, while discovery materials are not filed with the federal court, Cairncross & Hempelmann should have ready access to the discovery materials produced in that case. Furthermore, because deponent should have already segregated the privileged materials from the discovery produced in the *Thendic* litigation, there is no reason to expect that deponent would have to repeat that effort to respond to Hyperion's subpoena. (Kinsel Dec., ¶4.)

**2. There is Good Reason to Believe that Cairncross & Hempelmann is in Possession of Evidence Relevant to the Alleged Assignment of Amiga Washington's Rights to Itec and Amiga Delaware**

Another major factual issue identified by this Court in its order denying Amiga Delaware's motion for a preliminary injunction was the question of the validity of the assignment of Amiga Washington's rights to Itec and/or Amiga Delaware. (Dkt. 40, pp. 6-7.) Indeed, Amiga Delaware bases its right to object to Hyperion's subpoena duces tecum on its alleged status as Amiga Washington's successor in interest: "As successor to certain of [Amiga Washington's] rights, Amiga is the holder of privileges which are certain to apply to many of

**MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN** - 4
**Cause No: 07-0631-RSM**

**LAW OFFICES OF**
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

the documents in Cairncross's possession." (Amiga Delaware's Motion to Quash, p. 2, ll. 20-22.)

Because Amiga Delaware believes that relevant *privileged* documents related to the alleged transfers are in the possession of Cairncross & Hempelmann, then it certainly must be the case that other, relevant unprivileged documents on those topics will also be in deponent's possession. Indeed, the records on file with the Washington Secretary of State show that Amiga Washington was active from September 30, 1999 to September 30, 2004, and that at least at the end of that period Cairncross & Hempelmann was that company's registered agent. (Kinsel Dec., ¶5, Ex. 3.) Furthermore, there are various documents and contracts from that time period during which Amiga Washington purportedly entered into business relationships with Itec or KMOS (now known as Amiga Delaware). Two examples of such documents are the "Loan Facility Agreement" dated May 22, 2003 between Amiga Washington and Itec, and the "Agreement on Acquisition of Software, Content, Corporate Name and Brand, Logo, Trademarks, Domain Names, Patent Rights and Other Intellectual Property" dated August 30, 2004, between Amiga Washington and KMOS, which are attached as Exhibits 4 and 5 to Kinsel Dec. Given the fact that Cairncross & Hempelmann represented Amiga Washington during this time period, there is every reason to believe that the deponent has unprivileged documents relevant to Amiga Washington's efforts to transfer to or acquire rights from Itec, Amiga Delaware, or some different entity altogether. Hyperion is entitled to receive that evidence as it is material to this case.

**MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN** - 5
**Cause No: 07-0631-RSM**

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

### 3. Neither the Deponent nor Amiga Delaware Presents Evidence that the Deponent is in Possession of Trade Secrets

Both the deponent in its objections and Amiga Delaware in its motion to quash cite to the "trade secret" provision of FRCP 45(c)(3)(B)(i). Neither of them, however, presents any evidence that Cairncross & Hempelmann is actually in possession of any such trade secrets.

### 4. Itec's Alleged Status as a Secured Creditor

Itec has asserted that it became a secured creditor through its Loan Facility Agreement with Amiga Washington (Kinsel Dec., Ex. 4), and that it passed the benefits of that secured-creditor status on to Amiga Delaware. Cairncross & Hempelmann, however, is the only secured creditor on file with the State of Washington. (Kinsel Dec., ¶¶7-8, Exs. 3 & 6.) Because the deponent is likely to have unprivileged materials relevant to the identity of any secured creditors of Amiga Washington, the deponent has documents relevant to this case.

### 5. The Temporal Scope of the Subpoena is Not Unduly Broad

The evidence supports the conclusion that Cairncross & Hempelmann has documents responsive to the subpoena that are relevant to material factual issues in this case. That evidence further supports the conclusion that that law firm represented Amiga Washington from no sooner than September 30, 1999 through September 30, 2004. (Kinsel Dec., Ex. 3.) Cairncross & Hempelmann was then removed as the registered agent once Amiga Washington was revived in the summer of 2007. (Kinsel Dec., ¶9, Exs. 7 & 8.) Given this discrete, perhaps 5 year period of time during which the deponent appears to have actively represented Amiga Washington, and considering that that entire time period is relevant to this suit,[1] the lack of any specific temporal limits in the subpoena is of no moment.

---

[1] For instance, the period prior to the signing of the November 3, 2001 Agreement is relevant because in that Agreement Amiga Washington alleged that it had title, and could deliver, the underlying code needed for development of OS 4.0. Hyperion has alleged that those representations and warranties were false, and that Hyperion was damaged as a result. This makes Amiga Washington's pre-Agreement business dealings relevant to the case.

MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN - 6
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

**C.  CAIRNCROSS & HEMPELMANN MAY BE THE ONLY ENTITY IN POSSESSION OF THE RESPONSIVE DOCUMENTS**

Again, Amiga Washington was dissolved on September 30, 2004, and was inactive for many years thereafter.  There is no reason to believe that a moribund Amiga Washington would take independent care of its documents.  Certainly, in its moving papers Amiga Delaware did not assert that it has possession of those materials, nor has the deponent claimed that any other entity has them.  Because of this, there is good reason to suspect that Cairncross & Hempelmann may be the only entity in possession of many of the documents subject to Hyperion's subpoena.  (Kinsel Dec., ¶10.)

### III.     ARGUMENT

**A.     STANDARD OF REVIEW ON MOTIONS TO QUASH**

"As an initial matter, the party who moves to quash a subpoena has the 'burden of persuasion' under Rule 45(c)(3)."  Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (USDC, C.D. CA 2005).  The issues stated in Amiga Delaware's motion to quash are limited to the contention that Cairncross & Hempelmann was not provided with reasonable time for compliance with the subpoena, as required by FRCP 45(c)(3)(A)(i), and that it would be unduly burdensome for that deponent to have to respond in any event, per FRCP 45(c)(3)(A)(iv).

While the particular discovery vehicle at issue here is a third party subpoena, the general discovery principles of the Federal Rules of Civil Procedure apply:

> Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...."  Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. [Cite omitted.]  Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial. [Cite omitted.]  All discovery, and federal litigation generally, is subject to Rule 1, which directs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."
>
> Federal Rule of Civil Procedure 45 governs subpoenas duces tecum for the production of documents with or without the taking of a deposition. [Footnote omitted.]  One of the purposes of Rule 45 is "to facilitate access outside the

MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN - 7
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

    deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties...." Advisory Committee Notes to 1991 Amendment. "The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." *Id.*

Moon, 232 F.R.D. at 636. Because Hyperion's subpoena duces tecum is in full compliance with these principles of FRCP 26, 34 and 45, the motion to quash should be denied, and the deponent's objections should be overruled. Hyperion has no objection, however, to providing the deponent with an additional 14 days in which to respond to the subpoena following the service of the Court's order denying this motion on Cairncross & Hempelmann.

**B.  NEITHER DEPONENT NOR AMIGA DELAWARE HAS PRESENTED ANY EVIDENCE THAT CAIRNCROSS & HEMPELMANN HAS POSSESSION OF TRADE SECRETS**

While it is not stated as one of the "issues" upon which Amiga Delaware makes its motion to quash, both the deponent, at its Objection F, and the movant in its brief asserts a concern about the possible disclosure of trade secrets if the motion to quash is denied.

    In light of the protection afforded to trade secrets by Rule 26(c)(7), courts have attempted to reconcile the competing interests in trade secret discovery disputes. First, the party opposing discovery must show that the information is a 'trade secret or other confidential research, development, or commercial information' under Rule 26(c)(7) and that its disclosure would be harmful to the party's interest in the property. The burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial. [¶] If the party seeking discovery shows both relevance and need, the court must weigh the injury that disclosure might cause to the property against the moving party's need for the information. If the party seeking discovery fails to show both the relevance of the requested information and the need for the material in developing its case, there is no reason for the discovery request to be granted, and the trade secrets are not to be revealed.

Hill v. Eddie Bauer, 242 F.R.D. 556, 561 (USDC, C.D. CA 2007), *quoting* In re Remington Arms Company, Inc., 952 F.2d 1029, 1032 (8th Cir. 1991).

In the motion at bar, neither Amiga Delaware not Cairncross & Hempelmann has made any effort to meet its burden of proving that a trade secret might be disclosed if a response to Hyperion's subpoena is required. Thus, the motion to quash must be denied. Furthermore,

MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN - 8
Cause No: 07-0631-RSM

**LAW OFFICES OF**
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

while Hyperion has no general objection to the entry of a protective order if the standards for proving the need for one can be met, there is to date no basis upon which to conclude that such an order is warranted.

**C.  AMIGA DELAWARE HAS FAILED TO ESTABLISH THAT DEPONENT HAD INADEQUATE TIME TO RESPOND TO THE SUBPOENA DUCES TECUM**

With no explanation beyond the fact that the holidays intervened, movant and deponent have asserted that Cairncross & Hempelmann was not provided with sufficient time in which to respond to the subpoena duces tecum. First, as stated at Kinsel Dec., ¶ 2, Hyperion would have granted deponent additional time to respond if it had simply asked for it. Second, as a technical matter, Hyperion complied with the requirements of FRCP 45, as the subpoena was served 15 days prior to the response date. (Kinsel Dec., Ex. 1.) Third, the holidays have now passed, and that excuse no longer remains as a basis for *quashing* the subpoena duces tecum. Again, at most it merely provides grounds for an extension of time, and Hyperion has no objection to such a result. Thus, Hyperion suggests that the Court "modify" the subpoena duces tecum by allowing Cairncross & Hempelmann 14 days from the service on it of the Court's order on this motion in which to respond to said subpoena.

**D.  HYPERION'S SUPBOENA DOES NOT IMPOSE UNDUE BURDEN ON CAIRNCROSS & HEMPELMANN**

Amiga Washington's remaining grounds for objecting to the subpoena is the allegation that it imposes an undue burden on the deponent, Cairncross & Hempelmann. The standards relevant to an assessment of that assertion are as follows:

> [U]nder Rule 45(c)(3)(A), "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]" [cite omitted] and, in particular, requires the court to consider:
>
> > 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'

Moon, 232 F.R.D. at 637.

MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN - 9
Cause No:  07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

In the case at bar, the evidence available in the public record and as obtained from the parties indicates that Cairncross & Hempelmann is likely to have documents arising from one lawsuit and from some business transactions of Amiga Washington.  That lawsuit bears directly on the issue of Amiga Washington's insolvency, and the business dealings relate directly to the validity of the alleged transfers of that company's rights to Amiga Delaware.  Both of those issues were identified by this Court as key factual issues that led to its denial of Amiga Delaware's motion for a preliminary injunction. (*See* the Order, pp. 6-8 at Dkt. 40.)  Thus, Hyperion has a strong need to obtain this evidence.

In its motion to quash the subpoena, Amiga Delaware presents no *factual* evidence to support the contention that it would be unduly burdensome for the deponent to respond to the subpoena.  Instead, movant merely asserts that legal conclusion.  Likewise, Cairncross & Hempelmann provides no *factual* evidence to support the conclusory assertion that it would be unduly burdened by the obligation to respond.  The only thing that deponent and movant can rely upon in their motion, therefore, is that the subpoena requests "all" nonprivileged documents, and that it does not specify a temporal period.[2]  The *evidence* presented by Hyperion, however, demonstrates that Amiga Washington was active for only a five year period, and that there appear to be relatively few legal matters in which Cairncross & Hempelmann would have been involved. (*See generally* Kinsel Dec. and the exhibits attached thereto.)  Under these circumstances, the motion to quash fails both because of movant's failure to meet its burden of persuasion, and because of Hyperion's strong need for the evidence.

---

[2] In a subpoena of the type at issue here, a request for "all" documents is less burdensome for the deponent than one that makes numerous specific requests, for the latter approach requires the deponent to spend its time reviewing the documents for responsiveness.  By contrast, a request for all nonprivileged documents merely requires Cairncross and Hempelmann to pull its attorney notes, legal research, internal memoranda, and client correspondence clips, and to put the remainder in a conference room for Hyperion's counsel to review.

**MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN** - 10
**Cause No: 07-0631-RSM**

LAW OFFICES OF
**WILLIAM A. KINSEL, PLLC**
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

## IV.   CONCLUSION

For all of the above reasons, Hyperion asks the Court to deny the motion to quash, and to overrule the objections of deponent Cairncross & Hempelmann.  Hyperion suggests that the Court "modify" the subpoena by allowing deponent 14 days after the service upon it of the order on this motion in which to respond to said subpoena.  Otherwise, no modifications of the subpoena are justified, as the movant has failed to meet its burden of establishing that the subpoena is unduly burdensome in any respect.

DATED this 8th day of January, 2008.

      KINSEL LAW OFFICES, PLLC

By: /s/ William A. Kinsel
    William A. Kinsel, WSBA #18077
Attorney for Defendant Hyperion VOF
    William A. Kinsel, Esq.
    Kinsel Law Offices
    2025 First Avenue, Suite 440
    Seattle, WA  98121
    Phone: (206) 706-8148
    Fax:    (206) 374-3201
    Email: wak@kinsellaw.com

529p.doc

MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM TO CAIRNCROSS & HEMPLEMANN - 11
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148