

**HON. RICARDO MARTINEZ**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMIGA, INC., a Delaware corporation,

     Plaintiff,

v.

HYPERION VOF, a Belgium corporation,

     Defendant/Counterclaim Plaintiff,

v.

ITEC, LLC, a New York Limited Liability
Company,

     Counterclaim Defendant.

CAUSE NO. CV07-0631RSM

**AMIGA, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO
QUASH HYPERION'S SUBPOENA
DUCES TECUM TO CAIRNCROSS
HEMPELMAN, P.S.**

AMIGA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO QUASH HYPERION'S SUBPOENA DUCES TECUM
TO CAIRNCROSS HEMPLEMAN, P.S.
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1
2
## I.    PRELIMINARY STATEMENT

3
In opposing the motion by Plaintiff Amiga, Inc. ("Amiga") to quash the *subpoena duces*

4
*tecum* ("Subpoena") to Cairncross & Hempelmann P.S. ("Cairncross"), Defendant Hyperion

5
VOF ("Hyperion") utterly fails to explain why it needs "***all documents***" in Cairncross's

6
possession relating to its client, Amino Development Corporation, formerly known as Amiga,

7
Inc. ("Amino Development"), which in October 2003 sold substantially all or all of the assets it

8
then owned to Amiga.  In contrast, Amiga has demonstrated that the Subpoena is overly broad

9
and unduly burdensome on its face.  The Subpoena lacks the slightest degree of specificity and

10
allowed only five business days in the midst of holidays for compliance by a non-party law firm

11
that is obligated to review every document for privilege and work product and give Amiga's

12
counsel the opportunity to re-review the documents, not only for privilege and work product, but

13
also for relevance and trade secrets, among other things.

14
Ironically, Hyperion now finds itself able to specify at least a few particular categories of

15
documents that it argues are potentially relevant, but which Hyperion failed to specify in its

16
overly broad and totally unspecific request for "all documents."  However, Hyperion's belated

17
attempt to specify a few potentially relevant categories of documents does not entitle Hyperion to

18
engage in a fishing expedition and peruse every non-privileged document that Cairncross has

19
relating to its client.  The Subpoena should be quashed and a protective order issued to ensure

20
confidential treatment of trade secrets and other proprietary materials.

21
Hyperion also acts as though it has moved to compel Cairncross's compliance with the

22
Subpoena and that Cairncross has somehow failed to demonstrate overbreadth, undue burden or

23
the existence of trade secrets among the documents requested.  While Cairncross has served

24
Objections to the Subpoena in order to preserve its rights and the rights of its client (Dkt # 87),

25
26
27

AMIGA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO QUASH HYPERION'S SUBPOENA DUCES TECUM
TO CAIRNCROSS HEMPLEMAN, P.S. - 1
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1    Hyperion has **not** moved to compel compliance, and Cairncross has no obligation, burden or

2    even direct connection with this motion.  *See* FRCP 45(c)(2)(B).

3                                II.     <u>ARGUMENT</u>

4         A.    **The Subpoena Is Overbroad And Unduly Burdensome On Its Face**

5         "While discovery is a valuable right and should not be unnecessarily restricted, the

6    'necessary' restriction may be broader when a nonparty is the target of discovery."  *Dart*

7    *Industries v. Westwood Chemical Co.*, 649 F. 2d 646, 649 (9th Cir. 1980) (citation omitted).  A

8    blunderbuss approach is particularly inappropriate where the subpoenaed non-party is a law firm

9    that has provided advice, counseling and representation in litigation, and its files undoubtedly

10   contain privileged materials and work product.  *See Williams v. Dallas*, 178 F.R.D. 103, 109-110

11   (N.D. Tex 1998)

12

13        Undue burden can be found when a subpoena is facially overbroad.  *See Briggs v. Am.*

14   *Laser Ctrs. of Vancouver, LLC*, 2007 U.S. Dist. LEXIS 52226. *6-7 (W.D. Wash. 2007), citing

15   *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *see also Williams v. City*

16   *of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)  A subpoena that lacks any specificity with

17   regard to the date and the subject matter of the categories of documents requested and instead

18   requests **all documents** regarding a party to a suit, is on its face overbroad and burdensome.  *See*

19   *Moon v. SCP Pool Corporation*, 232 F.R.D. 633 (C.D. Cal 2005) – **cited by Hyperion** at

20   Opposition, p.7.  In *Moon*, the plaintiffs subpoenaed a non-party seeking all documents relating

21   to all winter pool covers, the subject of the dispute, over a ten-year period.  The court quashed

22   the subpoena.  *Id.* at 637-38.  It did not require specific facts regarding the burden of producing

23   the requested documents because the broad nature of the request was sufficient to establish that

24   the subpoena was beyond the scope of permissible discovery.  *Accord Mattel Inc. v. Walking Mt.*

AMIGA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO QUASH HYPERION'S SUBPOENA DUCES TECUM
TO CAIRNCROSS HEMPLEMAN, P.S. - 2
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1  *Prods.*, 353 F.3d 792, 813 (9th Cir. 2003); *see also In re Ashworth, Inc. Sec. Litig.*, 2002 U.S.

2  Dist. LEXIS 27991, *16--17 (S.D. Cal. 2002)

3      Hyperion's Subpoena for "All documents, not privileged, related to Amiga, Inc., a

4  Washington corporation, a/k/a Amino Development" seeks all files (excluding privileged

5  documents) that Cairncross maintained regarding Amino Development during the seven and one-

6  half year period that Cairncross served as its counsel.  *See* Declaration of Robert Seidel. ("Seidel

7  Decl.") at ¶ 2.  Hyperion's Subpoena, which makes absolutely no attempt to tailor or narrow the

8  request to topics, claims or defenses relevant to this lawsuit, is facially overbroad and

9  burdensome and should be quashed.

10      Contrary to Hyperion's assertion that Cairncross merely served as counsel to Hyperion

11  for a brief period during one litigation, Cairncross served as Amino Development's counsel to

12  for seven and one-half years, including three and one-half as Amino Development's primary

13  counsel, representing Amino Development in a variety of matters.  Seidel Decl. at ¶ 2.  Thus, as

14  written the Subpoena would require the production of voluminous files covering matters

15  irrelevant to this litigation.

16      Cairncross currently has seven boxes of documents relating to Amino Development.  *Id.*

17  at ¶ 3.  Amiga, which purchased nearly all of Amino Development's assets as of October 2003,

18  now has a proprietary interest in the information in these documents and must review every

19  document to ensure that no proprietary or trade secret information is being produced.  *See*

20  *Ashworth*, 2002 U.S. Dist. LEXIS 27991, *17.  That will take much more time and impose

21  substantial burden.  If Hyperion's Subpoena were more focused and tailored to the issues of this

22  lawsuit, both Cairncross and Amiga would have many fewer documents to review for potential

23  production.  As such, the Subpoena is overly broad, unduly burdensome and should be quashed.

AMIGA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO QUASH HYPERION'S SUBPOENA DUCES TECUM
TO CAIRNCROSS HEMPLEMAN, P.S. - 3
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

**B.    Hyperion Does Not Need <u>All</u> Cairncross Files On Amino Development**

Hyperion's opposition fails to establish why it needs ***all documents*** relating to Amino Development.  Hyperion spends nearly four pages of its opposition arguing that Cairncross may have some relevant documents, but that does not entitle Hyperion to ***all*** non-privileged documents from a seven and one-half year attorney client relationship.  Hyperion's Opposition specifically identifies four categories of documents supposedly relevant to the lawsuit that it believes Cairncross may have.  However, Hyperion should have specifically listed these categories in the Subpoena instead of its sweeping request for all documents relating to Amino Development.  Apparently Hyperion wants to see what else might be in Cairncross' file on Amino Development.  This Court should not condone such a fishing expedition.

**C.    The Subpoena Did Not Allow Sufficient Time For Compliance**

When a subpoena fails to allow enough business days for the deponent to review and respond to the subpoenas the subpoena should be quashed under FRCP 45(c)(3)(A)(i).  *See Watson v. State,* 2006 U.S. Dist. LEXIS 55206, *2-3 (D. Mont. 2006).  Here, the Subpoena was served on Cairncross on December 21, 2007.  *See,* Ex. 1, p. 6 of Kinsel Dec.; *see also* Seidel Dec. at ¶ 5.  The Cairncross offices were closed on December 24 and 25, 2007 and were again closed on January 1, 2008 (mirroring this Court's holiday schedule).  Seidel Decl. at ¶ 6.  Thus, Cairncross and Amiga had only had five business days for both firms to review seven boxes of documents – an insufficient amount of time for either firm, let alone both, to conduct such a review  *Id.* at ¶ 4.

Hyperion belatedly asserts that if Cairncross had "expressed concerns about the Subpoena, Hyperion would have agreed to a request for additional time in which to respond to the Subpoena, and Hyperion would have informed the firm that it should feel free to assert the attorney/client privilege with respect to its billing records."  Opposition at p. 3, citing Kinsel

AMIGA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO QUASH HYPERION'S SUBPOENA DUCES TECUM
TO CAIRNCROSS HEMPLEMAN, P.S. - 4
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Dec., ¶ 2.  That does not correct the Subpoena's defects, nor does it address the burden and inadequacy of the time frame for Amiga.  Hyperion's demand was unreasonable, abusive and unnecessary in the first instance.  There is no meet and confer requirement in Rule 45, and Cairncross was entitled to object, and *Amiga* certainly was entitled to move without seeking additional time for *Cairncross* to comply.  If Hyperion intended to provide more time, why did it not do so in the first place?

### D.    If There Are Any Trade Secrets In The Requested Documents, They Should Not be Produced Without a Protective Order

Hyperion erroneously asserts as a defense that neither Cairncross nor Amiga has provided any factual support that Cairncross has possession of trade secrets.  First, Cairncross is in no position to determine whether it has Amiga trade secrets in its files.  That is up to Amiga.  Cairncross merely objected to the Subpoena to preserve the protection for any documents that it might have that might contain trade secrets, and nothing in Rule 45 requires factual support for its objection.

Second, Amiga has not yet reviewed the documents for trade secrets.  Amiga merely seeks to preserve its right not to have any trade secrets that might exist within any legitimately relevant documents produced to its competitor without an appropriate protective order in place – something particularly appropriate where, as here, the confidential information would be going to a direct competitor.  *See, Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) ("responding parties are entitled to protection from 'undue burden' in discovery, including protection from misuse of trade secrets by competitors").  Given Cairncross's seven and one-half years as Amino Development's counsel, some of the documents in Cairncross' possession relating to Amino Development's computer hardware and software business are

AMIGA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO QUASH HYPERION'S SUBPOENA DUCES TECUM
TO CAIRNCROSS HEMPLEMAN, P.S. - 5
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1    bound to contain trade secrets.  These should not be produced until a protective order is in place.

2    *See* FRCP. 45(c)(3)(A)(iii).

3                              **III.    CONCLUSION**

4         Amiga respectfully requests that this Court issue a protective order quashing the

5    Subpoena.

6

7         DATED January 11, 2008.

8                               /s/ Lawrence R. Cock
                                Lawrence R. Cock, WSBA No. 20326
9                               CABLE, LANGENBACH, KINERK & BAUER, LLP
                                Suite 3500, 1000 Second Avenue Building
10                              Seattle, Washington 98104-1048
                                (206) 292-8800 phone
11                              (206) 292-0494 facsimile
                                lrc@cablelang.com
12

13                              /s/ Lance Gotthoffer
                                Lance Gotthoffer (Pro Hac Vice), NYBA No. 1088186
14                              Jeffrey M. Tamarin (Pro Hac Vice), NYBA No. 1935071
15                              REED SMITH LLP
                                599 Lexington Avenue
16                              New York, NY 10022
                                Telephone:  212.521.5400
17                              Facsimile:  212.521.5450
                                lgotthoffer@reedsmith.com
18                              jtamarin@reedsmith.com

19

20

21

22

23

24

25

26

27

AMIGA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO QUASH HYPERION'S SUBPOENA DUCES TECUM
TO CAIRNCROSS HEMPLEMAN, P.S. - 6
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1

## CERTIFICATE OF SERVICE

2

3

        I hereby certify that on January 11, 2008, I electronically filed the foregoing with the

4

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

5

following:

6

7

        William A. Kinsel

8      Law Offices of William A. Kinsel, PLLC
        Market Place Tower

9      2025 First Avenue, Suite 440
        Seattle, WA  98121

10

11      A copy was also served by hand delivery on January 11, 2008.

12

13                                  /s/      Lawrence R. Cock
                                   Lawrence R. Cock, WSBA No. 20326
14                                 Attorney for Plaintiff Amiga, Inc.
                                   CABLE, LANGENBACH, KINERK & BAUER, LLP
15                                 Suite 3500, 1000 Second Avenue Building
                                   Seattle, Washington 98104-1048
16                                 (206) 292-8800 phone
                                   (206) 292-0494 facsimile
17                                 lrc@cablelang.com

18

19

20

21

22

23

24

25

26

27

AMIGA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO QUASH HYPERION'S SUBPOENA DUCES TECUM
TO CAIRNCROSS HEMPLEMAN, P.S. - 7
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800