UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>HYPERION VOF, a Belgium corporation,<br><br>          Defendant. | CASE NO. C07-631RSM<br><br>ORDER ON MOTION TO DISMISS OR TRANSFER |

This matter is before the Court pursuant to the motion of counterclaim defendant Itec, LLC ("Itec") to dismiss the claims asserted against it, or in the alternative to transfer the counterclaims to the United States District Court for the Southern District of New York. Dkt. # 71. Defendant Hyperion VOF ("Hyperion") has opposed the motion, and plaintiff Amiga, Inc., has not filed any response. The Court deems oral argument on this motion unnecessary. For the reasons set forth below, the Court shall grant the motion to dismiss the counterclaims, and dismiss them without prejudice.

## BACKGROUND AND DISCUSSION

Plaintiff Amiga, Inc., a Delaware corporation, filed this action on April 26, 2007, alleging claims of breach of contract, trademark infringement, trademark dilution, false designation of origin, and unfair competition. Dkt. # 1. Venue was laid in this district pursuant to a provision in a November 3, 2001 agreement between Amiga, Inc., a Washington corporation, and defendant Hyperion, a Belgian

ORDER ON MOTION TO DISMISS OR
TRANSFER - 1

corporation ("the Agreement"), regarding development of OS 4.0, a new operating system. Plaintiff asserts that it is the successor in interest to all rights, title and interest in that Agreement, having acquired all assets of Amiga Inc. (the Washington corporation) in 2004, under the corporate name of KMOS, Inc. Complaint, ¶ 4. KMOS, Inc. later changed its name to Amiga, Inc. (the Delaware corporation). *Id*.

The day after the complaint was filed, plaintiff moved for a preliminary injunction. Dkt. # 3. Hyperion opposed the motion, asserting that there were serious questions regarding the propriety of the transfer of rights in the Agreement from Amiga, Inc., the Washington corporation, to Amiga, Inc., the Delaware corporation, due to the Washington corporation's insolvency and an intermediate assignment to Itec, LLC. The Court denied the preliminary injunction motion, finding that plaintiff's probability of success on the merits could not be evaluated due to uncertainty regarding the validity of Amiga, Inc.'s status as successor in interest to the original agreement. Dkt. # 38. The Court noted that not all facts had been made known to the Court, and that the record contained conflicting versions of various documents, as well as unauthenticated e-mails, and hearsay. Dkt. # 38, p. 7. The Court also expressed concern that the entity Itec, LLC, was not mentioned by plaintiff in the complaint or the motion; only in reply did plaintiff state that "[i]n April 2003, Amiga Washington assigned its rights under the Agreement to Itec." Dkt. # 35, Declaration of Bill McEwen, ¶ 12.[1] It appears from later documents that the date of that assignment or transfer was April 23, 2003. *See*, note 1 below. On April 24, 2003, Itec and Hyperion entered into a contract regarding the rights to the November 3, 2001 Agreement. Dkt. # 52. According to plaintiff, the rights were again transferred in October 2003, from Itec to KMOS, Inc. Declaration of Bill McEwen, Dkt. # 35, ¶ 13. As noted above, KMOS, Inc., later changed its name to become Amiga Inc., the Delaware corporation.

Noting the above uncertainties regarding rightful successorship to the Agreement, the Court denied plaintiff's motion for a preliminary injunction on June 11, 2007. On June 20, 2007, Itec tendered

---

[1] Plaintiff has filed a motion for leave to amend the complaint, which remains pending. The amended complaint seeks to disavow Mr. McEwen's statement regarding an assignment of rights to Itec, instead stating that "[o]n or about April 23, 2003, Itec reached a general overall agreement with Amiga Washington for the transfer and sale of all of Amiga Washington's right, title, and interest in its Operating System . . . to Itec." Proposed Amended Complaint, Dkt. # 82-2, ¶ 42.

ORDER ON MOTION TO DISMISS OR TRANSFER - 2

a check in the amount of $25,000 to Hyperion, demanding delivery of the intellectual property that was the subject of the 2001 Agreement. As a result, defendant moved on June 26, 2007, for leave to file an amended answer, bearing counterclaims against Itec. On July 6, before defendant's motion for leave to file an amended answer was ripe for consideration, Itec commenced an action for breach of contract against Hyperion in a New York state court. Dkt # 52. The state court complaint asserts rights to the 2001 Agreement, based on Hyperion's argument in this action that one or more of the transfers of rights in the Agreement were not effective. The complaint alleges that "[i]f the rights to the OS 4.0 were not effectively transferred to KMOS under the agreement between Itec and KMOS, then they remain with Itec." Verified Complaint, Dkt. # 53, ¶ 18.

On September 6, 2007, the Court granted Hyperion's motion for leave to amend the answer and assert counterclaims against Itec, noting that joinder was appropriate because "Itec claims an interest relating to the subject of this action, and defendant may otherwise incur inconsistent obligations relating to this party's interest." Dkt. # 65, *citing* F.R.Civ.Proc. 19(a)(2). Hyperion promptly filed the amended answer and counterclaims. Itec has responded with this motion to dismiss for lack of personal jurisdiction or, in the alternative, to bifurcate the case and transfer the counterclaims to the United States District Court for the Southern District of New York. Hyperion has opposed the motion, but defendant Amiga, Inc. has filed neither joinder in, nor opposition to, the motion.

## ANALYSIS

Counterclaim defendant Itec has moved to dismiss the counterclaims for lack of personal jurisdiction pursuant to Fed. R. Civ. P 12(b)(2). In response to a motion to dismiss for lack of personal jurisdiction, the plaintiff (or here, the defendant Hyperion, as counterclaim plaintiff) bears the burden of demonstrating that jurisdiction over a defendant is appropriate. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). Where, as here, the motion to dismiss is based on the record rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to avoid dismissal. *Id*. While the plaintiff may not simply rely on the bare allegations of its complaint, uncontroverted allegations in the complaint are taken as true. *Schwarzenegger v. Fred Martin Motor*

ORDER ON MOTION TO DISMISS OR
TRANSFER - 3

*Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.*; *Dole*, 303 F.3d at 1108.

There is no dispute that Itec, a New York limited liability company, is not a forum resident. Thus, the question of whether personal jurisdiction exists over Itec is governed by Washington's long-arm statute, RCW 4.28.185, or Fed. R. Civ. P. 4(k)(2), both of which are coextensive with the outer limits of federal due process. *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain, Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002). Thus, the Court need only determine whether jurisdiction in this district comports with due process. Due process requires that a non-resident defendant have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be specific or general. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n. 8-9 (1984). Specific jurisdiction arises where a cause of action results from a defendant's contacts with the forum state. *Id.* at 414 n.8. General jurisdiction arises where a cause of action is unrelated to a defendant's contacts with the forum state, but because the defendant has had pervasive, continued and systematic contacts with the forum state, there is justification to exercise jurisdiction over any action of the defendant within the forum state. *Id.* at 414 n.9.

There is no evidence that Itec has maintained the type of pervasive, continued, and systematic contacts with Washington State so as to submit to the general jurisdiction of this court. Jurisdiction, if it exists, would be specific. In this circuit, the Court must apply a three-prong test to determine if specific jurisdiction exists: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or a resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Schwarzenegger*, 374 F.3d at 802 (citing *Calder v. Jones*, 465 U.S. 783

ORDER ON MOTION TO DISMISS OR TRANSFER - 4

(1984)); *Pebble Beach Co. v. Caddy*, 433 F.3d 1151, 1155 (9th Cir. 2006).  The burden is on the plaintiff to satisfy the first two prongs.  *Schwarzenegger* 374 F.3d at 802.  If the plaintiff meets this burden, then the burden shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id*.

Hyperion's counterclaims against Itec arise from the April 24, 2003 agreement between these two parties.  That agreement states, in relevant part,

> Hyperion confirms that for the receipt of 25,000.00 USD, Hyperion shall transfer the ownership of the Object Code, Source Code and intellectual property of OS 4.0 to Itec in accordance with the provisions of the November 1 [sic], 2001 agreement between Amiga, Hyperion and Eyetech and to the extent it can do so under existing agreements with their party developers whose work shall be integrated in OS 4.0.

Dkt. # 52, pp. 14-15.  Hyperion asserts that this agreement constitutes an assignment to Itec of the rights and obligations of the 2001 Agreement, including the jurisdiction and venue provisions, which laid venue in Washington State.  Itec argues that this is a simple contract of sale of the rights to OS 4.0; that it has never claimed to be an assignee of the 2001 Agreement between Amiga Inc., (the Washington corporation) and Hyperion, and that as a non-party to that Agreement it is not bound by its jurisdiction and venue provisions.  Declaration of John Grzymala, Dkt. # 73, ¶¶ 24, 25, 26, 27.

The Court cannot resolve this "assignment" versus "sale" dispute on the basis of the record now before it.  The issue has taken on proportions far beyond the scope of this motion, and forms one basis for plaintiff's pending motion for leave to amend the complaint.  However, it is not necessary for the Court to resolve that dispute, as regardless whether the April 24, 2003 agreement was an assignment of rights in OS 4.0 or a sale, there is no language in that agreement by which Itec consented to the jurisdictional and venue provisions of the November 3, 2001 Agreement between Amiga, Inc., and Hyperion.

The Court finds in this 2003 agreement between two non-residents of this forum, neither purposeful direction of activities toward Washington State, nor consummation of a transaction with this forum or resident thereof.  Nor has Itec performed some act by which it purposefully avails itself of the privilege of conducting activities in this forum, thereby invoking the benefits and protections of its laws

ORDER ON MOTION TO DISMISS OR TRANSFER - 5

1  The first test for specific jurisdiction is therefore not met. . *Schwarzenegger*, 374 F.3d at 802

2  Hyperion has pointed to a May, 2003 loan facility agreement in which Itec agreed to loan money to Amiga, Inc., the Washington corporation. Declaration of Evert Carton, Dkt. # 76, Exhibit A. Hyperion contends that this agreement and a subsequent security agreement dated July 3, 2003 demonstrate that Itec has had ongoing contact with this forum and with a resident of this forum. However, the requirement under the second part of the three-prong test for specific jurisdiction is that the claim must be one which arises out of or relates to the defendant's forum-related activities. *Id*. Hyperion's counterclaims against Itec arise from the April 24, 2003 agreement between these two parties, not from the May 2003 loan agreement between Itec and Amiga, Inc., the Washington corporation, which is not a party to this action.

Finally, Hyperion points to the fact that certain names keep recurring among the officers of the different corporations, Amiga, Inc. (Washington); Amiga, Inc., (Delaware); KMOS, and Itec. Bill McEwen, whose declaration has been quoted here several times, has signed documents as president of Amiga, Washington (Dkt. # 76, Exhibit A), and as acting president of Amiga, Inc., the Delaware corporation. Dkt. # 35. He is also acting president of Amino Development Corporation, which Hyperion has sued in a separate action, C07-1761RSM.[2][3] The April 24, 2003 agreement between Itec and Hyperion was signed on behalf of Itec by Dr. Pentti Kouri as "managing member". Dkt. # 52, p. 15. An October 7, 2003 stock purchase agreement and assignment of rights between Itec and KMOS, Inc., was signed by Pentti Kouri on both sides, as "managing partner" of the seller, Itec, and as president of purchaser KMOS, Inc. Dkt. # 52, p. 30. John Grzymala signed a declaration in this action as secretary of Itec. Dkt. # 80. He has also been identified as secretary of KMOS, Inc. Dkt. # 76, Exhibit E.

While the Court finds these inter-relationships potentially troubling, they do not provide any basis

---

[2] Hyperion contends that "Amino Development Corporation is "actually the renamed Amiga Washington." Dkt. # 75, p. 9.

[3] Hyperion, as plaintiff in the 07-1761RSM action, has moved for consolidation of that action with this one. The Court has determined that it shall address this motion to dismiss prior to ruling on the motion to consolidate.

ORDER ON MOTION TO DISMISS OR TRANSFER - 6

for this Court's exercise of personal jurisdiction over Itec. It is the citizenship, place of business, and business activities of the corporation to which the Court must look in determining personal jurisdiction, not the overlapping positions of the officers.

## CONCLUSION

Defendant Hyperion has failed to fulfill the burden of producing evidence to establish that Itec purposefully availed itself or directed activities toward Washington State, and that the cause of action alleged in the counterclaims arose from activities in this State. The Court cannot exercise specific jurisdiction over Itec without violating due process. Therefore, Itec's motion to dismiss the counterclaims against it for lack of personal jurisdiction is GRANTED. Such dismissal is without prejudice to Hyperion bringing those claims in a district in which Itec is subject to personal jurisdiction.

Dated this 17th day of January, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE