UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYPERION VOF, a Belgium corporation,<br><br>Defendant. | CASE NO. C07-631RSM<br><br>ORDER ON MOTION TO QUASH |

This matter is before the Court for a ruling on plaintiff's motion to quash. Dkt. # 88. Plaintiff has moved for an Order quashing a subpoena duces tecum issued to third party Cairncross Hempelman, P.S., former counsel for Amino Development Corporation and Amiga, Inc., the Washington corporation. Defendant has opposed the motion.

Plaintiff contends that the request to produce "all documents, not privileged, related to Amiga, Inc., a Washington Corporation, a/k/a Amino Development Corporation" is overly broad, that such production would be burdensome, and that the subpoena does not allow sufficient time to comply, particularly since the time allowed for compliance included several holidays. In response, defendant contends that plaintiff's "burdensome" argument is a conclusory allegation unsupported by any evidence that would demonstrate an actual burden. Plaintiff, in reply, states only that there are seven boxes of documents in the possession of Cairncross Hempelman, P.S. Declaration of Robert Seidel, Dkt. # 95.

The Court finds that the volume of documents is not overly large, and that any of those seven boxes are likely to contain documents relevant to the issues in this lawsuit and relating to the relevant

ORDER ON MOTION FOR EXPEDITED
DISCOVERY - 1

time frame, beginning sometime before the November 3, 2001 agreement and ending with the law firms's representation of Amiga, Inc. (Washington) in 2004.  Even after that, the law firm was involved with Amino Development Corporation ("Amino").  *Id*.  Amino has been sued by defendant in a separate lawsuit, and while the Court has declined to consolidate these cases for case management reasons, discovery may be expedited by the document production requested here.  The same counsel are representing the parties in the two matters, and plaintiff Amino has represented to the Court that there are no conflicts between it and Amiga, Inc.  *See*, *Hyperion VOF v. Amino Development Corporation,* C07-1761RSM, Dkt. # 17, p.5.    The Court thus finds that the scope of the document request is not overly broad, and that any burden to the third party deponent is greatly outweighed by the potential value of the discovery to the defendant.  *Moon v. SCP Pool Corp*., 232 F.R.D. 633, 637 (C.D .Cal. 2005).  Defendant has offered to minimize any burden by reviewing the documents at the deponent law firm's office before they are copied, to identify which ones are actually needed.

Accordingly, plaintiff's motion to quash is DENIED.  Deponent shall comply with the subpoena for document production within 15 days of the date of this Order.

DATED this 17th day of January 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR EXPEDITED
DISCOVERY - 2