UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>and<br><br>HYPERION VOF, a Belgium corporation,<br><br>    Defendant. | CAUSE NO. CV07-0631RSM<br><br>**AMIGA, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Note on Motion Calendar: February 22, 2008 |

## **MEMORANDUM OF LAW**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, plaintiff Amiga, Inc., a Delaware corporation ("Amiga Delaware"), seeks dismissal of two of the Amended Counterclaims asserted by defendant Hyperion VOF ("Hyperion"): Cause No. 6, which alleges trademark infringement in violation of 15 U.S.C. § 1114(1) and dilution in violation of 15 U.S.C. § 1125(c), and Cause No. 7, which purports to allege false designation of origin in violation of 15 U.S.C. § 1125(a). These Amended Counterclaims should be dismissed for failure to state a claim upon which relief can be granted.

MOTION FOR JUDGMENT ON THE PLEADINGS - 1
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Dockets.Justia.com

**PRELIMINARY STATEMENT**

Hyperion has failed to plead – and indeed cannot plead – that it is the "registrant" of a "registered mark" being infringed by Amiga Delaware. These are requisite elements of Hyperion's amended counterclaim for trademark infringement under 15 U.S.C. § 1114(1), as asserted in Hyperion's Cause No. 6. Hyperion has similarly failed to allege that it is the "owner" of a "famous mark" being diluted by Amiga Delaware – a requisite element of Hyperion's amended counterclaim for dilution under 15 U.S.C. § 1125(a), also asserted in Hyperion's Cause No. 6. Instead, Hyperion alleges that, along with Eyetech Group Ltd. ("Eyetech"), an English corporation, Hyperion is a *mere licensee* with respect to certain use of "Amiga OS" as a mark. Since a licensee is neither a "registrant" nor an "owner" within the meaning of §§ 1114(1) and 1125(a), respectively, Hyperion lacks standing to bring these claims and its pleading of Cause No. 6, the amended counterclaim for infringement and dilution, is defective as a matter of law.

Furthermore, the very provision of the agreement under which Hyperion purports to derive its alleged trademark rights refutes its contention that *Hyperion* is named as a licensee. To the extent that § 2.07 of the November 3, 2001 (OEM) License and Software Development Agreement (the "Agreement")[1] grants purported trademark rights claimed in Hyperion's Amended Counterclaims, any such rights are granted to the "Amiga One Partners" -- a juridical entity separate from Hyperion, comprising Hyperion and Eyetech – a fact Hyperion concedes (Amended Counterclaims ¶ 40(a)). Accordingly, both Cause No. 6 (for infringement and dilution) and Cause No. 7 (for false designation of origin) should be dismissed pursuant to Rules 17 and 19 of the Federal Rules of Civil Procedure, because Hyperion is not the real party in interest and/or Hyperion has failed to join Eyetech, a necessary party.

---

[1] The Agreement is Exhibit A to the Complaint and is referenced throughout the Counterclaims.

MOTION FOR JUDGMENT ON THE PLEADINGS - 2
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

# ARGUMENT

## POINT 1

### HYPERION'S CAUSE NO. 6 FAILS TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

**A. Hyperion's Pleading Fails To Allege That Hyperion Is The "Registrant" Of A Federally "Registered Mark" Being Infringed By Amiga Delaware – Requisite Elements Under 15 U.S.C. § 1114(1)**

Cause No. 6 of Hyperion's Amended Counterclaims, which alleges trademark infringement under 15 U.S.C. § 1114(1), should be dismissed for failure to allege requisite elements of a claim upon which relief can be granted – specifically that Hyperion is the "registrant" of a federally "registered mark" being infringed by Amiga Delaware.

The Lanham Act permits civil actions for trademark infringement to be brought only by the "registrant" of a federally "registered mark." 15 U.S.C. § 1114(1). The terms "registrant" and "registered mark" are defined in 15 U.S.C. § 1127. "The term 'registered mark' means a mark registered in the United States Patent and Trademark Office . . . ." 15 U.S.C. § 1127.

Hyperion's pleading is defective because nowhere does it identify any "registered mark" that is registered in Hyperion's name. This failure – this inability – is unsurprising because, as a matter of public record, ***Amiga Delaware is the registrant*** of all relevant federally registered Amiga formative and related marks. (This was demonstrated as a matter of public record in connection with Amiga Delaware's previous Rule 12(c) motion for dismissal of Cause No. 6 and Cause No. 7 of Hyperion's original Answer and Counterclaims. *See* Dkt # 61, Patterson *Registration* Decl. ¶¶ 4-5, Ex. A).[2]

The infringement claim fails on its face.

---

[2] Amiga Delaware's previous Rule 12(c) motion against Hyperion's original Counterclaims was deferred by the Court in its Order granting Hyperion's motion to join Itec LLC ("Itec") as a counterclaim defendant and providing for Amiga Delaware to re-note the motion after Itec answered the Amended Counterclaims. Amiga Delaware has now re-noted the motion, this time directed against the Amended Counterclaims, because Itec has been dismissed from the action and will not be filing an Answer.

MOTION FOR JUDGMENT ON THE PLEADINGS - 3
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

### B. As A Matter Of Law, Hyperion Is Neither "Successor" Nor "Assign" With Respect To Any Registered AMIGA Trademark, By Virtue Of Any Limited License Purportedly Granted Under The Agreement Or Otherwise

Although the term "registrant" refers to the owner of the federal registration but also embraces "the legal representatives, predecessors, successors and assigns" of the registrant, 15 U.S.C. § 1127, as a matter of law, Hyperion is neither a successor nor an assign of Amiga Delaware, the current registrant, or any past registrant of any Amiga formative or related trademarks. Hyperion's only allegation remotely resembling an assertion of "registrant" status is its plea that, "Amiga Delaware's past and present use of the Amiga trademarks violates Hyperion's explicit contractual rights under the Agreement" (Amended Counterclaims, ¶ 69) – a reference to paragraph 9 of the Amended Counterclaims, which asserts that "[u]pon Amiga Washington's insolvency, the self-executing provision in § 2.07 of the Agreement transferred to Hyperion and Eyetech 'an exclusive, perpetual, world-wide and royalty free right and license to develop (at their sole expense), use, modify and market the Software and OS 4 under the "Amiga OS" trademark.'" (Amended Counterclaims, ¶ 9)

However, this allegation – that Hyperion and Eyetech are mere licensees with respect to certain uses of "Amiga OS" as a mark – is insufficient for Hyperion to maintain a claim for trademark infringement under § 1114(1), since a mere licensee is not a "registrant" – or the successor or assign of a registrant – within the meaning of the statute. *See Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1254 (E.D. Wa. 2004) (finding that the plaintiff had no standing to bring a § 1114(1) claim because it was a licensee with no property interest in the mark or ownership rights in the registration).

Any such limited grant of rights under § 2.07 of the Agreement – to "market the Software and OS 4 under the 'Amiga OS' trademark" (*i.e.*, to sell a new version of an old operating system under the "Amiga OS" brand) – is a far cry from an assignment transferring all rights in

MOTION FOR JUDGMENT ON THE PLEADINGS - 4
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

an unspecified AMIGA trademark registration, necessarily covering a wide range and variety of goods extending well beyond just a new version of an old operating system. The same holds for any limited grant of rights under § 2.08 of the Agreement (which is not even mentioned or referenced in the Amended Counterclaims) – also to "market the Software and OS 4 under the 'Amiga OS' trademark" – which also does not constitute an assignment transferring all rights in any federal registration of any AMIGA trademark. Indeed, an assignment of a registration would necessarily require far greater specificity – if only to identify what registration was being assigned.

Simply put, whatever trademark license may or may not have been granted was *not* an assignment to Hyperion of any trademark registration, and Hyperion is *not* the "registrant" of any federally "registered mark." Accordingly, this Court should dismiss Hyperion's sixth counterclaim on the pleadings.

### C. The License Alleged By Hyperion Would Run Only To The "Amiga One Partners," Not To Hyperion Or Eyetech Individually, Pursuant To The Express Terms Of The Agreement

Even if a mere licensee were entitled to maintain an infringement action under 15, U.S.C. § 1114(1) – which a mere licensee cannot – the very provision of the Agreement upon which Hyperion purports to rely, § 2.07, actually refutes Hyperion's allegation that "Hyperion and Eyetech" are licensees with respect to certain use of "Amiga OS" as a mark. Contrary to Hyperion's allegations, neither Hyperion nor Eyetech is named as a trademark licensee under that provision. Rather, § 2.07 of the Agreement, entitled "Bankruptcy," states in its entirety:

> In the event Amiga files for bankruptcy or becomes insolvent, the *Amiga One Partners* are granted an exclusive, perpetual, world-wide and royalty free right and license to develop (at their sole expense), use, modify and market the Software and OS 4 under the "Amiga OS" trademark.

MOTION FOR JUDGMENT ON THE PLEADINGS - 5
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

(Emphasis added).³  Notably, Article I of the Agreement states that "*'Amiga One Partners'* means Eyetech and Hyperion collectively" (emphasis added), and the second "WHEREAS" clause in the "RECITALS" section of the Agreement states:  "WHEREAS Hyperion has *partnered* with Eyetech Ltd. in the Amiga One project . . ." (emphasis added).

Hyperion, itself, admits in paragraph 40(a) of its Amended Counterclaims that, to the extent the Agreement grants any purported trademark rights, those rights are granted *solely to the "Amiga One Partners."*  Thus, Hyperion necessarily concedes that it lacks standing individually to bring any claim at all against Amiga Delaware based on the alleged licensee pursuant to § 2.07 of the Agreement.  *See Seltzer v. Chadwick*, 26 Wash. 2d 297, 301, 173 P.2d 991 (1946) ("In order to maintain an action upon a partnership asset, the partners must be joined as parties to the action"); *see also Cheesman v. Sathre*, 45 Wash. 2d 193, 203, 273 P.2d 500 (1954).  This requirement was based upon the rule that a "partnership cannot sue or be sued apart from its members."  *Seltzer*, 26 Wash. 2d at 301 (quoting *Yarbrough v. Pugh*, 63 Wash. 140, 145, 114 P. 918 (1911)).

### D. Hyperion's Trademark Infringement Counterclaim Should Be Dismissed Pursuant To Rules 17(a) And 19 Because Hyperion Is Not The Real Party In Interest And Has Failed To Join A Necessary Party

Hyperion's Amended Counterclaim for trademark infringement also should be dismissed because Hyperion is not the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure and because Hyperion has failed to join a necessary party to this litigation pursuant to Rule 19.  Both rules must be satisfied before Hyperion can proceed with its Amended Counterclaim for trademark infringement against Amiga Delaware.  *See U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986).  Here, since Hyperion acknowledges that the

---

³ The same is true for § 2.08 of the Agreement, which provides in pertinent part:  "In the event Amiga decides to halt development of the Classic Amiga OS for the Target Hardware, the Amiga One Partners are granted an exclusive, perpetual, worldwide right and license to develop, use, modify and market the Software and OS 4 under the 'Amiga OS' trademark and at their sole expense."

MOTION FOR JUDGMENT ON THE PLEADINGS - 6
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

Amiga One Partners, and not Hyperion, individually, is the real party in interest, and since Hyperion has failed to join a necessary party to this action – Eyetech – Hyperion lacks standing to sue in this matter as a matter of law. Although Hyperion characterizes § 2.07 of the Agreement as granting a license to "Hyperion and Eyetech" (*see* Amended Counterclaim ¶ 9), this Court should disregard averments in the Amended Counterclaims that contravene and are contradicted by the language of the Agreement upon which Hyperion relies. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998). However, even if Hyperion's mischaracterization were correct, Eyetech still would be a necessary party under Rule 19, since, among other things, a judgment rendered in Eyetech's absence might be prejudicial to Eyetech or to those already parties to Hyperion's Cause No. 6. *See* Fed. R. Civ. P. 19(a).

Accordingly, the Amended Counterclaim for trademark infringement in Hyperion's Cause No. 6 should be dismissed with prejudice.

## POINT II

### CAUSE NO. 6 OF HYPERION'S AMENDED COUNTERCLAIMS FAILS TO STATE A CLAIM FOR TRADEMARK DILUTION

To the extent that Cause No. 6 of Hyperion's Amended Counterclaims purports to state a claim for trademark dilution under 15 U.S.C. § 1125(c), it should also be dismissed on the pleading. Under § 1125(c), only "***the owner of a famous mark*** . . . shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark . . . ." 15 U.S.C. §1125(c). Based on the plain language of the statute, the trademark owner is the exclusive party given the right to bring a trademark dilution claim. *See Thane Int'l v. Trek Bicycle Corp.*, 305 F.3d 894, 907 (9th Cir. 2002) (stating that trademark dilution under § 1125(c) "limits protection to the owners 'of a famous mark'") (citing 15 U.S.C. §1125(c)(1)); *see also Nissan Motor Co. v. Nissan Computer*

MOTION FOR JUDGMENT ON THE PLEADINGS - 7
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

*Corp.*, 378 F.3d 1002, 1012 (9th Cir. 2004) (stating the "point of dilution law is to protect the owner's investment in the mark").

### A. Hyperion's Pleading Fails To Allege That Hyperion Is The "Owner" Of A Famous Mark" Being Diluted By Amiga Delaware – Requisite Elements Under 15 U.S.C. § 1125(c)

Hyperion's Amended Counterclaim for trademark dilution under Cause No. 6 should be dismissed because it fails to allege that Hyperion is the "owner" of a "famous mark" being diluted by Amiga Delaware -- much as Hyperion's Amended Counterclaim for trademark infringement fails to allege that Hyperion is a "registrant" of a "registered mark." To the extent that Hyperion is claiming rights under a purported *license* pursuant to § 2.07 (or § 2.08) of the Agreement, Hyperion necessarily admits that it is *not the owner* of the allegedly licensed mark. (*See* Amended Counterclaims ¶¶ 9, 69)

When, as here, a party fails to allege that it is the owner of a famous mark, such as when a party alleges that it is a mere licensee of the mark at issue, courts have held that the party lacks standing to bring a dilution claim. *See Love v. The Mail on Sunday*, No. CV057798ABCPJWX, 2006 WL 4046180, at *14 (C.D. Cal. Aug. 15, 2006) (granting defendants' 12(b)(6) motion to dismiss plaintiff's federal dilution claim for lack of standing because the plaintiff was only an exclusive licensee of the mark and the "statute grants standing to sue only to the 'owner of the famous mark'").

### B. Hyperion's Trademark Dilution Counterclaim Should Be Dismissed Pursuant To Rules 17(a) And 19 Because Hyperion Is Not The Real Party In Interest And Has Failed To Join A Necessary Party

As described in Point I regarding the trademark infringement portion of Cause No. 6, Hyperion's Amended Counterclaim for trademark dilution should also be dismissed because Hyperion is not the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure and because Hyperion has failed to join a necessary party to this litigation pursuant to Rule 19.

MOTION FOR JUDGMENT ON THE PLEADINGS - 8
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

As described above, § 2.07 of the Agreement, on its face, actually refutes Hyperion's allegation that Hyperion and Eyetech are licensees for certain use of the "Amiga OS" trademark, and Hyperion itself has acknowledged that the Amiga One Partners, and not Hyperion, individually, is the real party in interest. (Counterclaims ¶ 40(a)) Furthermore, even if Hyperion's mischaracterization of § 2.07 of the Agreement as granting a license to Hyperion and Eyetech were correct, Eyetech still would be a necessary party under Rule 19. (*See* Point I.D, above)

Accordingly, the Counterclaim for trademark dilution should be dismissed with prejudice.

## POINT III

### HYPERION'S CAUSE NO. 7 FAILS TO STATE A CLAIM FOR FALSE DESIGNATION OF ORIGIN

Hyperion's Amended Counterclaim for false designation of origin in Cause No. 7 should be dismissed because it suffers from many of the same or similar pleading deficiencies as Hyperion's Amended Counterclaim for trademark infringement and dilution in Cause No. 6.

Again Hyperion bases its claim of trademark rights on the purported license allegedly granted under § 2.07 of the Agreement. Again, Hyperion's assertion of rights is refuted by the very section of the Agreement upon which it bases its claim. As discussed in Point I above, Hyperion is not named as trademark licensee under the provision of the Agreement upon which it relies. To the extent that any rights have allegedly been granted pursuant to § 2.07 (or § 2.08) of the Agreement, the Agreement expressly provides that any such rights are granted ***solely to the "Amiga One Partners,"*** and not to Hyperion, individually. Thus, Hyperion lacks standing to bring a claim for false designation of origin against Amiga Delaware. *See* Fed.R.Civ.P. 17(a) and 19. As discussed above, even if Hyperion's allegation in paragraph 9 of the Amended Counterclaims were correct that § 2.07 of the Agreement granted a license to "Hyperion and Eyetech" and not to the Amiga One Partners, as asserted in paragraph 40(a) of the Amended

MOTION FOR JUDGMENT ON THE PLEADINGS - 9
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1 Counterclaims and as set forth in the Agreement itself, Eyetech still would be a necessary party

2 under Rule 19. (*See* Point I.D, above)

3     Accordingly, the Amended Counterclaim for false designation of origin (Cause No. 7)

4 should be dismissed with prejudice.

5     DATED this the 31st day of January, 2008.

                /s/ Lawrence R. Cock
               Lawrence R. Cock, WSBA No. 20326
               CABLE, LANGENBACH, KINERK & BAUER, LLP
               Suite 3500, 1000 Second Avenue Building
               Seattle, Washington 98104-1048
               (206) 292-8800 phone
               (206) 292-0494 facsimile
               lrc@cablelang.com

               Jeffrey M. Tamarin
               Reed Smith LLP
               599 Lexington Avenue
               New York, New York 10022-7650
               Telephone: (212) 549-0371
               Fax: (212) 521-5450
               JTamarin@ReedSmith.com

               Lance Gotthoffer
               Reed Smith LLP
               599 Lexington Avenue
               New York, New York  10022
               Telephone: 212.549-0289
               Fax: 212.521-5450
               lgotthoffer@reedsmith.com

               Attorneys for Plaintiff Amiga, Inc.

MOTION FOR JUDGMENT ON THE PLEADINGS - 10
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William A. Kinsel
Law Offices of William A. Kinsel, PLLC
Market Place Tower
2025 First Avenue, Suite 440
Seattle, WA  98121

A copy was also served by hand delivery on January 31, 2008.

/s/
Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff Amiga, Inc.
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

MOTION FOR JUDGMENT ON THE PLEADINGS - 11
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800