UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>and<br><br>HYPERION VOF, a Belgium corporation,<br><br>    Defendant. | CAUSE NO. CV07-0631RSM<br><br>**AMIGA, INC.'S REPLY AND**<br>**<u>DEFENSES TO COUNTERCLAIMS</u>** |

Comes now Plaintiff/Counterclaim Defendant, Amiga, Inc. ("Amiga"), as and for its Reply to and Defenses against the Counterclaims of Hyperion VOF ("Hyperion") contained in Hyperion's Answer to the Amended Complaint, Affirmative Defenses and Counterclaims (Dkt# 105) (the "Counterclaims"), and respectfully avers as follows.

1.    Answering Paragraph 1 of the Counterclaims, admits that this Court has jurisdiction over this action, but denies that Hyperion correctly states the bases therefor.

2.    Answering Paragraph 2 of the Counterclaims, admits that Hyperion has stipulated to jurisdiction and venue in this District but denies that venue is proper in this District on the Counterclaims alleged by Hyperion and otherwise denies the allegations in Paragraph 2.

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 1
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1

3. Answering Paragraph 3 of the Counterclaims, denies that Amiga "purports to be a Delaware corporation" and avers that Amiga is a Delaware corporation.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Counterclaims.

5. Admits the allegations in Paragraph 5 of the Counterclaims.

6. Admits the allegations in Paragraph 6 of the Counterclaims.

7. Denies the allegations in Paragraph 7 of the Counterclaims.

8. Denies the allegations in Paragraph 8 of the Counterclaims.

9. Denies the allegations in Paragraph 9 of the Counterclaims.

10. Answering Paragraph 10 of the Counterclaims, states that it is impossible to respond because the allegation assumes that Amiga Washington, as defined, was insolvent, and this assumption is not correct.

11. Answering Paragraph 11 of the Counterclaims, denies knowledge or information sufficient to form a belief as to Hyperion's knowledge and denies so much of the allegations in Paragraph 11 as asserts that Amiga Washington was insolvent.

12. Answering Paragraph 12 of the Counterclaims, admits that there was an agreement entered into on April 24, 2003 by Hyperion and Itec LLC, states that this agreement speaks for itself, and respectfully invites the Court's attention to that document for the complete terms thereof.

13. Denies the allegations in Paragraph 13 of the Counterclaims and avers that no such consent was required.

14. Denies the allegations in Paragraph 14 of the Counterclaims and avers that no such consent was required.

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 2
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

15. Denies the allegations in Paragraph 15 of the Counterclaims.

16. Denies the allegations in Paragraph 16 of the Counterclaims.

17. Denies the allegations in Paragraph 17 of the Counterclaims.

18. Denies the allegations in Paragraph 18 of the Counterclaims.

19. Denies the allegations in Paragraph 19 of the Counterclaims.

20. Denies the allegations in Paragraph 20 of the Counterclaims.

21. Denies the allegations in Paragraph 21 of the Counterclaims.

22. Answering Paragraph 22 of the Counterclaims, states that the documents referenced therein speak for themselves, respectfully invites the Court's attention to those documents for the complete terms thereof, and denies the remaining allegations in said Paragraph 22.

23. Answering Paragraph 23 of the Counterclaims, respectfully refers the Court to the Itec/KMOS Contract (as there defined), for the complete terms thereof, denies the implications that Hyperion purports to draw therefrom, and denies the remaining allegations in said Paragraph 23.

24. Denies the allegations in Paragraph 24 of the Counterclaims and states that all requisite consents were obtained.

25. Answering Paragraph 25 of the Counterclaims, states that the document was attached to the McEwen declaration in error, is not relevant hereto, does not purport to show what Hyperion claims it shows, and otherwise denies the remaining allegations in said Paragraph 28.

26. Denies the allegations in Paragraph 26 of the Counterclaims.

27. Denies the allegations in Paragraph 27 of the Counterclaims.

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 3
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

28. Denies the allegations in Paragraph 28 of the Counterclaims.

29. Denies the allegations in Paragraph 29 of the Counterclaims.

30. Admits the allegations in Paragraph 30 of the Counterclaims.

31. Admits so much of Paragraph 31 of the Counterclaims as alleges that KMOS merely changed its name to Amiga and that, as such, Amiga is KMOS, Inc.'s lawful successor, and denies the remaining allegations in said Paragraph 31.

32. Answering Paragraph 32 of the Counterclaims, states that it pleads a false hypothetical to which no response is possible or required and otherwise denies the allegations contained in said Paragraph 35 of the Counterclaims.

33. Denies the allegations in Paragraph 33 of the Counterclaims insofar as they pertain to Hyperion's prior and intended future conduct and insofar as said Paragraph 36 alleges that Amiga has no valid basis upon which to terminate the Licensing Agreement.

34. Denies the allegations in Paragraph 34 of the Counterclaims.

35. Denies the allegations in Paragraph 35 of the Counterclaims.

36. Denies the allegations in Paragraph 36 of the Counterclaims.

In response to Hyperion's purported "Cause No. 1", Amiga repeats and realleges its responses to Paragraphs 1-36 of the Counterclaims as if restated in full herein.

37. Answering Paragraph 37 of the Counterclaims, admits that Hyperion seeks a declaratory judgment under the November 3, 2001 Agreement, but denies that it is entitled to the declaratory relief prayed for; to any part thereof; or to any other relief.

38. Denies the allegations in Paragraph 38 of the Counterclaims.

In response to Hyperion's purported "Cause No. 2", Amiga repeats and realleges its responses to Paragraphs 1-38 of the Counterclaims as if restated in full herein.

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 4
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

39. Denies the allegations in Paragraph 39 of the Counterclaims.

40. Denies the allegations in Paragraph 40 of the Counterclaims.

41. Denies the allegations in Paragraph 41 of the Counterclaims.

42. Denies the allegations in Paragraph 42 of the Counterclaims.

43. Denies the allegations in Paragraph 43 of the Counterclaims.

44. Denies the allegations in Paragraph 44 of the Counterclaims.

45. Denies the allegations in Paragraph 45 of the Counterclaims.

46. Denies the allegations in Paragraph 46 of the Counterclaims.

47. Denies the allegations in Paragraph 47 of the Counterclaims.

48. Answering Paragraph 48 of the Counterclaims, denies that Hyperion is entitled to any other relief.

In response to Hyperion's purported "Cause No. 3", Amiga repeats and realleges its responses to Paragraphs 1-48 of the Counterclaims as if restated in full herein.

49. Answering the allegations in Paragraph 49 of the Counterclaims, states that the Itec/KMOS Contract was, in fact, entered into on October 10, 2003 and denies there remaining allegations in said Paragraph 49.

50. Denies the allegations in Paragraph 50 of the Counterclaims.

51. Denies the allegations in Paragraph 51 of the Counterclaims.

52. Denies the allegations in Paragraph 52 of the Counterclaims.

53. Answering Paragraph 53 of the Counterclaims, denies that Hyperion is entitled to the relief sought, to any part thereof, or to any other relief.

54. Answering Paragraph 54 of the Counterclaims, denies that Hyperion is entitled to any other relief.

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 5
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

In response to Hyperion's purported "Cause No. 4", Amiga repeats and realleges its responses to Paragraphs 1-54 of the Counterclaims as if restated in full herein.

55. Paragraph 55 contains an assertion of law to which no responsive pleading is required.

56. Denies the allegations in Paragraph 56 of the Counterclaims.

57. Denies the allegations in Paragraph 57 of the Counterclaims.

58. Paragraph 58 is incomprehensible, and no responsive pleading can be framed thereto. To the extent that it purports to allege that in discovery "additional breaches of contract by Amiga may be discovered", Amiga denies said allegation; to the extent that it purports to allege that in discovery "additional breaches of contract by Hyperion may be discovered", Amiga admits such allegation.

59. Answering Paragraph 59 of the Counterclaims, denies that Hyperion is entitled to the relief there sought; to any part thereof; or to any other relief.

In response to Hyperion's purported "Cause No. 5", Amiga repeats and realleges its responses to Paragraphs 1-59 of the Counterclaims as if restated in full herein.

60. Answering Paragraph 60 of the Counterclaims, denies that Amiga has made the misrepresentations pled therein or any other misrepresentations.

61. Denies the allegations in Paragraph 61 of the Counterclaims.

62. Denies the allegations in Paragraph 62 of the Counterclaims.

In response to Hyperion's purported "Cause No. 6", Amiga repeats and realleges its responses to Paragraphs 1-62 of the Counterclaims as if restated in full herein.

63. Denies the allegations in Paragraph 63 of the Counterclaims.

64. Denies the allegations in Paragraph 64 of the Counterclaims.

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 6
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

65. Denies the allegations in Paragraph 65 of the Counterclaims.

66. Denies the allegations in Paragraph 66 of the Counterclaims.

67. Denies the allegations in Paragraph 67 of the Counterclaims.

68. Denies the allegations in Paragraph 68 of the Counterclaims.

69. Denies the allegations in Paragraph 69 of the Counterclaims.

70. Admits so much of Paragraph 70 as alleges that Hyperion is asking the Court to enjoin Amiga from continuing specified acts and to award Hyperion monetary damages, but denies that Hyperion is entitled to such relief to any part thereof, or to any other relief.

In response to Hyperion's purported "Cause No. 7", Amiga repeats and realleges its responses to Paragraphs 1-70 of the Counterclaims as if restated in full herein.

71. Denies the allegations in Paragraph 71 of the Counterclaims.

72. Denies the allegations in Paragraph 72 of the Counterclaims.

73. Denies so much of Paragraph 73 as alleges that Amiga has engaged in acts constituting a false designation of origin or that it has violated the Lanham Act or any other applicable law.

In response to Hyperion's purported "Cause No. 8", Amiga repeats and realleges its responses to Paragraphs 1-73 of the Counterclaims as if restated in full herein.

74. Answering Paragraph 74 of the Counterclaims, states that said Paragraph 74 contains an assertion of law to which no responsive pleading is required and that the document referenced therein speaks for itself, and respectfully invites the Court's attention to that document for the complete terms thereof.

75. Answering Paragraph 75 of the Counterclaims, states that the document referenced therein speaks for itself, and respectfully invites the Court's attention to that

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 7
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

document for the complete terms thereof.

76. Denies the allegations in the first sentence of Paragraph 76 of the Counterclaims that Amiga Washington breached numerous warranties and representations owed to Hyperion regarding Amiga Washington's ownership of and rights to the Software and states that the second sentence of said Paragraph 76 contains an erroneous assertion of law to which no responsive pleading is required.

77. Admits the allegations in the first sentence of Paragraph 77, but denies the allegations in the second sentence of said Paragraph 77 because the petitioners in the referenced Belgium proceeding do not allege that the (pre-OS 4.0) "Software," as defined in the Agreement, infringes any patent, copyright or other intellectual property right of theirs or any other person anywhere in the world.

78. Denies the allegations in Paragraph 78 of the Counterclaims because Amiga does not allege that the (pre-OS 4.0) "Software," as defined in the Agreement, infringes any patent, copyright or other intellectual property right of itself or any other person anywhere in the world.

79. Answering Paragraph 79 of the Counterclaims, denies that Hyperion is entitled to the relief there sought; to any part thereof; or to any other relief.

In response to Hyperion's Prayer for Relief, denies that Hyperion is entitled to any of the relief prayed for; to any part thereof; or to any other relief.

## **DEFENSES**

## **IN AND FOR A FIRST DEFENSE**

80. The Counterclaims, and each purported "Cause of Action" contained therein, separately and collectively fail to state a claim upon which relief can be based.

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 8
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

### IN AND FOR A SECOND DEFENSE

81. Hyperion lacks standing to bring the claims alleged in the Counterclaims.

### IN AND FOR A THIRD DEFENSE

82. Hyperion has failed to join Amiga One Partners and Eyetech Group, Ltd., each of whom is a necessary and/or indispensable party to the Counterclaims.

### IN AND FOR A FOURTH DEFENSE

83. All or part of Hyperion's Counterclaims are barred by the applicable statutes of limitation and/or the doctrine of laches.

### IN AND FOR A FIFTH DEFENSE

84. All or part of Hyperion's Counterclaims are barred by the doctrines of waiver, estoppel, ratification, acquiescence, novation and/or like doctrines.

### IN AND FOR A SIXTH DEFENSE

85. Amiga pleads the defense of payment.

### IN AND FOR A SEVENTH DEFENSE

86. All or part of Hyperion's Counterclaims are barred by its prior, material breach of the agreements alleged in its Counterclaims.

### IN AND FOR AN EIGHTH DEFENSE

87. All or part of Hyperion's Counterclaims are barred by the doctrine of unclean hands.

### IN AND FOR A NINTH DEFENSE

88. To the extent that Hyperion is asking this Court to enter relief respecting Hyperion's trademark rights in a country other than the United States, it is seeking relief that is beyond the Court's jurisdiction to award.

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

## IN AND FOR A TENTH DEFENSE

89. To the extent that Hyperion purports to plead a fraud claim, it has failed to plead it with the specificity required by R.9(b), Fed. R. Civ. Pro.

## IN AND FOR AN ELEVENTH DEFENSE

90. To the extent that Hyperion is claiming rights under any agreement, it has failed to plead that it has performed all of its obligations thereunder.

## IN AND FOR A TWELFTH DEFENSE

91. All or part of Hyperion's Counterclaims are barred by Hyperion's failure to satisfy contractual conditions precedent to the assertion of Hyperion's claims in this lawsuit.

## IN AND FOR A THIRTEENTH DEFENSE

92. Hyperion has failed to mitigate its damages, if any, and to the extent of its failure to mitigate, any damages awarded to Hyperion should be reduced accordingly.

## IN AND FOR A FOURTEENTH DEFENSE

93. All or part of Hyperion's Counterclaims are barred by Hyperion's fault.

## IN AND FOR A FIFTEENTH DEFENSE

94. All or part of Hyperion's Counterclaims are barred by Hyperion's failure to provide reasonable and adequate notice under the agreements alleged in its Counterclaims.

## IN AND FOR A SIXTEENTH DEFENSE

95. All or part of Hyperion's Counterclaims are barred by frustration of performance, prevention, impossibility and/or impracticability.

## IN AND FOR A SEVENTEENTH DEFENSE

96. All or part of Hyperion's Counterclaims are barred because Hyperion is not the real party in interest.

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 10
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

### IN AND FOR AN EIGHTEENTH DEFENSE

97. With respect to Cause Nos. 2 and/or 3 of Hyperion's Counterclaims, all transferees acted in good faith and gave reasonably equivalent value or value for all assets received.

### IN AND FOR A NINETEENTH DEFENSE

98. With respect to Cause Nos. 2 and/or 3 of Hyperion's Counterclaims, the transfers resulted from the enforcement of a security interest in compliance with Article 9A of Title 62A RCW and is therefore not voidable under RCW 19.41.041(a)(2) or 19.40.051.

### IN AND FOR A TWENTIETH DEFENSE

99. With respect to Cause Nos. 2 and/or 3 of Hyperion's Counterclaims, Amiga, Inc., a Washington Corporation, was not insolvent at the time of the transfers and did not become insolvent as a result of the transfers complained of.

### IN AND FOR A TWENTY-FIRST DEFENSE

100. With respect to Cause Nos. 2 and/or 3 of Hyperion's Counterclaims, any injury which Hyperion may have suffered can be adequately redressed by an award of damages.

### IN AND FOR A TWENTY-SECOND DEFENSE

101. With respect to Cause Nos. 2 and/or 3 of Hyperion's Counterclaims, Hyperion has failed to allege that statutory remedies are insufficient and/or that the relief it seeks is justified.

### IN AND FOR A TWENTY-THIRD DEFENSE

102. With respect to Cause Nos. 2 and/or 3 of Hyperion's Counterclaims, Amiga is entitled to have any damages award against it reduced to the extent of the value it gave in the transfers at issue.

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 11
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

WHEREFORE, Plaintiff/Counterclaim Defendant Amiga, Inc. demands judgment as follows:

    a) Dismissing Hyperion's Counterclaims and each Cause of Action therein;

    b) Awarding Amiga fees and expenses in bringing this suit as permitted by the parties' contract and equity; and

    c) For such other further relief as this Court deems appropriate.

DATED this the 2nd day of July, 2008.

CABLE, LANGENBACH, KINERK & BAUER, LLP

/s/ Lawrence R Cock
Lawrence R. Cock, WSBA No. 20326
CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 Second Avenue Suite 3500
Seattle, WA 98104
Telephone: 206-292-8800
Facsimile: 206-292-0494
lrc@cablelang.com

/s/ Lance Gotthoffer
Lance Gotthoffer (Pro Hac Vice), NYSBA No. 1088186
Jeffrey M. Tamarin, (Pro Hac Vice), NYSBA No. 1935071
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212-521-5400
Facsimile: 212-521-5450
lgotthoffer@reedsmith.com
jtamarin@reedsmith.com

/s/ Kenneth J. Philpot
Kenneth J. Philpot (Pro Hac Vice), NYSBA No. 62401
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Telephone: 415-543-8700
Facsimile: 415-391-8269
kphilpot@reedsmith.com

Attorneys for Plaintiff/Counterclaim Defendant Amiga, Inc.

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 12
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE
BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

# CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> William A. Kinsel
> Law Offices of William A. Kinsel, PLLC
> Market Place Tower
> 2025 First Avenue, Suite 440
> Seattle, WA 98121

Additionally, I caused the foregoing to be delivered by legal messenger to William A. Kinsel at the address identified above.

    s/ Lawrence R. Cock
Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff/Counterclaim Defendant
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

AMIGA'S REPLY AND DEFENSES TO COUNTERCLAIMS - 13
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
SUITE 3500
1000 SECOND AVENUE BUILDING
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800