HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMIGA, INC., a Delaware corporation,

    Plaintiff,

v.

HYPERION VOF, a Belgium corporation,

    Defendant.

CAUSE NO. CV07-0631RSM

**AMIGA INC.'S MOTION FOR PROTECTIVE ORDER**

**NOTE ON MOTION CALENDAR: DECEMBER 17, 2008**

## I. RELIEF REQUESTED

Amiga, Inc. ("Plaintiff") submits this memorandum, in support of its motion, pursuant to Fed. R. Civ. P. 26(c), for a protective order enforcing the terms of the Stipulated Protective Order entered into between Plaintiff and Hyperion VOF ("Defendant") dated August 4, 2008, and affirming Cairncross & Hempelmann's designation of "Highly Confidential – Outside Counsel's Eyes Only" documents until trial.

## II. STATEMENT OF FACTS

Plaintiff has brought this action alleging claims of breach of contract, trademark infringement, trademark dilution, false designation of origin, unfair competition, and copyright infringement. This action relates to a March 2004 arrangement between Plaintiff (then known as

AMIGA'S MOTION FOR PROTECTIVE ORDER - 1
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

dockets.Justia.com

KMOS, Inc.) and Defendant (the "2004 Arrangement"), or its predecessor, a November 3, 2001 agreement between Amiga, Inc., a Washington corporation (now known as Amino Development Corporation) ("Amino") and the Defendant (the "2001 Agreement"), regarding the development of a new operating system ("OS 4.0") based on previous versions of the Amiga operating system (the "Amiga OS"), owned by Amino at the time of the 2001 Agreement and subsequently acquired by Plaintiff. Both Plaintiff and Defendant are engaged in the development and sale of software; thus, Defendant is, or is attempting to be, a "competitor" of Plaintiff. Indeed, Defendant has even countersued for trademark infringement regarding the Amiga name (which claims are the subject of a pending motion to dismiss on the pleadings).

Defendant served a third-party subpoena, dated December 14, 2007 (the "Subpoena") on Cairncross & Hempelmann ("Cairncross"), Amino's former law firm, on December 21, 2007, seeking "All documents, not privileged, related to Amiga, Inc., a Washington corporation, a/k/a Amino Development Corporation." As Cairncross no longer represented Amino, Cairncross asked Plaintiff's attorneys, Reed Smith LLP, to review the documents related to Amino and determine which documents were responsive to the subpoena.

In the process of review, Reed Smith and Cairncross determined that certain responsive documents were confidential, and could only be produced subject to a protective order. These confidential documents were withheld by Cairncross until such an order was put in place (just as Hyperion withheld documents requested by Amiga pending entry of such an order). On August 4, 2008, Plaintiff and Hyperion entered into the Stipulated Protective Order. Cairncross then asked Reed Smith LLP to conduct a further review of the responsive documents and classify these documents, where appropriate, as "confidential" or "highly confidential" pursuant to the criteria of the Stipulated Protective Order.

AMIGA'S MOTION FOR PROTECTIVE ORDER - 2
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

In performing this task, a team of five Reed Smith attorneys reviewed thousands of pages of documents, and made individual determinations as to which documents "constitute[d] trade secret information and/or other secret or sensitive information, the disclosure of which would cause injury to a non-party's reputation, financial interests, and/or property . . ." and thus should be designated "Highly Confidential – Outside Counsel's Eyes Only" under Section 2.4 of the Stipulated Protective Order. In doing so, counsel sought, under the stated purposes of the Stipulated Protective Order, to protect sensitive business information from Defendant, a self-proclaimed "competitor," as well as from other interested parties, such as Ben Hermans, a former senior officer and now outside counsel to Defendant, who still continues to function in a business capacity for Defendant.

On October 6, 2008, Cairncross responded to the Subpoena by submitting over 4,000 pages of documents to William Kinsel ("Kinsel"), counsel for the Defendant. Given the circumstances, a large amount of the production – but by no means the totality – was designated "Highly Confidential – Outside Counsel's Eyes Only." In a letter dated October 27, 2008, Kinsel, without purporting to have reviewed all of the documents, made a blanket objection to the designation of any documents as "Highly Confidential – Outside Counsel's Eyes Only." In other words, Kinsel objected to every single document designated as such.

On November 7, 2008, Kinsel met with Lawrence Cock ("Cock"), attorney for Plaintiff (and co-counsel to Reed Smith LLP) to fulfill the "meet and confer" requirement of Section 6.2 of the Stipulated Protective Order. Unable to come to an agreement with Cock on this issue, Kinsel submitted a formal notice of Defendant's objection to the application of the "Highly Confidential – Outside Counsel's Eyes Only" designation to documents in a letter dated November 12, 2008. Pursuant to Section 6.3 of the Stipulated Protective Order, a motion for a protective order must be filed within 20 days of such notice in order to preserve the challenged

AMIGA'S MOTION FOR PROTECTIVE ORDER - 3
Case No. CV07-0631RSM

designations. Although Plaintiff invited Kinsel to specify which documents he felt were misdesignated, Kinsel flatly refused to do so. Thus, Plaintiff now moves this Court for a Protective Order affirming said designations.

### III. STATEMENT OF THE ISSUE

This issue before the Court is whether Defendant's objections to Cairncross's application of the "Highly Confidential- Outside Counsel's Eyes Only" designation to the documents at issue in accordance with the requirements of the Stipulated Protective Order have any merit in law or fact.

### IV. EVIDENCE RELIED UPON

This motion is supported by the declarations of Lance Gotthoffer, with attached Exhibit "A", the declaration of Lawrence Cock, and the pleadings and files herein.

### V. LEGAL AUTHORITY

Plaintiff's request for a protective order upholding its designation of "Highly Confidential – Outside Counsel's Eyes Only" documents until trial should be granted for the following reasons.

First and foremost, at the behest of Cairncross, Plaintiff's counsel Reed Smith LLP exhaustively reviewed documents and made the appropriate designations with care and in good faith in accordance with the requirements of Section 5.1 of the Stipulated Protective Order. In fact, contrary to defense counsel's baseless assertions, Reed Smith did not make "broad-brush" use of the "Highly Confidential – Outside Counsel's Eyes Only" designation, but instead made informed, well-reasoned choices in deciding which documents to afford such a designation.

At the Court's request, Plaintiff will provide to the Court for *in camera* review, all or examples of documents designated "Highly Confidential – Outside Counsel's Eyes Only." These documents include, *e.g.*, business and strategic plans, contracts, and documents revealing

AMIGA'S MOTION FOR PROTECTIVE ORDER - 4
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

the identity of shareholders and their respective holdings in Amino, a privately held company. Certainly, there can be no dispute as to the appropriate classification of such documents as "Highly Confidential – Outside Counsel's Eyes Only." And, more importantly, these documents are typical of other documents marked with such a designation and thus reflect Reed Smith's reasoned and selective approach to making such designations.

Indeed, on the contrary, it is <u>defense counsel</u> who is improperly attempting to use a "broad-brush" approach by making a blanket objection to <u>all</u> 318 documents marked with the "Highly Confidential – Outside Counsel's Eyes Only" designation, and offering specific objections to only <u>five</u> such documents. Tellingly, of the five "particularized" objections, one such objection was to document number C-H000001, a document which Cairncross had <u>specifically noted was mis-marked</u> in its cover letter to the October 6, 2008 production. Given this, it is clear that if anyone is responsible for a mass, indiscriminate "non-review," it is defense counsel. Thus, not only would it be vexatious and unduly burdensome to require Plaintiff to provide an explanation for the designation of each document, it would be unjust to require such action on the part of Plaintiff where defense counsel himself has failed to do so in his objections.

Moreover, with respect to the limited objections that defense counsel does make to the designation of "routine" corporate records and/or documents of Amino Development/Amiga Washington as "Highly Confidential – Outside Counsel's Eyes Only," defense counsel entirely misses the point of the Stipulated Protective Order. The purpose of the Stipulated Protective Order is to protect proprietary business information from disclosure. Given the fact that (i) Defendant is a self-proclaimed "competitor" of Plaintiff and (ii) Ben Hermans, outside counsel to Defendant, continues to function in a business capacity for Defendant (and in fact, was Defendant's sole representative at the recent mediation), it is clear that Plaintiff has an undoubtedly strong interest in protecting its competitive business information from disclosure to

AMIGA'S MOTION FOR PROTECTIVE ORDER - 5
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

these entities and individuals. Indeed, the "Highly Confidential – Outside Counsel's Eyes Only" designation was heavily negotiated, precisely because Plaintiff was concerned that its highly confidential documents should not end up in the hands of Ben Hermans, given his historical and continuing business role with Defendant. Defense counsel's objections are an attempt to make an "end run" around this designation. In addition, given that the Defendant, and many other interested parties to this lawsuit, are located overseas, it would be difficult, if not impossible, to ensure that the mandates of the Stipulated Protective Order are complied with if highly confidential documents were put in the possession of entities that are not subject to the sanctions of United States courts.

Perhaps most egregiously, Defendant stands before this Court objecting to Cairncross's production of certain documents designated as highly confidential, while Defendant itself has failed to produce <u>any documents whatsoever</u> since the entry of the Stipulated Protective Order nearly four months ago despite demand by Plaintiff. Clearly, Defendant should not be afforded the privilege of objecting to submitted documents when it has <u>not even submitted its own</u>. Hence, Defendant's objections to Cairncross's designation of "Highly Confidential – Outside Counsel's Eyes Only" documents should be disregarded in its entirety under the doctrine of unclean hands. See <u>Ellenburg v. Brockway, Inc.</u>, 763 F.2d 1091, 1097 (9th Cir. 1985) (stating that the doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith to the matter in which he seeks relief") (citing <u>Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.</u>, 324 U.S. 806, 814, 65 S. Ct. 993, 89 L.Ed. 1381 (1945)).

Finally, given the fact that the parties are currently in ongoing mediation, it is questionable as to whether this issue has been brought before the Court prematurely. Defendant served its notice pursuant to Section 6.3 of the Stipulated Protective Order eight days before the scheduled mediation on November 20, 2008. Defendant has refused to extend the 20 day period

AMIGA'S MOTION FOR PROTECTIVE ORDER - 6
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

for bringing this motion, even though Magistrate Judge Arnold retained jurisdiction over the parties after the initial mediation on November 20. As a result of this posture, Plaintiff makes this motion reluctantly at this time, and is filing this motion only because it must do so to protect the highly confidential nature of these documents. In any event, defense counsel's insistence on raising this issue with the Court very clearly wastes Plaintiff's, Defendant's, and the Court's time at a point when the focus should be on the speedy settlement of this matter.

## VI. CONCLUSION

For each of the foregoing reasons, Amiga's motion for a protective order should be granted. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S. Ct. 2199, 2209, 81 L.Ed. 2d 17 (1984) (noting that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate . . . .").

DATED December 2, 2008.

/s/ Lawrence R. Cock
Lawrence R. Cock, WSBA No. 20326
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

/s/ Lance Gotthoffer
Lance Gotthoffer (Pro Hac Vice), NYBA No. 1088186
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212.521.5400
Facsimile: 212.521.5450
lgotthoffer@reedsmith.com

AMIGA'S MOTION FOR PROTECTIVE ORDER - 7
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

# CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William A. Kinsel
Law Offices of William A. Kinsel, PLLC
Market Place Tower
2025 First Avenue, Suite 440
Seattle, WA 98121

A copy was also served by hand delivery on December 2, 2008.

/s/    Lawrence R. Cock
Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff Amiga, Inc.
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

AMIGA'S MOTION FOR PROTECTIVE ORDER - 8
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800