HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMIGA, INC., a Delaware corporation,

    Plaintiff,

v.

HYPERION VOF, a Belgium corporation,

    Defendant.

CAUSE NO. CV07-0631RSM

**DECLARATION OF LANCE GOTTHOFFER IN SUPPORT OF AMIGA'S MOTION FOR PROTECTIVE ORDER**

**NOTED FOR HEARING: DECEMBER 17, 2008**

Lance Gotthoffer declares, under penalty of perjury under the laws of the State of Washington, as follows:

    1.    I am over eighteen years of age, and I am an attorney practicing law at Reed Smith LLP ("Reed Smith"). I have personal knowledge of the facts set forth in this declaration and am competent to testify to them.

    2.    I am one of the counsel for Plaintiff, Amiga, Inc., with respect to the matter herein and at all times relevant hereto have headed up the Reed Smith litigation team on this matter.

    3.    I make this declaration in support of Amiga's motion for a Protective Order enforcing the parties' Stipulated Protective Order (attached hereto). The facts giving rise to

DECLARATION OF LANCE GOTTHOFFER
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 1
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

this motion are fully set forth in Amiga's motion filed herewith. Unless otherwise stated, defined terms shall have the meaning ascribed to them in that motion.

4. After receipt of Defendant's third-party subpoena and upon the entry of the Stipulated Protective Order, Cairncross & Hemplemann ("Cairncross") asked Reed Smith to review the relevant documents in Cairncross's possession and determine which documents should be classified as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the Stipulated Protective Order.

5. Accordingly, at least five attorneys at Reed Smith, myself among them, spent considerable time and effort reviewing such documents and designating certain documents as "Highly Confidential – Outside Counsel's Eyes Only" pursuant to the mandates of the Stipulated Protective Order.

6. The attorneys at Reed Smith made individual determinations, on a document by document basis, as to which documents should be designated as "Highly Confidential – Outside Counsel's Eyes Only" with due care and in good faith, as required by Sections 5.1 & 5.2 of the Stipulated Protective Order. I made such designations myself, and was frequently asked to review designations made by others, and on a number of occasions directed that a designation be changed.

7. The documents designated "Highly Confidential – Outside Counsel's Eyes Only" include, *e.g.*, business and strategic plans, contracts, and documents revealing the identity of shareholders and their respective holdings in Amino, a privately held company.

8. Cairncross submitted its production of several thousand documents to counsel for the Defendant on October 6, 2008. Since the entry of the protective order, Defendant has not produced any documents to counsel for Amiga, confidential or otherwise.

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1    I declare under penalty of perjury that the foregoing declaration is true and correct to the

2  best of my knowledge and belief.

3        DATED December 2, 2008.

4                                  /s/ Lance Gotthoffer
5                          Lance Gotthoffer (Pro Hac Vice), NYBA No. 1088186
                           REED SMITH LLP
6                          599 Lexington Avenue
                           New York, NY 10022
7                          Telephone:  212.521.5400
                           Facsimile:  212.521.5450
8                          lgotthoffer@reedsmith.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF LANCE GOTTHOFFER
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 3
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

# CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William A. Kinsel
Law Offices of William A. Kinsel, PLLC
Market Place Tower
2025 First Avenue, Suite 440
Seattle, WA 98121

A copy was also sent via hand delivery on December 2, 2008.

/s/    Lawrence R. Cock
Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff Amiga, Inc.
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

DECLARATION OF LANCE GOTTHOFFER
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 4
Case No. CV07-0631RSM

CABLE, LANGENBACH.
KINERK & BAUER. LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1

2

3

4

5

6

7

8         UNITED STATES DISTRICT COURT

9       WESTERN DISTRICT OF WASHINGTON

10               AT SEATTLE

11   AMIGA, INC., a Delaware corporation,       NO.: CV 07-0631-RSM

12           Plaintiff,         **STIPULATED PROTECTIVE ORDER**

13      and

14   HYPERION VOF, a Belgium corporation,

15           Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER -
Case No. CV 07-0631 RSM

1. **PURPOSES AND LIMITATIONS**

   Disclosure and discovery activity in this action has involved and likely will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this and Related Litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. **DEFINITIONS**

   2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staff).

   2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3   "Confidential" Information or Items: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter and that constitute confidential research, development or commercial information, as those terms are used in F.R.Civ.P. 26(c)(7).

   2.4   "Highly Confidential – Outside Counsel's Eyes Only" Information or Items: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter and that constitute trade secret information and/or other secret or sensitive information, the disclosure of which would cause injury to a non-party's reputation, financial interests, and/or property or the disclosure of which to another Party or

non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Outside Counsel's Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Outside Counsel's Eyes Only."

2.9     Outside Counsel: attorneys (as well as their support staffs) who are not current or former employees, officers, directors or partners of a Party, but who are retained to represent or advise a Party in this action or Related Litigation, and (i) are admitted to appear before the relevant court (*pro hac vice* or otherwise) and are of record in the action, or (ii) practice law in the same law firm with a lawyer satisfying subsection (i).

2.10    Counsel (without qualifier): Outside Counsel, in-house counsel and other attorneys who are retained to represent or advise a Party in this action or Related Litigation (as well as their support staffs).

2.11    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action or Related Litigation and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation or Related Litigation.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

STIPULATED PROTECTIVE ORDER - 2
Case No. CV 07-0631 RSM

2.13　Related Litigation:　The term includes Hyperion VOF v. Amino Development Corporation, USDC Western District of Washington Cause No. 07-1761; Itec, LLC v. Hyperion VOF, Supreme Court of the State of New York, County of New York Index No. 602246/07; and Hyperion VOF, d/b/a Hyperion Entertainment VOF v. Amiga, Inc., USPTO, Trademark Trial and Appeal Board Consolidated Opposition No. 91181145.　The term "Related Litigation" does not include the legal proceeding styled T. Frieden, H. Frieden & A. Vallinotto v. Amiga Inc. & Hyperion VOF, pending before The President of the Court of First Instance of Brussels, Docket No. A.R. 07/11.414/A.

3.　SCOPE

3.1　Copies Included.　The protections conferred by this Stipulation and Order cover all Disclosure or Discovery Material and all Protected Material, any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

3.2　Information Obtained Through Other Means is not Covered.　Designation of Disclosure or Discovery Material as Confidential or Highly Confidential—Outside Counsel's Eyes Only under this Protective Order shall not affect in any way a receiving party's use of the Disclosure or Discovery Material or information contained therein legally obtained through other sources, even where the documents or information legally obtained through other sources are copies of Protected Material or where that information is contained in Protected Material.　Nothing contained in this Protective Order shall (1) prevent any Party from seeking a protective order or other relief concerning documents or information believed to be Confidential or Highly Confidential—Outside Counsel's Eyes Only or (2) relieve any Party or counsel or their agents from any requirement imposed by applicable rules of law or professional ethics.

3.3　Previously Produced Disclosure or Discovery Material.　This protective order applies to Disclosure or Discovery Material previously produced by a Party to this action.　A Party that has previously produced Disclosure or Discovery Material may designate that Material pursuant to the terms of section 5.5 of this protective order.

STIPULATED PROTECTIVE ORDER - 3
Case No. CV 07-0631 RSM

4.    <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2    <u>Mass, Indiscriminate, or Routinized Designations are Prohibited</u>. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.3    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.3(a) or section 5.5), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" at the top of each page that

STIPULATED PROTECTIVE ORDER - 4
Case No. CV 07-0631 RSM

contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days following receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to

STIPULATED PROTECTIVE ORDER - 5
Case No. CV 07-0631 RSM

specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. The Party or non-party instructing the court reporter to mark and separately bind Protected Material shall bear all costs associated with that work and binding.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Outside Counsel's Eyes Only."

5.4 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Outside Counsel's Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential — Outside Counsel's Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.5 Previously Produced Disclosure or Discovery Material. A Party that has previously produced Disclosure or Discovery Material shall have 30 days from the entry of this protective order

to designate Protected Material. The Protected Material so designated shall then be subject to all of the provisions of this Protective Order, except to the extent that if that Protected Material has already been filed in open court, then it need not be subsequently sealed.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by providing written notice to counsel for the Designating Party. In such notice, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper. The Designating Party shall then have an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, the Parties shall confer directly (in voice to voice dialogue; other forms of communication are not sufficient) to allow the Designating Party to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, or if the Designating Party has unreasonably failed to participate in a voice-to-voice conference.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party must provide the Designating Party with written notice of its objection to the confidential designation and a demand that the Designating Party remove the designation or move the court for a protective order.  Any written objection to confidential designation under this provision must identify the documents whose confidential character is challenged, either by any bates-number pagination affixed to the document by the Designating Party or deponent, or by attaching a copy of the document to the written objection.  The Designating Party or deponent shall have a period of twenty (20) calendar days from

the time of service of the objection to move the court for a protective order. If the twentieth day falls on a weekend or holiday, the Designating Party or deponent shall have until the next business day to file its motion. If no motion is made within the twenty (20) day period, the document shall cease to be Protected Material hereunder. If a motion for a protective order is timely made, the document shall continue to be treated as Protected Material until the motion for a protective order is acted upon by the court.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or Related Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation and Related Litigation have been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only:

(a)   To the Receiving Party's Counsel in this action and any Related Litigation, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation ;

(b)   To the current officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   To experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   To the Court, its personnel and the jury;

STIPULATED PROTECTIVE ORDER - 8
Case No. CV 07-0631 RSM

1      (e)     To court reporters and their staffs,

2      (f)     To professional vendors to whom disclosure is reasonably necessary for this

3  litigation and who have policies in place to preserve the confidentiality of materials subject to a

4  protective order;

5      (g)     During deposition or at trial to witnesses in the action to whom disclosure is

6  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

7  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

8  Protected Material must be separately bound by the court reporter and may not be disclosed to

9  anyone except as permitted under this Stipulated Protective Order. If an issue arises during a

10  deposition where a witness refuses to sign Exhibit A, or where the designating party believes that

11  Exhibit A provides it with inadequate protection with respect to that specific witness, then all parties

12  agree to submit the matter promptly for resolution to the court via telephone. If the court is not

13  available, then the document will not be presented to the witness. The examining party will,

14  however, have the right to continue the deposition of that witness once a decision is received with

15  respect to the document or related issue; and

16      (h)     the author of the document or the original source of the information.

17      7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

18  ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the

19  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY '

20  CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only:

21      (a)     To the Receiving Party's Outside Counsel in this action and any Related

22  Litigation, as well as employees of said Counsel to whom it is reasonably necessary to disclose the

23  information for this litigation;

24      (b)     To Experts (as defined in this Order) (1) to whom disclosure is reasonably

25  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

26  (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been

27  followed;

28      (c)     To the Court, its personnel and the jury;

STIPULATED PROTECTIVE ORDER - 9
Case No. CV 07-0631 RSM

1     (d)      To court reporters and their staffs;

2     (e)      To professional vendors to whom disclosure is reasonably necessary for this

3 litigation and who have policies in place to preserve the confidentiality of materials subject to a

4 protective order;

5     (f)      To the author of the document or the original source of the information; and

6     (g)      To witnesses during trial following the granting by the Court of an oral or

7 written motion to present that Information or Items to those witnesses.

8     7.4      Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL — OUTSIDE

9 COUNSEL'S EYES ONLY" Information or Items to "Experts"

10     (a)      Unless otherwise ordered by the court or agreed in writing by the Designating

11 Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item

12 that has been designated "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY"

13 first must make a written request to the Designating Party that (1) identifies the specific HIGHLY

14 CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert,

15 (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

16 attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s).

17     (b)      A Party that makes a request and provides the information specified in the

18 preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

19 within seven court days of delivering the request, the Party receives a written objection from the

20 Designating Party. Any such objection must set forth in detail the grounds on which it is based.

21     (c)      A Party that receives a timely written objection must meet and confer with the

22 Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.

23 If no agreement is reached, the Designating Party may file a motion as provided in Section 6.3 (and

24 in compliance with Civil Local Rule 5(g), if applicable), except that said motion must be filed within

25 ten (10) calendar days. Any such motion must describe the circumstances with specificity, set forth

26 in detail the reasons for which the disclosure to the Expert is opposed, assess the risk of harm that

27 the disclosure would entail and suggest any additional means through which the burden of

28 nondisclosure to the expert could be eliminated. In addition, any such motion must be accompanied

by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5 <u>Redacted Copies</u>. To the extent that only a portion of certain Protected Material is designated "Highly Confidential – Outside Counsel's Eyes Only," counsel may present to the Receiving Party copies of those materials that are redacted to remove the portion that is subject to the more restrictive "Highly Confidential" designation provided for in section 7.3 of this protective order. To the extent that such redacted copies are provided to the Receiving Party, the remainder of the Protected Material will be treated as Confidential under section 7.2 of this protective order, unless the Producing Party states in writing that it is not deemed to be Confidential.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation (other than in Related Litigation) that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Federal Civil Local Rule 5(g).

All writings submitted to or filed with the Court in connection with this action, which contain, set forth, summarize or otherwise refer to Protected Material or their contents, shall be filed with the court in sealed envelopes or other sealed containers which bear the caption of this action, an indication of the nature of the contents of the envelope or container, the words "Confidential – Subject to a Protective Order," and a statement substantially stating the envelope or container is not to be opened, nor its contents displayed or revealed to anyone except by the express order of the Court. The Court and its employees and its designated representatives are permitted to read and review the contents of such sealed items for the purpose of ruling on any matter before the Court.

Filing documents "under seal" pursuant to the procedures available in the Electronic Case Filing (ECF) system shall be deemed to comply with the requirements of this section 10.

11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy any Protected Material containing work product of its counsel or experts. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the other Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

///

///

///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED this the 25th day of July, 2008.

CABLE, LANGENBACH, KINERK & BAUER, LLP


By:    /s/ Lawrence R. Cock
       Lawrence R. Cock, WSBA No. 20326
       lrc@cablelang.com
       Cable, Langenbach, Kinerk & Bauer, LLP
       1000 Second Avenue
       Suite 3500
       Seattle, WA 98104
       Telephone: (206) 292-8800
       Facsimile: (206) 292-0494

       Jeffrey M. Tamarin (Appearing Pro Hac Vice)
       jtamarin@reedsmith.com
       Lance Gotthoffer (Appearing Pro Hac Vice)
       lgotthoffer@reedsmith.com
       Reed Smith LLP
       599 Lexington Avenue
       New York, New York 10022-7650
       Telephone: (212) 549-0371
       Facsimile: (212) 521-5450


       Kenneth J. Philpot (Appearing Pro Hac Vice)
       kphilpot@reedsmith.com
       Alison B. Riddell (Appearing Pro Hac Vice)
       ariddell@reedsmith.com
       Reed Smith LLP
       Two Embarcadero Center, Suite 2000
       San Francisco, CA 94111-3922
       Telephone: (415) 543-8700
       Facsimile: (415) 391-8269

       Attorneys for Plaintiff

DATED this the 25th day of July, 2008.

KINSEL LAW OFFICES, PLLC


By:   /s/ William A. Kinsel
      William A. Kinsel, WSBA No. 18077
      wak@kinselllaw.com
      Kinsel Law Offices
      2025 First Avenue, Suite 440
      Seattle, WA  98121
      Telephone:  (206) 706-8148
      Facsimile:  (206) 374-3201

      Attorneys for Defendant



PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  August 4, 2008



RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of Amiga, Inc. v. Hyperion VOF, Case No. CV 07-0631-RSM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Washington agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                      [printed name]

Signature: _____
                  [signature]