HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYPERION VOF, a Belgium corporation,<br><br>Defendant. | No. 07-0631-RSM<br><br>**HYPERION'S MEMORANDUM IN OPPOSITION TO AMIGA DELAWARE'S MOTION FOR PROTECTIVE ORDER**<br><br>Note on Motion Calendar: 12/17/08 |

## I. INTRODUCTION

Defendant Hyperion VOF opposes Amiga Delaware's Motion for Protective Order because Hyperion's counsel did, in fact, look at every document "packet" contained within the Cairncross & Hempelmann subpoena response that was identified as "Highly Confidential--Outside Counsel's Eyes Only," and concluded that none qualifies for that designation. Those documents are, furthermore, relevant to either disproving Amiga Delaware's claims against Hyperion, and/or proving Hyperion's counterclaims against Amiga Delaware. Indeed, it appears that the most-consistent criterion applied by Amiga Delaware in its document designations was whether it thought that the document in question could hurt its case, rather than the proper inquiry of whether the document contained an actual trade secret.

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER - 1
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Hyperion submits that if Amiga Delaware actually thought that it could meet its burden of persuading the Court that the designated documents are properly limited to review by attorney William A. Kinsel alone, then it would have presented at least samples of those documents (under seal) to prove its point. Instead, Amiga Delaware simply ignores the substance of its burden of persuasion and lamely offers to provide copies if the Court so requests. Accordingly, to aid the Court in its consideration of this motion, Hyperion provides copies (under seal) of the specific examples of the types of documents that were improperly marked for review by "Outside Counsel's Eyes Only" as exhibits to the Sealed Declaration of William A. Kinsel In Opposition to Amiga Delaware's Motion for Protective Order, hereinafter "Sealed Kinsel Dec." Hyperion also is providing the court with a copy of the CD that contains all of the documents produced by Cairncross & Hempelmann, along with a copy of the list of documents (identified by Bates number and attached to this brief as Exhibit A) that identifies all of the challenged documents. Hyperion invites the Court—after reviewing the specific documents highlighted in this memorandum and that are found attached to the Declaration of William A. Kinsel—to pick as few or as many documents from that list as it wishes to confirm for itself that none is properly designated for review by "Outside Counsel's Eyes Only."

## II. FACTS

### A. HYPERION' SUBPOENA DUCES TECUM WAS NOT UNDULY BURDENSOME

This motion has deep roots, beginning with Amiga Delaware's Motion to Quash the subpoena duces tecum served by Hyperion on Cairncross & Hempelmann. (*See* Dkt. #88, filed on January 1, 2008.) The Court denied that motion to quash and ordered Cairncross & Hempelmann to produce responsive documents. (Order, Dkt. #97, entered January 17, 2008.) While nominally responding as required by the Court's order, Amiga resisted having

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER - 2
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Cairncross produce many of its responsive documents until a protective order was entered. Rather than further burden the Court with the issue, Hyperion engaged in extensive negotiations with Amiga Delaware over the terms of such a protective order, which ultimately culminated in the filing of a Stipulated Motion for Protective Order on July 25, 2008. (Dkt. # 114.) The Court subsequently entered that protective order on August 4, 2008. (Dkt. #116.)

### B. RELEVANT PROVISIONS OF THE STIPULATED PROTECTIVE ORDER

The portions of the Stipulated Protective Order that are relevant to this motion are as follows:

> 1. PURPOSES AND LIMITATIONS
>
> .... The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.
>
> 2. DEFINITIONS
>
>     \*    \*    \*
>
> 2.3 "Confidential" Information or Items: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter and that constitute confidential research, development or commercial information, as those terms are used in F.R.Civ.P. 26(c)(7).
>
> 2.4 "Highly Confidential – Outside Counsel's Eyes Only" Information or Items: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter and that constitute trade secret information and/or other secret or sensitive information, the disclosure of which would cause injury to a non-party's reputation, financial interests, and/or property or the disclosure of which to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.
>
>     \*    \*    \*
>
> 5. DESIGNATING PROTECTED MATERIAL
>
> 5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER - 3
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2 Mass, Indiscriminate, or Routinized Designations are Prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

(Stipulated Protective Order, Dkt. # 116.) It is important to note that there are two levels of protection provided by the Stipulated Protective Order, specifically "confidential" under §2.3 and "Highly Confidential—Outside Counsel's Eyes Only" under §2.4, and that only *trade secrets* "or other secret or sensitive information" of a similar nature can be limited to outside counsel's eyes only.

C. **HYPERION'S REVIEW OF THE "OUTSIDE COUNSEL'S EYES ONLY" DOCUMENTS**

Prior to contacting Amiga Delaware's counsel to dispute its "Outside Counsel's Eyes Only" designations for the Cairncross document production, Hyperion's outside legal assistant, Ms. Lori Peters, spent 3.0 hours segregating all of the merely "confidential" documents from those designated "outside counsel's eyes only," both so that Hyperion (specifically Ben Hermans and Evert Carton) could review what was designated as "confidential" and so attorney Kinsel could review what was marked for "his eyes only." One of the products of Ms. Peters' work was the list attached both to this brief and to Mr. Kinsel's declaration as Exhibit 1, which identifies each "document" marked as "outside counsel's eyes only." (Kinsel Dec., ¶2, and Exhibit 1.). The word "document" appears in quotes here because Amiga Delaware/Cairncross

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER    - 4 -
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

provided the Cairncross & Hempelmann document production in PDF format on a disk. Each "document" is identified on the disk by the bates number that appears on the first page of a document, which in many instances consists of multiple pages. By way of example, the first entry on Exhibit A is "0001." It refers to the document that begins with the page that is bates stamped C-H000001, and so forth and so on.

Mr. Kinsel then spent 13.2 hours reviewing each "document" that was designated as being for his eyes only. At the conclusion of that process, he concluded that not one of those documents was properly restricted to the review of outside counsel only. (Kinsel Dec., ¶2.) On October 27, 2008, Mr. Kinsel then wrote to Amiga Delaware and Cairncross & Hempelmann to explain his conclusions and to demand under §6.2 of the Stipulated Protective Order that the interested parties meet and confer to discuss the problem. (Kinsel Dec., ¶3, Exhibit 2.) On Friday, November 7, 2008, Mr. Kinsel and Mr. Lawrence Cock met and conferred without success in the effort to resolve the present dispute. (Kinsel Dec., ¶3.) Accordingly, on November 12, 2008, Mr. Kinsel wrote another letter invoking the judicial dispute resolution process required by §6.3 of the Stipulated Protective Order. Mr. Kinsel spent an additional 3 hours preparing these §§6.2 and 6.3 notices. (Kinsel Dec., ¶4, Exhibit 3.)

**D.    MISCELLANIOUS MATTERS**

Two additional miscellaneous matters need to be addressed. First, Amiga Delaware accuses Hyperion of having "unclean hands" because Hyperion failed to produce some documents. In fact, Hyperion produced all responsive documents to its counsel in 2007, and Hyperion's counsel was mistakenly under the impression that all of those materials had been produced to Amiga Delaware. When that mistake was pointed out, Hyperion's counsel promptly rectified the matter. Thus, Amiga Delaware now has all documents it has requested

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER    - 5 -
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

from Hyperion, and not one of those documents was marked with the restrictive "Outside Counsel's Eyes Only" designation. (*See* Kinsel Dec., ¶5, Exhibit 4.)

Second, Amiga Delaware implies in its motion papers that Hyperion is somehow interfering with the mediation process by pressing its demands to make the "outside counsel's eyes only" documents available to Mr. Evert Carton and Mr. Ben Hermans for review. In fact, it has now been almost exactly a year since the subpoena duces tecum for the disputed documents was served on Cairncross & Hempelmann. It should come as no surprise to Amiga Delaware that one typical element of *successful* mediations is the possession by each party concerned of the information it needs to properly assess the risks and benefits of settlement versus ongoing litigation. Simply put, by refusing to give Hyperion access to these materials, Amiga Delaware has frustrated that goal and made it more difficult to reach settlement. For the Court's information, the mediation effort is nonetheless continuing with the assistance of the Honorable Judge Kelley Arnold. (Kinsel Dec., ¶6.)

### III. ARGUMENT

#### A. THE BURDEN OF PROOF ON A MOTION FOR A PROTECTIVE ORDER RESTS ON THE PARTY SEEKING TO PREVENT DISCLOSURE

It is well established that the party seeking to prevent disclosure of a document bears the burden of establishing entitlement to a protective order under FRCP 26(c):

> Under Fed.R.Civ.P. 26(c)(7), the district court, for good cause shown, may grant a protective order requiring that "a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." Fed.R.Civ.P. 26(c)(7). However, the Rules also explain that "courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure." Fed.R.Civ.P. 26(c)(7) advisory committee's note to 1970 amendment. As we explained in *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986), "Rule 26(c) places the burden of persuasion on the party seeking the protective order. To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER - 6
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998F.2d 157, 166 (3rd Cir. 1993).

With respect to this motion for protective order, it is also important to remember that the dispute springs from Amiga Delaware's earlier, unsuccessful motion to quash Hyperion's subpoena duces tecum. With respect to that initial motion, again, "the party who moves to quash a subpoena has the 'burden of persuasion' under Rule 45(c)(3)." Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (USDC, C.D. CA 2005).

> Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. [Cite omitted.] Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial. [Cite omitted.] All discovery, and federal litigation generally, is subject to Rule 1, which directs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."
>
> Federal Rule of Civil Procedure 45 governs subpoenas duces tecum for the production of documents with or without the taking of a deposition. [Footnote omitted.] One of the purposes of Rule 45 is "to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties...." Advisory Committee Notes to 1991 Amendment. "The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." *Id.*

Moon, 232 F.R.D. at 636. After considering the memoranda and materials in that motion, the Court denied Amiga Delaware's motion to quash. The result should be the same with this motion for protective order, and the Court should order that all documents designated "Outside Attorney's Eyes Only" in the Cairncross document production are stripped of that designation.

B. **AMIGA DELAWARE'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF HAS NOT EVEN ATTEMPTED TO MEET ITS BURDEN OF PERSUASION**

Amiga Delaware, as the party seeking a protective order, must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Leucadia, Inc., 998F.2d at 166. In the motion at bar, Amiga Delaware has presented not one of the documents

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER - 7
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

for Court review that it asserts is entitled to the extra-ordinary protection of being limited to review by outside counsel only. This failure, in and of itself, is sufficient grounds to deny Amiga Delaware's motion in its entirety, and for the Court to order that all of the challenged documents no longer are entitled to that protection.

C. **THE SAMPLE DOCUMENTS IDENTIFIED IN HYPERION'S OCTOBER 27, 2008 LETTER ARE NOT PROPERLY LIMITED TO OUTSIDE COUNSEL'S EYES ONLY**

Amiga Delaware seems to maintain that Hyperion's challenges to its document designations were somehow insufficiently detailed to require them to bother to do anything specific in response. To the contrary, Hyperion's letter of October 27, 2008, quite clearly identifies the problem of "Mass, Indiscriminate, or Routinized Designations" in violation of §5.2 of the Stipulated Protective Order, and points out five specific types of documents that are examples of broader categories of improperly marked documents. (Kinsel Dec., Ex. 2.) Hyperion reviews here for the benefit of the Court examples of each of those categories, and attaches copies of the same to the Sealed Declaration of William A. Kinsel In Opposition To Amiga Delaware's Motion for Protective Order. If the Court wants to conduct a further review of documents from the CD of Cairncross documents, it can simply pick at random from the list attached hereto as Exhibit A, and then look within the subdirectories titled "001," "002", "003" or "004" on the CD being provided by Hyperion.

1. **Amiga Washington's Business Plans**

It is a fairly standard practice in the legal profession to start with your strongest argument, and to follow with the weaker positions, in the hopes that the Court will not notice the difference. Here, we will do the reverse and start with Amiga Washington's strongest argument, which consists of three old "business plans" from Amiga Washington that could, conceivably, have contained trade secrets or similar information that would justify an "outside attorney's eyes only." As stated in Hyperion's October 27, 2008 letter:

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER - 8
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

> In fairness, there are three business plans commencing at C-H 2027, 2520 and 2935, which might under different circumstances be considered trade secret information properly subject to the "Outside Counsel's Eyes Only" designation. From what I can determine, however, those business plans were prepared in the years 2000 and 2002, or perhaps 2003, and they no longer contain any sensitive business information. Indeed, even when written those business plans were so generic as to contain nothing beyond the obvious idea that money was to be made, if a competitive product could be brought to market. Those business plans do, however, contain relevant statements that reflect on issues in dispute in this case, e.g., what Amiga Washington's overall (generic) priorities were, and when and how individuals relevant to the fraudulent conveyance claim became involved in that company. Those documents need, as a result, to be made available to my client for their review.

(Kinsel Dec., Ex. 2.) Those three business plans are attached to the Sealed Kinsel Dec., at Exhibit A. As stated in the October 27, 2008 letter, these three business plans due not qualify for "Outside Counsel's Eyes Only" designation. Hyperion does not object, however, to them retaining the "Confidential" designation.

### 2. Evidence Regarding Amiga Washington's Insolvency

Again, the primary motivating factor for designating a document for "Outside Counsel's Eyes Only" appears to have been Amiga Delaware's concern that the document contains evidence that will hurt its case. A primary example of this category of documents relates to the insolvency of Amiga Washington. As the Court will recall, in its Order Denying Plaintiff's Motion for Preliminary Injunction (Dkt. #38), at page 7, specific reference was made to the testimony of Bill McEwen in a deposition taken in the <u>Thendic Electronics v. Amiga</u>, C03-03RSL, as evidence of Amiga Washington's insolvency. The deposition transcript filed in that action (and thus in the public record) was only an excerpt of the same (*see* Dkt #25, Ex. A, p. 9-17), while Cairncross & Hempelmann produced it in its entirety at C-H 861 to 928, <u>after</u> Amiga Delaware's counsel marked it for "Outside Counsel's Eyes Only." The full transcript, unsurprisingly, contains additional testimony regarding Amiga Washington's insolvency, as well as information on its relationship with Hyperion. (*See, e.g.,* Sealed Kinsel Dec., Exhibit B, dep. pp. 25-26 at CH 867, dep. pp. 33-44, at C-H 869-71.) This transcript is obviously relevant and is not even entitled to being marked "Confidential," let alone restricted to "Outside

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER      - 9 -
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

Attorney's Eyes Only."[1] Other documents pertinent to the insolvency issue are scattered about in the improperly-designated "Outside Attorney's Eyes Only" documents. *See, e.g.,* CH 2047-56, C-H 2216, C-H 2696/2936, all on the provided disk.

### 3. Documents Relevant to the Fraudulent Conveyance Claims

In its Answer to the Amended Complaint and Counterclaims (Dkt. #105), Hyperion has alleged fraudulent conveyance claims against Amiga Delaware, involving conduct with Itec, Amiga Washington and its various insiders. (*See*, Dkt. #105, pp. 31-33.) Proof of this claim will require access to evidence on who the insiders actually were in those various entities. Again, realizing that fact, Amiga Delaware applied a routinized "Outside Attorney's Eyes Only" designation to basic corporate records that simply identify who those insiders were, and how they were involved, which go directly to the proof needed for Hyperion's claims. (*See, e.g.,* Sealed Kinsel Dec. at Ex. C, "CH 2887," at CH 2856 for an identification of those members who owned a limited liability company that controlled Amiga Washington.[2]) Many similar documents are scattered throughout the "Outside Attorney's Eyes Only" documents, and none is properly designated. (*See, e.g.,* the documents appearing on the disk and marked C-H 1018, 1285, and 2976.) Indeed, it is not even clear that they properly qualify as "Confidential" documents.

### 4. Trademark Claims

The parties have "dueling" trademark claims alleged against each other. (*See, e.g.,* Hyperion's Counterclaims at Dkt. #105, pp. 35-36.) As Hyperion understands it, Amiga Delaware ultimately claims its trademark rights through a chain of transactions that, early on, included Gateway and Amiga Washington. Yet, Amiga Delaware has marked those documents "Outside Counsel's Eyes Only." They are obviously relevant to these issues, rather

---

[1] The exhibits to this deposition transcript appear at C-H 898 to 928 and are improperly restricted.
[2] The produced CD identifies this document as starting at C-H 2887, when in fact the first page reads C-H 002855.

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER            - 10
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

interestingly for what they do not say, and in no way whatsoever are they "trade secrets." This is especially the case when one considers the fact that the value of a trademark comes from *its use in public*. (An example of an inappropriately marked trademark document is at Sealed Kinsel Dec., Exhibit D, C-H 2333-2344. Other examples are on the disk at C-H 1895 and C-H 4202.)

### 5. Breach of Warranty Claims

Hyperion has alleged breach of warranty claims related to Amiga Washington's failure to deliver promised software code. (*See, e.g.*, Hyperion's Counterclaims at Dkt. #105, pp. 33-34.) Amiga Delaware has marked a contract dated March 22, 1999 as being subject to "Outside Counsel's Eyes Only." (*See* Sealed Kinsel Dec, Exhibit E, C-H 2539, which is the first page of a multi-page contract found in full on the disk.) This contract appears directly relevant to what Amiga Washington may or may not have acquired from a Gateway entity in terms of software code, and thus appears to bear directly on what Amiga Washington could or could not deliver to Hyperion. There is nothing in the document's text that the undersigned can identify as a trade secret, and it is improperly marked.

### 6. The Lack of Care Taken In Designating These Documents is Displayed by the "Top Secret" File Folders

In Hyperion's October 27, 2008 letter, C-H 00001 was identified as an offender because it is a simple file folder and obviously not a trade secret. Amiga Delaware takes Hyperion to task for complaining about that, because it had previously acknowledged that as a mistake. Hyperion's point remains valid, however, for such "mistakes" are common throughout the Cairncross document production and are simply another indicator of Amiga Delaware's violation of §5.2 of the Stipulated Protective Order, which prohibits mass and indiscriminate designations. (*See, e.g.*, Sealed Kinsel Dec. at Ex. C, "CH 2887," at CH 2855.)

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER - 11
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

D. **HYPERION'S REQUESTS AN AWARD OF ITS ATTORNEY'S FEES**

Pursuant to §5.2 of the Stipulated Protective Order, a designating party that engages in mass, indiscriminate, or routinized designations is subject to sanctions. Because that is exactly what has occurred here, Hyperion requests an award of sanctions in the amount of $5,001, as supported by Kinsel Dec., ¶¶7-11, and Exhibit 5.

## IV. CONCLUSION

For all of the above reasons, Hyperion asks the Court to deny the motion to for protective order, to strip all of the challenged documents listed on Exhibit A hereto of their "Outside Counsel Eyes' Only" designation, and to award sanctions of $5,001 against Amiga Delaware, in favor of Hyperion.

DATED this 12th day of December, 2008.

> KINSEL LAW OFFICES, PLLC
>
> By: /s/ William A. Kinsel
> William A. Kinsel, WSBA #18077
> Attorney for Defendant Hyperion VOF
> 2025 First Avenue, Suite 440
> Seattle, WA 98121
> Phone: (206) 706-8148
> Fax: (206) 374-3201
> Email: wak@kinsellaw.com

539p.doc

HYPERION'S MEMORANDUM IN
OPPOSITION TO AMIGA DELAWARE'S
MOTION FOR PROTECTIVE ORDER - 12
Cause No: 07-0631-RSM

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

# LIST OF CAIRNCROSS & HEMPLEMANN
## ATTORNEY EYES ONLY DOCUMENTS

| | | | | | | |
|---|---|---|---|---|---|---|
| 0001 | 1186 | 1395 | 1906 | 2473 | 3236 | 3761 |
| 0007 | 1192 | 1402 | 1917 | 2501 | 3246 | 3772 |
| 0044 | 1194 | 1406 | 1994 | <u>2520</u> | 3265 | 3786 |
| 0066 | 1196 | 1409 | 2019 | 2534 | 3273 | 3799 |
| 0079 | 1199 | 1449 | 2021 | 2534 | 3277 | 3811 |
| 0091 | 1201 | 1684 | <u>2027</u> | 2539 | 3282 | 3823 |
| 0117 | 1203 | 1685 | 2047 | 2559 | 3291 | 3828 |
| 0138 | 1204 | 1690 | 2057 | 2568 | 3338 | 3830 |
| 0235 | 1206 | 1700 | 2058 | 2576 | 3341 | 3850 |
| 0256 | 1208 | 1709 | 2059 | 2580 | 3344 | 3867 |
| 0263 | 1209 | 1717 | 2060 | 2599 | 3355 | 3883 |
| 0861 | 1211 | 1723 | 2068 | 2623 | 3359 | 3896 |
| 0898 | 1213 | 1729 | 2079 | 2634 | 3380 | 3910 |
| 0906 | 1217 | 1736 | 2080 | 2636 | 3383 | 3935 |
| 0909 | 1219 | 1741 | 2083 | 2637 | 3408 | 3960 |
| 0968 | 1221 | 1743 | 2086 | 2641 | 3410 | 3967 |
| 0980 | 1223 | 1747 | 2089 | 2705 | 3412 | 3974 |
| 0983 | 1225 | 1748 | 2092 | 2734 | 3414 | 3995 |
| 0994 | 1227 | 1751 | 2095 | 2737 | 3429 | 4021 |
| 0995 | 1230 | 1753 | 2098 | 3809 | 3431 | 4027 |
| 1002 | 1232 | 1755 | 2101 | 2811 | 2446 | 4032 |
| 1006 | 1233 | 1761 | 2104 | 2833 | 3461 | 4039 |
| 1009 | 1236 | 1769 | 2107 | 2845 | 3475 | 4049 |
| 1011 | 1237 | 1773 | 2110 | 2852 | 3491 | 4069 |
| 1016 | 1246 | 1774 | 2113 | 2865 | 3511 | 4070 |
| 1018 | 1249 | 1776 | 2116 | 2875 | 3532 | 4074 |
| 1021 | 1250 | 1780 | 2124 | 2887 | 3549 | 4075 |
| 1031 | 1258 | 1781 | 2132 | 2924 | 3567 | 4084 |
| 1037 | 1260 | 1786 | 2140 | 2926 | 3574 | 4086 |
| 1051 | 1261 | 1794 | 2148 | 2932 | 3580 | 4089 |
| 1059 | 1263 | 1797 | 2156 | <u>2935</u> | 3585 | 4094 |
| 1065 | 1285 | 1800 | 2164 | 2950 | 3591 | 4105 |
| 1070 | 1288 | 1801 | 2172 | 2965 | 3596 | 4120 |
| 1081 | 1296 | 1803 | 2180 | 2976 | 3603 | 4130 |
| 1083 | 1307 | 1826 | 2188 | 3002 | 3619 | 4202 |
| 1090 | 1308 | 1829 | 2196 | 3011 | 3635 | 4207 |
| 1097 | 1328 | 1831 | 2204 | 3015 | 3649 | |
| 1099 | 1329 | 1834 | 2216 | 3106 | 3664 | |
| 1105 | 1339 | 1838 | 2245 | 3145 | 3666 | |
| 1109 | 1340 | 1846 | 2255 | 3151 | 3668 | |
| 1117 | 1342 | 1851 | 2258 | 3161 | 3670 | |
| 1120 | 1348 | 1852 | 2260 | 3175 | 3726 | |
| 1123 | 1356 | 1876 | 2262 | 3196 | 3732 | |
| 1133 | 1361 | 1886 | 2295 | 3206 | 3734 | |
| 1139 | 1364 | 1895 | 2333 | 3212 | 3743 | |
| 1153 | 1366 | 1897 | 2345 | 3217 | 3752 | |
| 1167 | 1388 | 1904 | 2451 | 3227 | 3754 | |

EXHIBIT A