1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10

AMIGA, INC., a Delaware corporation,

Plaintiffs,

v.

HYPERION VOF, a Belgian corporation,

Defendant.

No. 07-0631-RSM

**DECLARATION OF WILLIAM A. KINSEL IN OPPOSITION TO AMIGA DELAWARE'S MOTION FOR PROTECTIVE ORDER**

**Note on Motion Calendar: 12/17/08**

William A. Kinsel, under penalty of perjury, declares and states as follows:

1.     I am counsel for defendant/counterclaim plaintiff Hyperion VOF. I am over the age of 18. I have personal knowledge of the matters stated herein and am competent to testify.

2.     Prior to contacting Amiga Delaware's counsel to dispute its "Outside Counsel's Eyes Only" designations for the Cairncross document production, my legal assistant, Ms. Lori Peters, spent 3.0 hours segregating all of the merely "confidential" documents from those designated "outside counsel's eyes only," both so that Hyperion (specifically Ben Hermans and Evert Carton) could review what was designated as "confidential" and so attorney Kinsel could review what was marked for "his eyes only." One of the products of Ms. Peters' work was the list attached hereto as Exhibit 1. This list identifies each "document" marked as "outside

DECLARATION OF WILLIAM A. KINSEL
IN OPPOSITION TO AMIGA DELAWARE'S
MOTION TO QUASH SUBPOENA - 1

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

counsel's eyes only" in the Cairncross document production. I then spent 13.2 hours reviewing each "document" that was designated as being for his eyes only. At the conclusion of that process, I concluded that not one of those documents was properly restricted to the review of outside counsel only. There are three entries that I put in bold type and underlined for easy reference, however, as they relate to the business plans discussed in more detail in the motion.

3. On October 27, 2008, I wrote to Amiga Delaware and Cairncross & Hempelmann to explain my conclusions and to demand under §6.2 of the Stipulated Protective Order that the interested parties meet and confer to discuss the problem. A true and accurate copy of that letter is attached hereto as Exhibit 2. On Friday, November 7, 2008, I met with Mr. Lawrence Cock and conferred without success in an effort to resolve the present dispute.

4. Accordingly, on November 12, 2008, I wrote another letter invoking the judicial dispute resolution process required by §6.3 of the Stipulated Protective Order. A true and accurate copy of that letter is attached hereto as Exhibit 3. I spent an additional 3 hours preparing these §§6.2 and 6.3 notices, i.e., Exhibits 2 and 3.

5. Two additional miscellaneous matters need to be addressed. First, Amiga Delaware accuses Hyperion of having "unclean hands" because Hyperion failed to produce some documents. In fact, Hyperion produced all responsive documents to me in 2007, and after the stipulated protective order was finally entered in August 2008, I was mistakenly under the impression that all of those materials had been produced to Amiga Delaware. When that mistake was pointed out to me by Lawrence Cock, we promptly rectified the matter. True and accurate copies of emails and correspondence regarding that exchange are attached hereto as Exhibit 4. Thus, Amiga Delaware now has all documents it has requested from Hyperion, and not one of those documents was marked with the restrictive "Outside Counsel's Eyes Only" designation.

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

6.     Amiga Delaware implies in its motion papers that Hyperion is somehow interfering with the mediation process by pressing its demands to make the "outside counsel's eyes only" documents available to Mr. Evert Carton and Mr. Ben Hermans for review. In fact, the subpoena duces tecum for the disputed documents was served on Cairncross & Hempelmann on December 21, 2007, or almost exactly one year ago. It should come as no surprise to Amiga Delaware that one typical element of *successful* mediations is the possession by each party concerned of the information it needs to properly assess the risks and benefits of settlement versus ongoing litigation. Simply put, by refusing to give Hyperion access to these materials, Amiga Delaware has frustrated that goal and made it more difficult to reach settlement. For the Court's information, the mediation effort is nonetheless continuing with the assistance of the Honorable Judge Kelley Arnold.

7.     I have attached hereto as Exhibit 5 a true and accurate statement of legal time spent reviewing the documents inappropriately designated as "Outside Attorney's Eyes Only." As mentioned in paragraph 2 above, Lori Peters spent 3 hours segregating the "Outside Attorney's Eyes Only" documents and preparing a list of the same. Her time appears on the entries for October 6 and 7, 2008. Ms. Peters' hourly rate on this matter is $90. Ms. Peters has worked for me almost continuously since 1990, when we were both at Perkins Coie. Ms. Peters is a skilled legal assistant, and I know that her rate is reasonable within the Western Washington legal market.

8.     As stated above in paragraph 2, I spent 13.2 hours reviewing the "Outside Attorney's Eyes Only" documents that are listed on Exhibit 1 hereto. I spent those hours on October 21, 23, 24, 26 and 27. I then spent an additional 3 hours preparing the §§6.2 and 6.3 notices to Amiga Delaware and Cairncross & Hempelmann on October 27 and November 12,

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

1  2008. Where necessary, I have indicated on Exhibit 5 the allocation of time to activities not

2  related to this motion and the underlying documents.

3          9.     I spent 3.7 hours on December 11, 2008 beginning to work on the memorandum

4  and declarations in opposition to Amiga Delaware's motion for a protective order (Exhibit 5),

5  and spent an additional 5 hours completing that opposition today, on December 12, 2008.

6  Therefore, I have spent 21.9 hours of time as a result of Amiga Delaware's mass,

7  indiscriminant and improper document designations.

8

9          10.    My hourly rate on this matter is $190. I was admitted to the Washington bar

10  1988 and have concentrated my practice on civil litigation for that entire period. Based on my

11  personal knowledge of the hourly rates of other attorneys in this area with comparable skills

12  and experience, I know that this rate is reasonable.

13          11.    I accordingly ask this Court to enter sanctions against Amiga Delaware in the

14  amount of $5,001, payable to Hyperion, care of Kinsel Law Offices, within 10 days of entry of

15  the Court's order. Said award is based upon 24.9 hours times $190, or $4,731 plus 3 hours

16  times $90, or $270.

17        **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS**
         **OF THE STATE OF WASHINGTON THAT THE FOREGOING IS**
18        **TRUE AND CORRECT.**

19

20  _December 12, 2008_                 _William A Kinsel_

21  Date                                     William A. Kinsel

22  _Seattle, WA_

23  Place

   540p.doc

24

25

26

**DECLARATION OF WILLIAM A. KINSEL**
**IN OPPOSITION TO AMIGA DELAWARE'S**
**MOTION TO QUASH SUBPOENA - 4**

LAW OFFICES OF
WILLIAM A. KINSEL, PLLC
MARKET PLACE TOWER
2025 First Avenue, Suite 440
SEATTLE, WASHINGTON 98121
(206) 706-8148

# LIST OF CAIRNCROSS & HEMPLEMANN
## ATTORNEY EYES ONLY DOCUMENTS

| | | | | | | |
|---|---|---|---|---|---|---|
| 0001 | 1186 | 1395 | 1906 | 2473 | 3236 | 3761 |
| 0007 | 1192 | 1402 | 1917 | 2501 | 3246 | 3772 |
| 0044 | 1194 | 1406 | 1994 | **2520** | 3265 | 3786 |
| 0066 | 1196 | 1409 | 2019 | 2534 | 3273 | 3799 |
| 0079 | 1199 | 1449 | 2021 | 2534 | 3277 | 3811 |
| 0091 | 1201 | 1684 | **2027** | 2539 | 3282 | 3823 |
| 0117 | 1203 | 1685 | 2047 | 2559 | 3291 | 3828 |
| 0138 | 1204 | 1690 | 2057 | 2568 | 3338 | 3830 |
| 0235 | 1206 | 1700 | 2058 | 2576 | 3341 | 3850 |
| 0256 | 1208 | 1709 | 2059 | 2580 | 3344 | 3867 |
| 0263 | 1209 | 1717 | 2060 | 2599 | 3355 | 3883 |
| 0861 | 1211 | 1723 | 2068 | 2623 | 3359 | 3896 |
| 0898 | 1213 | 1729 | 2079 | 2634 | 3380 | 3910 |
| 0906 | 1217 | 1736 | 2080 | 2636 | 3383 | 3935 |
| 0909 | 1219 | 1741 | 2083 | 2637 | 3408 | 3960 |
| 0968 | 1221 | 1743 | 2086 | 2641 | 3410 | 3967 |
| 0980 | 1223 | 1747 | 2089 | 2705 | 3412 | 3974 |
| 0983 | 1225 | 1748 | 2092 | 2734 | 3414 | 3995 |
| 0994 | 1227 | 1751 | 2095 | 2737 | 3429 | 4021 |
| 0995 | 1230 | 1753 | 2098 | 3809 | 3431 | 4027 |
| 1002 | 1232 | 1755 | 2101 | 2811 | 2446 | 4032 |
| 1006 | 1233 | 1761 | 2104 | 2833 | 3461 | 4039 |
| 1009 | 1236 | 1769 | 2107 | 2845 | 3475 | 4049 |
| 1011 | 1237 | 1773 | 2110 | 2852 | 3491 | 4069 |
| 1016 | 1246 | 1774 | 2113 | 2865 | 3511 | 4070 |
| 1018 | 1249 | 1776 | 2116 | 2875 | 3532 | 4074 |
| 1021 | 1250 | 1780 | 2124 | 2887 | 3549 | 4075 |
| 1031 | 1258 | 1781 | 2132 | 2924 | 3567 | 4084 |
| 1037 | 1260 | 1786 | 2140 | 2926 | 3574 | 4086 |
| 1051 | 1261 | 1794 | 2148 | 2932 | 3580 | 4089 |
| 1059 | 1263 | 1797 | 2156 | **2935** | 3585 | 4094 |
| 1065 | 1285 | 1800 | 2164 | 2950 | 3591 | 4105 |
| 1070 | 1288 | 1801 | 2172 | 2965 | 3596 | 4120 |
| 1081 | 1296 | 1803 | 2180 | 2976 | 3603 | 4130 |
| 1083 | 1307 | 1826 | 2188 | 3002 | 3619 | 4202 |
| 1090 | 1308 | 1829 | 2196 | 3011 | 3635 | 4207 |
| 1097 | 1328 | 1831 | 2204 | 3015 | 3649 | |
| 1099 | 1329 | 1834 | 2216 | 3106 | 3664 | |
| 1105 | 1339 | 1838 | 2245 | 3145 | 3666 | |
| 1109 | 1340 | 1846 | 2255 | 3151 | 3668 | |
| 1117 | 1342 | 1851 | 2258 | 3161 | 3670 | |
| 1120 | 1348 | 1852 | 2260 | 3175 | 3726 | |
| 1123 | 1356 | 1876 | 2262 | 3196 | 3732 | |
| 1133 | 1361 | 1886 | 2295 | 3206 | 3734 | |
| 1139 | 1364 | 1895 | 2333 | 3212 | 3743 | |
| 1153 | 1366 | 1897 | 2345 | 3217 | 3752 | |
| 1167 | 1388 | 1904 | 2451 | 3227 | 3754 | |

# KINSEL LAW OFFICES, PLLC

MARKET PLACE TOWER
2025 FIRST AVENUE, SUITE 440
SEATTLE, WASHINGTON 98121

WILLIAM A. KINSEL
ADMITTED IN:
WASHINGTON & OREGON

TEL (206) 706-8148
FAX (206) 374-3201

wak@KinselLaw.com

October 27, 2008

## VIA EMAIL & U.S. MAIL

Steve VanDerhoef
Cairncross & Hempelmann, P.S.
524 Second Ave., Suite 500
Seattle, WA 98104-2323

Jeffrey M. Tamarin
Lance Gotthoffer
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650

Lawrence R. Cock
Cable, Langenbach, Kinerk & Bauer, LLP
1000 Second Avenue, Suite 3500
Seattle, WA 98104

Kenneth J. Philpot
Alison B. Riddell
Reed Smith LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

Re:   **Amiga Delaware v. Hyperion**
      **Challenge to C & H Document Designation Under the Stipulated Protective Order**

Dear Counsel:

I am writing to object to the designation of documents as "Highly Confidential—Outside Counsel's Eyes Only" in the recent document production from Cairncross & Hempelmann. Because I am uncertain as to who actually was responsible for those designations, I am writing to each of you to inform you that Hyperion is, through this letter, commencing the formal process required to have those materials re-designated under Section 6 of the Stipulated Protective Order.

I am enclosing a list of the document designations that we challenge. For the information of those of you not involved in the production of the Cairncross documents, that firm produced its materials in PDF format on a disk. Each "document" is identified on the disk by the bates number that appears on the first page of the document. To explain, the first entry on the enclosed list is "0001." It refers to the document that begins with the page that is bates stamped C-H000001, and so forth and so on.

As you will see, the list of challenged documents is long. Unfortunately, this list encompasses **every single document** designated "Highly Confidential—Outside Counsel's Eyes Only" because none of those documents constitutes or contains trade secret information and/or other secret or sensitive information, the disclosure of which would injure a third party, or create

a substantial risk of serious injury to a party in this litigation. (*See* Stipulated Protective Order, §2.4.)

In fairness, there are three business plans commencing at C-H 2027, 2520 and 2935, which might under different circumstances be considered trade secret information properly subject to the "Outside Counsel's Eyes Only" designation. From what I can determine, however, those business plans were prepared in the years 2000 and 2002, or perhaps 2003, and they no longer contain any sensitive business information. Indeed, even when written those business plans were so generic as to contain nothing beyond the obvious idea that money was to be made, if a competitive product could be brought to market. Those business plans do, however, contain relevant statements that reflect on issues in dispute in this case, e.g., what Amiga Washington's overall (generic) priorities were, and when and how individuals relevant to the fraudulent conveyance claim became involved in that company. Those documents need, as a result, to be made available to my client for their review.

Again, I do not know who was responsible for the broad-brush use of the "Outside Counsel's Eyes Only" designation, but I am forced to conclude that that designation was used in violation of §5.1 ("Exercise of Restraint and Care in Designating Material for Protection") and §5.2 ("Mass, Indiscriminate, or Routinized Designations are Prohibited"). C-H 0001 is, for instance, a file folder. C-H 861 to 928 is a complete copy of the transcript and exhibits to Mr. Bill McEwen's deposition in the Thendic litigation—something which has been available only in part from the public record, yet which in total provides even stronger support for Hyperion's defense that Amiga Washington was insolvent for years during the periods relevant to this suit. Other documents are simply too numerous to list here—except by their inclusion in the enclosed list of challenged designations. I can, however, inform you that many of them are (a) routine corporate records of Amino Development/Amiga Washington, which are relevant among other things to Hyperion's claim of fraudulent conveyance (*see, e.g.,* C-H 2856), (b) additional records relevant to Amiga Washington's insolvency (*see, e.g.,* C-H 2696/2936.[1]), (c), transactional documents pertinent to which trademarks Amiga Washington, and thus ultimately Amiga Delaware, may or may not have owned, and (d), documents that appear relevant to Hyperion's claim that Amiga Washington breached its warranties and representations regarding its ability to deliver the code for AmigaOS. In sum, these are relevant documents that do not contain trade secret or sensitive information, and that I need to show to my client so that its personnel can aid in the defense and prosecution of this case.

---

[1] A numbering error appears in the produced documents when one compares the bates number that identifies the PDF file on the disk provided by Cairncross and then looks at what actually appears on the bottom of the page. Here, the disk identifies the document as starting at C-H 2696, while the page actually reads C-H 2936. This numbering error appears to begin at C-H 2669. I would appreciate it if someone could review this issue and let me know the full extent of the problem, and if I am missing any documents as a result of those errors.

Accordingly, and in compliance with §6.2 of the Stipulated Protective Order, I request that we meet and confer to discuss these issues by the end of the day on Friday, November 7, 2008. If we are unable to complete that process by that date, I will then present a §6.3 demand to start the formal judicial intervention process. It is my hope, however, that we will be able to resolve these issues without wasting Judge Martinez's time.

Very truly yours,

KINSEL LAW OFFICES

William A. Kinsel

Enclosure

cc:     Hyperion (w/enc.)

102708c1

# LIST OF CAIRNCROSS & HEMPLEMANN
## ATTORNEY EYES ONLY DOCUMENTS

| | | | | | | |
|---|---|---|---|---|---|---|
| 0001 | 1186 | 1395 | 1906 | 2473 | 3236 | 3761 |
| 0007 | 1192 | 1402 | 1917 | 2501 | 3246 | 3772 |
| 0044 | 1194 | 1406 | 1994 | **2520** | 3265 | 3786 |
| 0066 | 1196 | 1409 | 2019 | 2534 | 3273 | 3799 |
| 0079 | 1199 | 1449 | 2021 | 2534 | 3277 | 3811 |
| 0091 | 1201 | 1684 | **2027** | 2539 | 3282 | 3823 |
| 0117 | 1203 | 1685 | 2047 | 2559 | 3291 | 3828 |
| 0138 | 1204 | 1690 | 2057 | 2568 | 3338 | 3830 |
| 0235 | 1206 | 1700 | 2058 | 2576 | 3341 | 3850 |
| 0256 | 1208 | 1709 | 2059 | 2580 | 3344 | 3867 |
| 0263 | 1209 | 1717 | 2060 | 2599 | 3355 | 3883 |
| 0861 | 1211 | 1723 | 2068 | 2623 | 3359 | 3896 |
| 0898 | 1213 | 1729 | 2079 | 2634 | 3380 | 3910 |
| 0906 | 1217 | 1736 | 2080 | 2636 | 3383 | 3935 |
| 0909 | 1219 | 1741 | 2083 | 2637 | 3408 | 3960 |
| 0968 | 1221 | 1743 | 2086 | 2641 | 3410 | 3967 |
| 0980 | 1223 | 1747 | 2089 | 2705 | 3412 | 3974 |
| 0983 | 1225 | 1748 | 2092 | 2734 | 3414 | 3995 |
| 0994 | 1227 | 1751 | 2095 | 2737 | 3429 | 4021 |
| 0995 | 1230 | 1753 | 2098 | 3809 | 3431 | 4027 |
| 1002 | 1232 | 1755 | 2101 | 2811 | 2446 | 4032 |
| 1006 | 1233 | 1761 | 2104 | 2833 | 3461 | 4039 |
| 1009 | 1236 | 1769 | 2107 | 2845 | 3475 | 4049 |
| 1011 | 1237 | 1773 | 2110 | 2852 | 3491 | 4069 |
| 1016 | 1246 | 1774 | 2113 | 2865 | 3511 | 4070 |
| 1018 | 1249 | 1776 | 2116 | 2875 | 3532 | 4074 |
| 1021 | 1250 | 1780 | 2124 | 2887 | 3549 | 4075 |
| 1031 | 1258 | 1781 | 2132 | 2924 | 3567 | 4084 |
| 1037 | 1260 | 1786 | 2140 | 2926 | 3574 | 4086 |
| 1051 | 1261 | 1794 | 2148 | 2932 | 3580 | 4089 |
| 1059 | 1263 | 1797 | 2156 | **2935** | 3585 | 4094 |
| 1065 | 1285 | 1800 | 2164 | 2950 | 3591 | 4105 |
| 1070 | 1288 | 1801 | 2172 | 2965 | 3596 | 4120 |
| 1081 | 1296 | 1803 | 2180 | 2976 | 3603 | 4130 |
| 1083 | 1307 | 1826 | 2188 | 3002 | 3619 | 4202 |
| 1090 | 1308 | 1829 | 2196 | 3011 | 3635 | 4207 |
| 1097 | 1328 | 1831 | 2204 | 3015 | 3649 | |
| 1099 | 1329 | 1834 | 2216 | 3106 | 3664 | |
| 1105 | 1339 | 1838 | 2245 | 3145 | 3666 | |
| 1109 | 1340 | 1846 | 2255 | 3151 | 3668 | |
| 1117 | 1342 | 1851 | 2258 | 3161 | 3670 | |
| 1120 | 1348 | 1852 | 2260 | 3175 | 3726 | |
| 1123 | 1356 | 1876 | 2262 | 3196 | 3732 | |
| 1133 | 1361 | 1886 | 2295 | 3206 | 3734 | |
| 1139 | 1364 | 1895 | 2333 | 3212 | 3743 | |
| 1153 | 1366 | 1897 | 2345 | 3217 | 3752 | |
| 1167 | 1388 | 1904 | 2451 | 3227 | 3754 | |

# KINSEL LAW OFFICES, PLLC

MARKET PLACE TOWER
2025 FIRST AVENUE, SUITE 440
SEATTLE, WASHINGTON 98121

TEL (206) 706-8148
FAX (206) 374-3201

WILLIAM A. KINSEL
ADMITTED IN:
WASHINGTON & OREGON

November 12, 2008

wak@KinselLaw.com

VIA EMAIL & U.S. MAIL

Steve VanDerhoef
Cairncross & Hempelmann, P.S.
524 Second Ave., Suite 500
Seattle, WA 98104-2323

Jeffrey M. Tamarin
Lance Gotthoffer
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650

Lawrence R. Cock
Cable, Langenbach, Kinerk & Bauer, LLP
1000 Second Avenue, Suite 3500
Seattle, WA 98104

Kenneth J. Philpot
Reed Smith LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

Re: **Amiga Delaware v. Hyperion**
   **Challenge to C & H Document Designation Under the Stipulated Protective Order**

Dear Counsel:

Lawrence Cock and I fulfilled the "meet and confer" requirement of §6.2 of the Stipulated Protective Order last Friday, when he called to respond to my October 27, 2008 challenge to the designation of documents as "Highly Confidential—Outside Counsel's Eyes Only" in the recent document production from Cairncross & Hempelmann. Lawrence indicated that you all prefer to focus on the upcoming mediation rather than to deal with the document-designation issue now. As I understood it, at least as of last Friday, Amiga had no substantive response to my objections to the document designations, except for the observation that a file folder should clearly not be subject to the "Outside Counsel's Eyes Only" designation.

Lawrence did invite me to choose some of the documents on the challenged list, and he said that Amiga would then consider whether it would waive or change its designation for those specific documents. Because I conclude that my client needs access to all of the documents, and because I do not think it appropriate for me to spend more time culling through the hundreds of pages of inappropriately-designated documents that I have already spent substantial time reviewing, we must decline that proposal.

Accordingly, pursuant to §6.3 of the Stipulated Protective Order, I hereby provide written notice of Hyperion's objection to the application of the "Highly Confidential—Outside Counsel's Eyes Only" designation to the documents in the attached list. Furthermore, I specifically refer to an incorporate my letter of October 27 for a discussion of the bases for this objection.

Under §6.3 of the Stipulated Protective Order, either or both Amiga Delaware and Cairncross have 20 days in which to file a motion for protective order, or those designations are automatically removed. By my count, that means your motion will be due by Tuesday, December 2, 2008, or well after both the mediation and the Thanksgiving holiday. Therefore, Amiga may concentrate on the upcoming mediation, as Lawrence indicates that it wants to do, and wait to see how that process goes before putting any further effort into this matter. By serving this objection now, however, Hyperion serves its need to avoid useless delay, if in fact the mediation does not succeed.

Very truly yours,

KINSEL LAW OFFICES

William A. Kinsel

Enclosure

cc:    Hyperion (w/enc.)

111208cl

LIST OF CAIRNCROSS & HEMPLEMANN
ATTORNEY EYES ONLY DOCUMENTS

| | | | | | | |
|---|---|---|---|---|---|---|
| 0001 | 1186 | 1395 | 1906 | 2473 | 3236 | 3761 |
| 0007 | 1192 | 1402 | 1917 | 2501 | 3246 | 3772 |
| 0044 | 1194 | 1406 | 1994 | **2520** | 3265 | 3786 |
| 0066 | 1196 | 1409 | 2019 | 2534 | 3273 | 3799 |
| 0079 | 1199 | 1449 | 2021 | 2534 | 3277 | 3811 |
| 0091 | 1201 | 1684 | **2027** | 2539 | 3282 | 3823 |
| 0117 | 1203 | 1685 | 2047 | 2559 | 3291 | 3828 |
| 0138 | 1204 | 1690 | 2057 | 2568 | 3338 | 3830 |
| 0235 | 1206 | 1700 | 2058 | 2576 | 3341 | 3850 |
| 0256 | 1208 | 1709 | 2059 | 2580 | 3344 | 3867 |
| 0263 | 1209 | 1717 | 2060 | 2599 | 3355 | 3883 |
| 0861 | 1211 | 1723 | 2068 | 2623 | 3359 | 3896 |
| 0898 | 1213 | 1729 | 2079 | 2634 | 3380 | 3910 |
| 0906 | 1217 | 1736 | 2080 | 2636 | 3383 | 3935 |
| 0909 | 1219 | 1741 | 2083 | 2637 | 3408 | 3960 |
| 0968 | 1221 | 1743 | 2086 | 2641 | 3410 | 3967 |
| 0980 | 1223 | 1747 | 2089 | 2705 | 3412 | 3974 |
| 0983 | 1225 | 1748 | 2092 | 2734 | 3414 | 3995 |
| 0994 | 1227 | 1751 | 2095 | 2737 | 3429 | 4021 |
| 0995 | 1230 | 1753 | 2098 | 3809 | 3431 | 4027 |
| 1002 | 1232 | 1755 | 2101 | 2811 | 2446 | 4032 |
| 1006 | 1233 | 1761 | 2104 | 2833 | 3461 | 4039 |
| 1009 | 1236 | 1769 | 2107 | 2845 | 3475 | 4049 |
| 1011 | 1237 | 1773 | 2110 | 2852 | 3491 | 4069 |
| 1016 | 1246 | 1774 | 2113 | 2865 | 3511 | 4070 |
| 1018 | 1249 | 1776 | 2116 | 2875 | 3532 | 4074 |
| 1021 | 1250 | 1780 | 2124 | 2887 | 3549 | 4075 |
| 1031 | 1258 | 1781 | 2132 | 2924 | 3567 | 4084 |
| 1037 | 1260 | 1786 | 2140 | 2926 | 3574 | 4086 |
| 1051 | 1261 | 1794 | 2148 | 2932 | 3580 | 4089 |
| 1059 | 1263 | 1797 | 2156 | **2935** | 3585 | 4094 |
| 1065 | 1285 | 1800 | 2164 | 2950 | 3591 | 4105 |
| 1070 | 1288 | 1801 | 2172 | 2965 | 3596 | 4120 |
| 1081 | 1296 | 1803 | 2180 | 2976 | 3603 | 4130 |
| 1083 | 1307 | 1826 | 2188 | 3002 | 3619 | 4202 |
| 1090 | 1308 | 1829 | 2196 | 3011 | 3635 | 4207 |
| 1097 | 1328 | 1831 | 2204 | 3015 | 3649 | |
| 1099 | 1329 | 1834 | 2216 | 3106 | 3664 | |
| 1105 | 1339 | 1838 | 2245 | 3145 | 3666 | |
| 1109 | 1340 | 1846 | 2255 | 3151 | 3668 | |
| 1117 | 1342 | 1851 | 2258 | 3161 | 3670 | |
| 1120 | 1348 | 1852 | 2260 | 3175 | 3726 | |
| 1123 | 1356 | 1876 | 2262 | 3196 | 3732 | |
| 1133 | 1361 | 1886 | 2295 | 3206 | 3734 | |
| 1139 | 1364 | 1895 | 2333 | 3212 | 3743 | |
| 1153 | 1366 | 1897 | 2345 | 3217 | 3752 | |
| 1167 | 1388 | 1904 | 2451 | 3227 | 3754 | |

**Bill Kinsel**

| | |
|---|---|
| **From:** | Bill Kinsel [wak@kinsellaw.com] |
| **Sent:** | Thursday, November 13, 2008 9:40 AM |
| **To:** | 'Lawrence Cock' |
| **Cc:** | 'Gotthoffer, Lance'; 'Shatan, Gregory S.'; 'svanderhoef@cairncross.com' |
| **Subject:** | RE: Amiga Delaware adverse Hyperion: Hyperion's Section 6.3 Objection |

Hi, Lawrence:

Here are the responses to your three inquiries below:

1) Per my request, Hyperion has checked and confirmed that there are no additional contracts to produce. I do recollect thinking that there were earlier in the case, but that may have been my mistake. My memory on that issue is not exact enough at this point.
2) I am not aware of other documents that were not produced. Are you thinking of anything in particular?
3) My client is not willing to arrange access to the source code. We believe that your clients are generally knowledgeable of the substantial manpower that has been devoted to AmigaOS 4 to realize that a significant investment has been made that vastly exceeds the several hundred thousand dollars you mention below.

Bill

**From:** Lawrence Cock [mailto:lrc@cablelang.com]
**Sent:** Wednesday, November 12, 2008 10:26 AM
**To:** Bill Kinsel
**Cc:** Gotthoffer, Lance; Shatan, Gregory S.; svanderhoef@cairncross.com
**Subject:** RE: Amiga Delaware adverse Hyperion: Hyperion's Section 6.3 Objection

Bill:

Thank you for your e-mail.

Will you please address my outstanding concerns: 1) Agreements with third party developers previously withheld from production by Hyperion, 2) other documents that are responsive to our earlier requests that your client withheld on grounds that a protective order was necessary prior to production, and 3) arranging access to the source code prior to the mediation so that my clients have a chance to evaluate your client's assertion that it has performed services worth several hundred thousand dollars?

Lawrence
206-292-8800

**From:** Bill Kinsel [mailto:wak@kinsellaw.com]
**Sent:** Wednesday, November 12, 2008 10:08 AM
**To:** Lawrence Cock; 'Steve VanDerhoef'; 'Tamarin, Jeffrey M.'; 'Gotthoffer, Lance'; 'Philpot, Kenneth J.'
**Subject:** Amiga Delaware adverse Hyperion: Hyperion's Section 6.3 Objection

Counsel:

Attached you will find Hyperion's written objection under §6.3 of the Stipulated Protective Order. Your motion for a protective order, if any, must accordingly be filed by December 2, 2008. This leaves your client plenty of time to focus on the upcoming mediation, and to then turn to this matter only if necessary in light of the outcome of the November 20 mediation.

Bill Kinsel

12/11/2008

William A. Kinsel, Esq.
Kinsel Law Offices, PLLC
2025 First Avenue, Suite 440
Seattle, WA 98121
Ph:    (206) 706-8148
Fax:    (206) 374-3201
wak@kinsellaw.com

The information in this communication is privileged and confidential. It is intended only for the recipients named above. If you receive this communication in error, you are hereby notified that no waiver of privilege or confidentiality is intended and that any dissemination, distribution or copying of this communication is prohibited. If you received this communication in error, you are asked (1) to contact us by telephone or e-mail immediately, (2) to delete this message and its contents from your system immediately, and (3) to retain no hard copy or record of its contents. We will reimburse you for all reasonable costs incurred in complying with these requests.

12/11/2008

**Bill Kinsel**

| | |
|---|---|
| **From:** | Lawrence Cock [lrc@cablelang.com] |
| **Sent:** | Tuesday, November 18, 2008 1:08 PM |
| **To:** | Bill Kinsel |
| **Subject:** | Documents - follow up |

Bill:

In your June 18, 2007 letter, you declined to produce documents H 1 – 170, H182 – 476, and H558 – 586.  You stated that a protective order needed to be entered before producing those documents.  Because a protective order has been entered, I again request that you produce these documents in advance of the settlement conference.  Because you referred to them by bates stamp numbers, I assume you have them in your office, numbered, and ready for production.

Sincerely,

Lawrence Cock
c/o Cable, Langenbach, Kinerk & Bauer, LLP
1000 Second Ave., Suite 3500
Seattle, WA  98104
LRC@CableLang.com

206-292-8800

# KINSEL LAW OFFICES, PLLC

MARKET PLACE TOWER
2025 FIRST AVENUE, SUITE 440
SEATTLE, WASHINGTON 98121

TEL (206) 706-8148
FAX (206) 374-3201

December 2, 2008

VIA MESSENGER

Lawrence R. Cock, Esq.
Cable, Langenbach, Kinerk & Bauer, LLP
1000 Second Avenue, Suite 3500
Seattle, WA 98104

> **Re:    Amiga Delaware v. Hyperion VOF**
> **Hyperion's Responses to Amiga Delaware's First Request for Production**

Dear Mr. Cock:

Enclosed please find the copy set of documents responsive to Amiga Delaware's First Request for Production. These documents have been Bates number stamped H 0001 - H 0586. Please note that H 0001 – 0170, H 0182 – 0476 and H 0558 – 0586 have been stamped "Confidential" in accordance with the Stipulated Protective Order entered in this matter.

If you have any questions on the enclosed, please contact Bill Kinsel or his assistant, Lori Peters.

Very truly yours,

KINSEL LAW OFFICES

Judy Monson,
Legal Assistant to William A. Kinsel

Enclosures

101lc



16349

| SEATTLE | TACOMA | BELLEVUE | EVERETT | OLYMPIA |
|---------|--------|----------|---------|---------|
| 910 5TH AVE.<br>SEATTLE, WA 98104<br>PH: 206-623-8771<br>1-800-552-1675<br>206-682-1675<br>FAX: 206-625-9247<br>sea@abclegal.com | 943 TACOMA AVE. SO.<br>TACOMA, WA 98402<br>PH: 253-383-1791<br>1-800-383-1791<br>FAX: 253-272-9359<br>tac@abclegal.com | 10655 NE 4th<br>Suite L101<br>BELLEVUE, WA 98004<br>PH: 425-455-0102<br>FAX: 425-455-3153<br>bel@abclegal.com | 2927 ROCKEFELLER<br>EVERETT, WA 98201<br>PH: 425-258-4591<br>1-800-869-7785<br>FAX: 425-252-9322<br>eve@abclegal.com | 119 W LEGION WAY<br>OLYMPIA, WA 98501<br>PH: 360-184-8595<br>1-800-828-0169<br>FAX: 360-357-3302<br>oly@abclegal.com |

| MESSENGER SERVICE<br>**LAST DAY** | FIRM NAME<br>Kinsel Law Offices | | PHONE<br>206-706-8148 | | EXT.# | EMAIL (SECRETARY)<br>judy@kinsellaw.com |
|---|---|---|---|---|---|---|
| DATE/TIME<br><br>12/3/08<br>by 4:30 pm | ADDRESS<br>2025 First Avenue, Suite 440 | | | ATTY<br>WAK | | SECRETARY<br>Judy |
| | CASE NAME<br>Amiga Delaware v. Hyperion VOF | | | YOUR ABC ACCT. NO<br>100813 | | |
| | CAUSE NO.<br>CV 07-0631-RSM | CLIENT MATER #<br>822.001 | | DATE<br>12/2/2008 | | |

DOCUMENTS
Cover letter w/copy for conforming and stack of production documents.

| SIGNATURE REQUIRED<br>ON DOCUMENTS | X | RETURN CONFORMED<br>ABC SLIP ONLY | X | RETURN CONFORMED<br>COPY | | CONFORM ORIGINAL<br>DO NOT FILE |
|---|---|---|---|---|---|---|

OTHER INSTRUCTIONS
Please deliver the cover letter and stack of production documents and return stamped cover page to me.

| 1  Lawrence R. Cock, Esq.<br>Cable, Langenbach, Kinerk & Bauer, LLP<br>1000 Second Avenue, Suite 3500<br>Seattle, WA 98104 | 3 |
|---|---|
| 2 | 4 |

**BULK CHARGE**

RECEIVED<br>LAWRENCE R. COCK<br>DEC 3 2008

| FILING | COUNTY | SUPERIOR<br>COURT | DISTRICT COURT (INDICATE<br>DISTRICT) | AUDITOR | APPEALS | | FEDERAL COURT | | SEA | TAC | STATE<br>SUPREME<br>COURT | SEC<br>STATE<br>CORP. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | I-66A | /II-<br>TAC | CIVIL | BANKRUPTCY | | | | |

THIS FORM NOT FOR PROCESS

ABC Legal Services, Inc. (ABC) assumes no liability for errors caused in whole or in part by the improper filling out of this messenger service request form, including but not limited to, omission of a last day date/time, filings not marked in the proper and designated filing boxes, illegible print or script, etc. All messenger requests are double-checked for accuracy and completion prior to returning to the requestor, however; it is the responsibility of the requestor to also check the completed request form for accuracy and to notify us immediately if there are any questions or discrepancies. Usage of this form constitutes a contract between the requestor and ABC and acknowledgment and acceptance by the requestor of the terms set forth above.

Exhibit 4, Page 17

Kinsel Law Offices, PLLC
Time Listing
Nov  12/2008 To Nov  12/2008

| Date Entry# | Matter | Client Matter Description Task Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| Lawyer: WAK  - William A. Kinsel | | | | | | |
| Nov 12/2008 | 822.001 | Hyperion VOF | lit | | | |
| 20524 | | | | 6.0 1.0 | 190.00 | 1216.00 |
| | BW | *Redacted* | | | | |
| | | Prepare and serve the Section 6.3 Objection regarding Cairncross' improper document designations. | | | | |

*** Summary by Working Lawyer ***

Kinsel Law Offices, PLLC
Time Listing
Dec  11/2008 To Dec  11/2008

| Date Entry# | Matter | Client Matter Description Task Explanation | Law Type | Hours | Rate | Total |
|---|---|---|---|---|---|---|
| Lawyer: WAK  - William A. Kinsel | | | | | | |
| Dec 11/2008 | 822.001 | Hyperion VOF | lit | | | |
| 20983 | | Amiga, Inc. v. Hyperion VOF  U.S. District Court, Western District o | | 9.0 3.7 | 190.00 | 1729.00 |
| | BW | Attend the mediation conference with Judge Arnold in Tacoma, return to Seattle.  (5.3)  Begin working on the memorandum in opposition to motion for protective order. (3.7) | | | | |

| te      | Matter | Client<br>Matter Description | Law Type | | |
|---------|--------|------------------------------|----------|--|--|
| :try#   |        | Task Explanation             | Hours | Rate | Total |

wyer: LJP - Lori J. Peters
:t  6/2008 822.001            Hyperion VOF
)019                          Amiga, Inc. v. Hyperion VOF  U.S. District Court, Western District o lit       0.40    90.00    36.00
              BW              Begin reviewing Cairncross & Hemplemann documents to identify the
                             "attorney eyes only" documents.

wyer: WAK - William A. Kinsel
:t  6/2008 822.001           Hyperion VOF
)045                                              *Redacted*                                        190.0
              BW

wyer: LJP - Lori J. Peters
:t  7/2008 822.001           Hyperion VOF
)020                          Amiga, Inc. v. Hyperion VOF  U.S. District Court, Western District o lit       2.60    90.00   234.00
              BW              Finish reviewing the Cairncross & Hemplemann documents to identify
                             the "attorney eyes only" documents.  Copy the "confidential"
                             documents onto a separate CD for forwarding to Ben and Evert.

wyer: WAK - William A. Kinsel
:t 15/2008 822.001           Hyperion VOF
)147                                              *Redacted*
              BW

:t 20/2008 822.001
)179
              BW

:t 21/2008 822.001           Hyperion VOF
)381                                              *Redacted*                                    2.00   190.00   380.00
              BW                                                                                1.7
                             Begin review of the outside Attorney's Eyes Only documents received
                             from Cairncross.

:t 22/2008 822.001           Hyperion VOF
)210                          Amiga, Inc. v. Hyperion VOF  U.S. District Court, Western District o lit
              BW                                  *Redacted*

:t 23/2008 822.001           Hyperion VOF
)231                          Amiga, Inc. v. Hyperion VOF  U.S. District Court, Western District o lit       1.90   190.00   361.00
              BW              Complete the review of McEwen's deposition transcript in the
                             Thendic matter.  Continue review of the "outside attorney's eyes"
                             only" documents.

:t 24/2008 822.001           Hyperion VOF
)242                          Amiga, Inc. v. Hyperion VOF  U.S. District Court, Western District o lit   5.00   190.00   950.00
              BW                                  *Redacted*                                        4.5
                             Continue my review of those documents.

:t 26/2008 822.001           Hyperion VOF
)246                          Amiga, Inc. v. Hyperion VOF  U.S. District Court, Western District o lit       3.80   190.00   722.00
              BW              Continue reviewing the "outside attorney's eyes only" documents.

:t 27/2008 822.001           Hyperion VOF
)382                          Amiga, Inc. v. Hyperion VOF  U.S. District Court, Western District o lit       3.30   190.00   627.00
              BW              Complete the review of the documents recently received from
                             Cairncross and Hempelmann.  Review the provisions of the Stipulated
                             Protective Order regarding challenging improper "Outside Attorney's
                             Eyes Only" designations.  Prepare a letter to opposing counsel and
                             Cairncross and Hempelmann beginning the formal objection process.

---

*** Summary by Working Lawyer ***