**HON. RICARDO S. MARTINEZ**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMIGA, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>HYPERION VOF, a Belgium corporation,<br><br>    Defendant. | CAUSE NO. CV07-0631RSM<br><br>**AMIGA INC.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>**NOTE ON MOTION CALENDAR: DECEMBER 17, 2008** |

Amiga, Inc. ("Plaintiff") submits this memorandum in reply to Hyperion VOF's ("Defendant") Opposition, dated December 12, 2008 (the "Opposition"), and in further support of Plaintiff's Motion For Protective Order, dated December 2, 2008 (the "Motion").

## I. **INTRODUCTION**

The Opposition fails to address Plaintiff's arguments in support of its request for a protective order upholding its designation of "Highly Confidential – Outside Counsel's Eyes Only" documents. Indeed, the Opposition consists solely of a reiteration of the terms of the Stipulated Protective Order and baseless assertions which are wholly irrelevant to the issues herein. The Motion should be granted for the reasons enumerated by Plaintiff in its moving papers, as well as for the following reasons.

AMIGA'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER- 1
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

## II. ARGUMENT

First, in the Opposition, Defendant places particular emphasis on the fact that many of the documents marked "Highly Confidential—Outside Counsel's Eyes Only" are "relevant" to the issues herein. However, this argument is *entirely irrelevant* to a determination as to whether the documents at issue were properly classified as "Highly Confidential—Outside Counsel's Eyes Only." Indeed, in making this inapposite argument, Defendant confuses "relevance" with "confidentiality"—only the latter of which is protected under the Stipulated Protective Order, and is at issue herein. Thus, much of the Opposition should be disregarded on this basis alone.

Second, Defendant argues that Plaintiff should have attached sample "Highly Confidential—Outside Counsel's Eyes Only" documents to the Motion. However, Plaintiff has met its burden of proof with respect to its designation of the "Highly Confidential—Outside Counsel's Eyes Only" documents. First, Plaintiff engaged in a good faith review of the documents. In fact, and as more fully set forth in the Declaration of Lance Gotthoffer in Support of the Motion, dated December 2, 2008 ("Gotthoffer Decl."), at least five attorneys at Reed Smith spent considerable time and effort reviewing documents and designating certain documents as "Highly Confidential—Outside Counsel's Eyes Only" pursuant to the Stipulated Protective Order, a fact which Defendant does not dispute. *See* Gotthoffer Decl. 2. Indeed, the party seeking the protective order need not "demonstrate to the court in the first instance on a document-by-document basis that each item should be protected." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986).

In addition, any obligation of the Plaintiff to justify its designations presupposes a good faith attack on the designations. Clearly, Defendant's "broad-brush" attack on <u>all</u> 318 documents designated "Highly Confidential—Outside Counsel's Eyes Only" was not made in good faith. Indeed, Defendant carries the burden of asserting particularized objections to the designations,

AMIGA'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER- 2
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

and thus, it is *Defendant* who has the burden of presenting to the Court the documents to which it objects. *See id.* (stating that the burden of raising the issue with respect to certain documents lies with the party opposing the designation).

Moreover, Plaintiff has responded to each of Defendant's particularized objections set forth in the Opposition (see *infra*) and would be happy to respond to any additional particularized objections presented by Defendant. Defendant's suggestion that Plaintiff perform such an exercise with respect to each of the 318 documents designated (and objected to) would unquestionably waste the time of the Court and in any case, is beyond the scope of Plaintiff's duties. *See id.* However, should the Court believe that Defendants have met their burden such that this undertaking is now required, Plaintiff will do so.

As referenced above, each of the specific documents that defense counsel identified as objectionable[1] are properly designated as "Highly Confidential—Outside Counsel's Eyes Only."

- **Business Plans** (Exhibit "A" to the Kinsel Declaration): As expressly acknowledged by Defendant, business plans should be afforded the highest degree of confidentiality. *See* Def.'s Mem. 8-9. Indeed, the fact that the business plans at issue are from a few years ago is irrelevant to their designation as "Highly Confidential—Outside Counsel's Eyes Only" because they are as highly confidential now as they were when they were originally issued. In fact, the business plans are directly relevant to the time period at issue as they contain both short-term and long-term plans, and were the building blocks for plans created in the following years. Moreover, far from "generic[ally]" containing "obvious idea[s,]"(Def.'s Mem. 9) the business plans at issue are lengthy, single-spaced, highly particularized documents containing highly sensitive business information, such

---

[1] Notably, out of the 318 documents marked "Highly Confidential—Outside Counsel's Eyes Only" Defendant only specifically objects to 7 such documents. *See* Sealed Declaration of William A. Kinsel in Opposition to Amiga Delaware's Motion for Protective Order (the "Kinsel Declaration").

AMIGA'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER- 3
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

that these documents should clearly be afforded protection under Section 2.4 of the Stipulated Protective Order.

- **Deposition Transcript** (Exhibit "B" to the Kinsel Declaration): This document undoubtedly merits the "Highly Confidential—Outside Counsel's Eyes Only" designation, as is in regards to an entirely different case-- the *Thendic Elec. Components v. Amiga Inc.*, No.C03-0003L (D. Wash.) matter. Specifically, such designation is warranted to protect the privacy of the deponent, Bill McEwen -- who, among other things, testified regarding highly personal matters (*e.g.*, his health) -- as well as other individuals discussed in the transcript, who have an expectation of privacy with respect to the matters discussed therein. Absent a classification of this document as "Highly Confidential—Outside Counsel's Eyes Only," the privacy of these individuals is undoubtedly at risk, given Hyperion's apparent propensity for posting private documents on the internet.

- **Documents Disclosing Shareholders' Names** (Exhibit "C" to the Kinsel Declaration): It is beyond cavil that the names of shareholders of a *private* company are *private*. Thus, it is necessary to classify this document as "Highly Confidential—Outside Counsel's Eyes Only" to protect the interests of Plaintiff's shareholders, in accordance with their right to have their identities remain private. Even assuming this document was relevant to this lawsuit — which it is not — it is puzzling as to why defense counsel is asserting the need to provide this document, or most of the other "Highly Confidential" documents to his client. Indeed, Plaintiff can not imagine that there is any information contained in this document which defense counsel could not easily comprehend on the face of the document alone. We are forced to conclude that the motivating factor behind these objections is simply Ben Hermans' overweening curiosity.

AMIGA'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER- 4
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

- **Documents Containing Express Confidentiality Provisions** (Exhibits "D" & "E" to the Kinsel Declaration): These Agreements contain express confidentiality provisions, and as such, these documents must be designated as "Highly Confidential—Outside Counsel's Eyes Only" to protect the interests of the parties thereto.

By the foregoing, Plaintiff has clearly met its burden of responding to Defendant's particularized objections herein. *See Cipollone,* 785 F.2d at 1122.

Finally, Defendant has grossly overstated its alleged compliance with discovery requests. Indeed, once Defendant found that it had "mistakenly" failed to produce documents to Plaintiff, far from "promptly rectifying the matter," Defendant complied with its obligation to turn over documents only after Plaintiff's counsel had requested said documents from defense counsel on several separate occasions over the course of months. And moreover, it still remains unclear as to whether Defendant has, indeed, produced *all* of the documents requested.

Thus, it is with ill grace that Defendant, who continues to use this Motion as an "end-run" round mediation before Judge Arnold, asks for sanctions. If anyone should be sanctioned, it should be Defendant for wasting the Court's time with its baseless, vexatious response. However, Plaintiff will exercise restraint at this time and not seek sanctions.

### III.   CONCLUSION

For each of the foregoing reasons, as well as the reasons set forth in its moving papers, Amiga's motion for a protective order should be granted. In the alternative, if the Court believes that Defendant has met its burden such that Amiga must now provided particularized support for its designations, the Court should continue this matter and provide clear instructions to Amiga regarding the Courts preferred method for Amiga to do so. Further in the alternative, if the Court believes that it cannot grant the motion or continue the matter, the Court should redesignate the

AMIGA'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER- 5
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

1 documents as "Confidential" pursuant to the Stipulated Protective Order, so that Amiga's

2 sensitive information is not leaked into the public domain.

3   DATED December 18, 2008.

  /s/ Lawrence R. Cock
  Lawrence R. Cock, WSBA No. 20326
  CABLE, LANGENBACH, KINERK & BAUER, LLP
  Suite 3500, 1000 Second Avenue Building
  Seattle, Washington 98104-1048
  (206) 292-8800 phone
  (206) 292-0494 facsimile
  lrc@cablelang.com

  /s/ Lance Gotthoffer
  Lance Gotthoffer (Pro Hac Vice), NYBA No. 1088186
  REED SMITH LLP
  599 Lexington Avenue
  New York, NY 10022
  Telephone: 212.521.5400
  Facsimile: 212.521.5450
  lgotthoffer@reedsmith.com

AMIGA'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER- 6
Case No. CV07-0631RSM

CABLE, LANGENBACH,
KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800

# CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

William A. Kinsel
Law Offices of William A. Kinsel, PLLC
Market Place Tower
2025 First Avenue, Suite 440
Seattle, WA 98121

A copy was also served by first class mail on December 18, 2008. (ABC messenger service closed because of snow.)

   /s/    Lawrence R. Cock
Lawrence R. Cock, WSBA No. 20326
Attorney for Plaintiff Amiga, Inc.
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
(206) 292-8800 phone
(206) 292-0494 facsimile
lrc@cablelang.com

AMIGA'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER- 7
Case No. CV07-0631RSM

CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 SECOND AVENUE #3500
SEATTLE, WASHINGTON 98104-1048
(206) 292-8800